UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NATIFAH COOPER,

                        Plaintiff,

                 -against-

Police Officer PAUL DIEUGENIA, Shield No. 13223; Police Officer ALEKSANDR PASYNKOV, Tax Id. 947328, and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14-CV-6136 (PKC)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Natifah Cooper ("plaintiff" or "Ms. Cooper") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Paul Dieugenia, Shield No. 13223 ("Dieugenia") and Aleksandr Pasynkov, Tax Id. 947328 ("Pasynkov") at all times relevant herein, was an officer, employee and agent of the NYPD. Dieugenia is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

# STATEMENT OF FACTS

12. At approximately 12:06 a.m. on April 17, 2013 plaintiff was lawfully in the vicinity of Bay View Avenue and West 37th Street in Brooklyn, NY.

13. Plaintiff and her boyfriend, Alexander Kosterkin, were walking their dog by Gravesend Bay.

14. Plaintiff and Kosterkin stopped and exchanged a few words with a homeless man then walked on with their dog.

15. Defendants, including Dieugenia and Pasynkov, approached plaintiff and Kosterkin, shining flashlights in their faces.

16. One of the defendants put handcuffs on Kosterkin.

17. Plaintiff asked why Kosterkin was being searched.

18. Defendant replied that Kosterkin was not being searched, he was being arrested.

19. One of the defendants took control of Kosterkin, searched his pockets and found a small pocket-knife.

20. Plaintiff asked defendant Dieugenia for his badge number.

21. One of the defendants escorted Kosterkin toward a police car.

22. Plaintiff took the dog to Kosterkin's house nearby, put the dog inside, and returned to the arrest scene with Kosterkin's mother.

23. Plaintiff again asked defendant Dieugenia for his badge number.

24. Defendant Dieugenia responded by pushing Plaintiff.

25. Defendant Dieugenia grabbed Plaintiff's arm, twisted it behind her, punched her, and threw her on the ground.

26. Plaintiff told Defendant Dieugenia he was hurting her.

27. Defendant Dieugenia simply said, "Stop resisting." Plaintiff was not resisting.

28. Kosterkin's mother asked what defendant Dieugenia was doing and told him that Plaintiff had asthma.

29. Defendant Dieugenia replied, "They all have asthma."

30. With his knee on Plaintiff's back, defendant Dieugenia put handcuffs on her.

31. Defendant Dieugenia put plaintiff in a police car and took her to the 60th precinct station.

32. From the precinct, plaintiff was transported to Brooklyn Central Booking.

33. The Kings County District Attorney's Office charged Plaintiff with various misdemeanors.

34. After numerous court appearances, plaintiff received an adjournment in contemplation of dismissal (ACD).

35. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

# FIRST CLAIM
## Unlawful Stop and Search

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

# SECOND CLAIM

## False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

# THIRD CLAIM

## Unreasonable Force

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Denial Of Constitutional Right To Fair Trial

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The individual defendants created false evidence against Plaintiff.

47. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### First Amendment Retaliation

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of her right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by subjecting her to false arrest and excessive force to deter the exercise of her First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising her First Amendment rights.

52. As a consequence of the individual defendants' actions, plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that she will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First Amendment-protected activities.

53. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM

### Failure To Intervene

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this court deems just and proper.


DATED:   July 15, 2015
         New York, New York

>                          /ss/
> Robert Marinelli
> 305 Broadway, 9th Floor
> New York, New York 10007
> (212) 822-1427
> robmarinelli@gmail.com
>
> *Attorney for plaintiff*