

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | OKWEDE N. OKOH<br>Assistant Corporation Counsel<br>phone: (212) 356-3271<br>fax: (212) 356-3509<br>email: ookoh@law.nyc.gov |

February 17, 2016

BY ECF
Honorable Judge Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Natifah Cooper v. City of New York, et al., 14 CV 6136 (PKC)(RLM)

Dear Judge Chen:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced case on behalf of Defendant City of New York. Defendants write respectfully to request: (1) a pre-motion conference in order to discuss defendants' anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56; and (2) that the date for filing a joint pretrial order, which is currently scheduled for February 17, 2016, be held in abeyance until the disposition of defendants' motion. Plaintiff's counsel consents to these requests.

## I.   Factual Background

By way of background, plaintiff alleges, *inter alia*, that on April 17, 2013, defendant officers Dieugenia and Pasynkov unlawfully arrested plaintiff and subjected her to excessive force. Plaintiff brings claims for false arrest, excessive force, denial of a right to fair trial, failure to intervene and unlawful stop and search against all defendants.

## II.   Grounds for Dismissal

### A. Plaintiff's Federal Claims Cannot Survive Summary Judgment.

The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest . . . .'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). In the instant matter, plaintiff's claim of false arrest should be dismissed as there was probable cause for her arrest. During plaintiff's deposition, she admitted to being present on the beach after midnight, standing next to a bonfire when the officers approached. During her deposition, plaintiff admits to being on the beach around midnight on the date of incident which is against City ordinances as all city

beaches are closed to the public after dusk. Similarly, her claim for unlawful stop and search should be dismissed as plaintiff was not actually searched or stopped. Plaintiff asserts her boyfriend was initially stopped by the officers and she later became involved in the arrest. There was no actual stop or search of plaintiff prior to her arrest.

Further, plaintiff's claim for denial of a right to fair trial will likely fail as well. In order for plaintiff's constitutional right to a fair trial to survive, plaintiff must prove the following elements by a preponderance of the credible evidence: (1) that the defendant, (2) fabricated evidence, (3) that was likely to influence a jury's decision, (4) forwarded that information to prosecutors, and (5) that the plaintiff suffered a deprivation of liberty as a result. Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). Foremost, guilty pleas constitute superseding causes that break the causal chain between the purportedly unlawful activity and subsequent deprivation of liberty. Reyes v. City of New York, 11 Civ. 7084 (AT), 2014 U.S. Dist. LEXIS 6923, at *13-14 (S.D.N.Y. Jan. 15, 2014) (citing Barmapov v. Barry, No. 09 Civ 03390, 2011 U.S. Dist. LEXIS 768, 2011 WL 32371, at *6 (E.D.N.Y. Jan. 5, 2011)). In the instant matter, plaintiff essentially pled guilty by accepting an adjournment in contemplation of dismissal. Also, false testimony alone cannot form the basis for a fabrication of evidence claim. Briscoe v. LaHue, 460 U.S. 325, 326 (1983). The "evidence" at issue must be admissible at a criminal trial in order to state a claim. Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235, at *29 (E.D.N.Y. Nov. 14, 2013) (a false statement by an officer to an ADA is not actionable because, as inadmissible hearsay, it would never get before a jury in a criminal case).

### B. Stay of the Joint Pretrial Order.

In light of the anticipated motion, and in the interest of judicial economy, defendants respectfully request that the date for filing a joint pretrial order, which is currently scheduled for February 17, 2016, be held in abeyance until the disposition of defendants' motion. In the alternative, should the Court determine that the Joint Pretrial Order should be filed, the parties ask for an extension of three weeks until March 9, 2016, to file the Joint Pretrial Order.

For the foregoing reasons, the City of New York respectfully requests that a pre-motion conference be held in connection with defendant's anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Respectfully submitted,

/s/

Okwede Okoh
Assistant Corporation Counsel
Special Federal Litigation Division

BY ECF
Robert Marinelli, Esq.