# ROBERT MARINELLI
### ATTORNEY AT LAW
305 BROADWAY, 9TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

March 17, 2016

The Honorable Pamela K. Chen
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Natifah Cooper v. City of New York, et al.*, 14-CV-6136 (PKC)(RLM)

Your Honor:

    I represent Plaintiff in this action. I write to respond to Defendants' letter requesting a pre-motion conference in furtherance of a proposed summary judgment motion.

Plaintiff's False Arrest Claim

    Defendants assert that the record indisputably shows that probable cause existed for Plaintiff's arrest because she was present on Coney Island Beach, a New York City Park, after dark.[1] Plaintiff contends that the record plainly demonstrates an issue of fact as to whether Plaintiff's presence there constitutes probable cause as a matter of law. For example, New York City Parks and Recreation Department Rules (RCNY) § 1-03 provides that "Persons may enter and use the parks from 6:00 a.m. to 1:00 a.m. unless other open hours are posted at any park." The record contains evidence permitting a fact finder to conclude that Defendants themselves alleged Plaintiff to have been encountered at Coney Island Beach at 12:06 a.m.

    Furthermore, there is an issue of fact as to whether a sign was posted. Plaintiff and a witness, Alexandr Kosterkin, will testify that there was no posted sign forbidding access to the beach area after dusk, or any other prohibition. These individuals have never made statements to the contrary. Accordingly, there is an issue of fact for a jury as to whether Defendants had probable cause to believe Plaintiff was breaking a law such that the false-arrest claim is not suitable for resolution on summary judgment.

---

[1] See http://www.nycgovparks.org/parks/coney-island-beach-and-boardwalk.

Plaintiff's Denial Of A Right To A Fair Trial Claim

Defendants assert, without support, "that plaintiff essentially pled guilty by accepting an adjournment in contemplation of dismissal." Defendants' statement is incorrect as a matter of well-settled law. See N.Y. Civ. P. Law § 170.55 (2); Hollender v. Trump Village, 58 N.Y. 2d 420 (1983) (holding that a plaintiff's acceptance of an adjournment in contemplation of dismissal is neither a conviction nor an acquittal).

Defendants also incorrectly assert that false testimony alone cannot form the basis of a fabricated evidence claim, and cite to Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 166235, at *29 (E.D.N.Y. Nov. 14, 2013), in support of their argument. However, the Second Circuit and numerous courts in this District have since reached the opposite conclusion. For example, in Coggins v. Buonora, 776 F.3d 108 (2d Cir. 2015), the Second Circuit held that a police officer's false claim made to prosecutors that he saw the plaintiff unlawfully possess a gun was "independently actionable under § 1983 . . . without ever relying on the officers' grand jury testimony"). Then, in Buie v. City of New York, 12-CV-4390 (RJD)(CLP), 2015 U.S. Dist 2015 WL 6620230 (E.D.N.Y. Oct. 30, 2015), this Court ruled that if false statements in a criminal complaint are "material," this is sufficient to permit a reasonable jury to find that plaintiff was denied his or her right to a fair trial). One more example of this principle for the time being surfaced in Nnodimele v. City of New York., 13-CV-3461 (ARR)(RLM), 2016 U.S. Dist 2016 WL 337751 (E.D.N.Y. Jan. 27, 2016), in which the Court found that the "admissibility [of fabricated evidence]—which determines what evidence a jury will hear—is not a prerequisite to recovery for the injuries caused by the fabrication."

In light of the foregoing, Defendants' contention that Plaintiff's fair-trial claim is deficient as a matter of law is unavailing and summary judgment is not appropriate in this case.

Stay Of The Joint Pretrial Order

Plaintiff does not object that submission of the pretrial order be held in abeyance pending resolution of defendants' proposed motion.

                                        Yours truly,

                                        /s

                                        Robert Marinelli