UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NATIFAH COOPER,

                                      Plaintiff,

- against -

Police Officer PAUL DIEUGENIA Shield No. 13223, Police Officer ALEKSANDR PASYNKOV, Tax Id. 947328 and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.
-----------------------------------------------------------------------X

**ANSWER FOR ALEXSANDR PASYNKOV**

14 Civ. 6136 (PKC) (RLM)

**Jury Trial Demanded**

Defendant Alexsandr Pasynkov, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff have commenced this action seeking certain relief as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purport to bring this action as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purport to invoke this Court's jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except

admits that plaintiff purports to base venue in this district as stated therein

6. Paragraph "6" of the complaint sets forth a demand for a jury trial, rather than any averments of fact, accordingly no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that Paul Dieugenia is employed as a police officer by the City of New York and that plaintiff purports to sue him in his individual and official capacities.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. The allegations set forth in paragraph "11" are legal conclusions rather than averments of fact, accordingly no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Alexander Kosterkin was present.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that Kosterkin was handcuffed.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, except admits that a gravity knife was recovered from Kosterkin's pocket.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint, except admits that Kosterkin was escorted towards a police vehicle.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint, except admits that plaintiff was handcuffed.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits that plaintiff was transported to the 60th precinct.

32. Denies the allegations set forth in paragraph "32" of the complaint, except admits that plaintiff was transported to Brooklyn Central Booking.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits that plaintiff was arraigned on various misdemeanor charges.

34. Denies the allegations set forth in paragraph "34" of the complaint, except

admits that plaintiff accepted an adjournment in contemplation of dismissal.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

58. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

59. There was probable cause to arrest, detain and prosecute plaintiff.

### THIRD AFFIRMATIVE DEFENSE

60. Defendant did not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has the City violated any act of Congress providing for the protection of civil rights. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendant.

### FOURTH AFFIRMATIVE DEFENSE

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendant.

### FIFTH AFFIRMATIVE DEFENSE

62. Punitive damages cannot be assessed as against the defendant in his

official capacities.

## SIXTH AFFIRMATIVE DEFENSE

63.    Plaintiff failed to mitigate any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

64.    Defendant is entitled to qualified immunity.

WHEREFORE, defendant Officer Pasynkov demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
                March 24, 2016

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant Pasynkov*
100 Church Street, Room 3-206
New York, New York  10007
(212) 356-3271
ookoh@law.nyc.gov

By: _____
Okwede N. Okoh

To: Robert Marinelli, Esq. (**By ECF**)