14 Civ. 6136 (PKC) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATIFAH COOPER,

                                                    Plaintiff,

- against -

Police Officer PAUL DIEUGENIA, Shield No. 13223,
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328 and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Okwede Okoh*
*Tel: (212) 356-3271*
*Matter #: 2015-002151*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

STANDARD OF LAW................................................................................................. 3

ARGUMENT

      POINT I

            DEFENDANTS ARE ENTITLED TO SUMMARY
            JUDGMENT ON PLAINTIFF'S FEDERAL
            CLAIMS FOR FALSE ARREST, FAILURE TO
            INTERVENE, STOP AND SEARCH ........................................ 4

            A.  Plaintiff admittedly was not initially stopped by
                Officers Dieugenia and Pasynkov ..................................... 4

            B.  There was probable cause for plaintiff's arrest.................................... 4

            C.  Plaintiff's claim for failure to intervene against
                Officer Pasynkov also fails.......................................... 8

            PLAINTIFF'S FIRST AMENDMENT
            RETALIATION CLAIM CANNOT SURVIVE
            SUMMARY JUDGMENT ........................................ 9

      POINT II

            PLAINTIFF DOES NOT HAVE A VIABLE
            CLAIM FOR DENIAL OF A RIGHT TO FAIR
            TRIAL........................................................ 10

      POINT III

            DEFENDANTS ARE ENTITLED TO THE
            DEFENSE OF QUALIFIED IMMUNITY.............................. 12

      CONCLUSION...................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

Anderson v. Branen,
    17 F.3d 552 (2d Cir. 1994)...........................................................................................8

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)...............................................................................................3

Atwater v. City of Lago Vista,
    532 U.S. 318 (2001)...............................................................................................6

Bernard v. United States,
    25 F.3d 98 (2d Cir. 1994).....................................................................................4, 5

Bradway v. Gonzales,
    26 F.3d 313 (2d Cir. 1994)..................................................................................12

Briscoe v. LaHue,
    460 U.S. 325 (1983).............................................................................................10

Broughton v. State of New York,
    37 N.Y.2d 451 (1975)............................................................................................5

Chepilko v. City of New York,
    No. 06-cv-5491 (ARR)(LB),
    2012 U.S. Dist. LEXIS 15110 (E.D.N.Y. Feb. 6, 2012).........................................8

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001)....................................................................................9

Dixon v. Laboriel,
    01 Civ. 3632 (LAP), 2010 U.S. Dist. LEXIS 57619 (S.D.N.Y. June 10, 2010).....................13

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
    504 U.S. 451 (1992)...............................................................................................3

Edwards v. Horn,
    10 Civ. 6194 (RJS) (JLC)
    2012 U.S. Dist. LEXIS 18424 (S.D.N.Y. Mar. 8, 2012).......................................12

Feinberg v. City of New York,
    No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098,
    2004 WL 1824373 (S.D.N.Y. Aug. 13, 2004)...................................................8, 9

**Cases**                                                                    **Pages**

Foy v. City of New York,
      No. 03 Civ. 7318, 2004 U.S. Dist. LEXIS 18274,
      2004 WL 2033074 (S.D.N.Y. Sep. 10, 2004).........................................................9

Hugh Brown v. City of New York,
      14 Civ. 5372 (BMC),
      2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014) ...................................11

Jackson v. City of New York,
      939 F. Supp. 2d 219 ..............................................................................................8

Jean-Laurent v. Wilkinson,
      540 F. Supp. 2d 501 (S.D.N.Y. 2008).................................................................8

Jocks v. Tavernier,
      316 F.3d 128 (2d Cir. 2003)..............................................................................11

Jones v. City of New York,
      12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235 (E.D.N.Y. Nov. 14, 2013) ..........10, 11, 12

Jovanovic v. City of New York,
      486 Fed. Appx. 149 (2d Cir. 2012)...................................................................10

Kuck v. Danaher,
      600 F.3d 159 (2d Cir. 2010)...............................................................................9

Lebowitz v. City of New York,
      12 Civ. 8982 (JSR), 2014 U.S. Dist. LEXIS 25515 (S.D.N.Y. Feb. 24, 2014) ...................9

Mozzochi v. Borden,
      959 F.2d 1174 (2d Cir. 1992)..............................................................................9

O'Neill v. Krzeminski,
      839 F.2d 9 (2d Cir. 1988)...................................................................................8

Pearson v. Callahan,
      555 U.S. 223 (2009)..........................................................................................12

People v. Davis,
      13 N.Y.3d 17 (N.Y. 2009) ..................................................................................6

People v. Kennedy,
      19 NY2d 761 NE2d 186 NYS2d 360 (1967)......................................................7

Podell v. Citicorp Diners Club, Inc.,
      112 F.3d 98 (2d Cir. 1997)..................................................................................3

**Cases**                                                             **Pages**

Ricciuti v. New York City Transit Auth.,
 124 F.3d 123 (2d Cir. 1997)...........................................................................11

Saucier v. Katz,
 533 U.S. 194 (2001)........................................................................................9

Shain v. Ellison,
 273 F.3d 56 (2d Cir. N.Y. 2001)...................................................................11

Singer v. Fulton County Sheriff,
 63 F.3d 110 (2d Cir. 1995)..........................................................................5, 9

Smart v. City of New York, No. 08 Civ. 2203 (HB),
 2009 U.S. Dist. LEXIS 30241 (S.D.N.Y. Apr. 1, 2009)................................6

Terry v. Ohio,
 392 U.S. 1 (1968)...........................................................................................4

United States v. Sokolow,
 490 U.S. 1 (1989)...........................................................................................4

United States v. Villegas,
 928 F.2d 512 (2d Cir. 1991)...........................................................................4

Virginia v. Moore,
 553 U.S. 164 (2008)........................................................................................6

Weyant v. Okst,
 101 F.3d 845 (2d Cir. 1996)........................................................................4, 5

**Statutes**

56 RCNY § 1-03(a)(1)...........................................................................................6

56 RCNY § 1-04....................................................................................................5

56 RCNY § 1-04(b)(1)(a)......................................................................................6

56 RCNY § 1-05(m)..............................................................................................5

56 RCNY § 1-07(a)............................................................................................5, 6

42 U.S.C. § 1983................................................................................................1, 5

Fed. R. Civ. P. 56.............................................................................................1, 3

Fed. R. Civ. P. 56(c)..............................................................................................3

**<u>Statutes</u>**                                                                                           **<u>Pages</u>**

N.Y. Penal Law § 195.05........................................................................................7

N.Y. Penal Law §240.20.........................................................................................7

New York City Charter Chapter 21 § 533 (a)(5) ........................................................5

New York City Charter Chapter 21 § 533(a)(9) .........................................................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NATIFAH COOPER,

                                        Plaintiff,

            - against -                                14 CV 6136 (PKC) (RLM)

Police Officer PAUL DIEUGENIA Shield No. 13223,
Police Officer  ALEKSANDR PASYNKOV, Tax Id.
947328 and JANE DOE 1 through 10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown).

                                        Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff Natifah Cooper brings this action pursuant to 42 U.S.C. § 1983 against

Defendant Police Officers Paul Dieugenia and Aleksandr Pasynkov ("defendants") alleging,

*inter alia*, that she was falsely arrested on April 17, 2013.  Defendants respectfully submit this

Memorandum of Law in support of their motion for partial summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure.  Defendants are not moving the court on plaintiff's

excessive force claim, but defendants are entitled to judgment as a matter of law with respect to

plaintiff's first claim of unlawful stop and search, second claim of false arrest, fourth claim of

denial of a right to fair trial, fifth claim for First Amendment retaliation, and sixth claim for

failure to intervene.

## STATEMENT OF FACTS

On April 17, 2013, a few minutes after midnight, Officers Dieugenia and Pasynkov were on patrol in the vicinity of West 37th Street and Bayview Avenue in Brooklyn, NY.  They were a part of the Brooklyn South Gang Squad conducting routine enforcement and patrol in the area when Officer Dieugenia saw a bonfire on the beach from the police vehicle. When the officers exited the vehicle to approach the fire, they saw two males and one female near the fire.  Both officers identified themselves as police officers when they approached the scene.  Almost immediately, Officer Pasynkov noticed plaintiff's boyfriend had a knife clipped to his pants.  The officers then approached plaintiff's boyfriend to recover the knife and explain that it was illegal to be in possession of a gravity knife.  The officers also explained that it was illegal to have an open flame on the beach so plaintiff's boyfriend was placed under arrest.

At this point, plaintiff had violated multiple City ordinances, including being on the beach after dusk and having a bonfire.[1]  Plaintiff began to act disorderly while her boyfriend was being arrested by Officer Pasynko.  Officers Pasynkov and Dieugenia recalled plaintiff screaming and yelling.  Plaintiff also inserted herself into her boyfriend's arrest by attempting to block Officer Pasynkov as he walked her boyfriend to the police vehicle.  Thus, interfering with the arrest of her boyfriend, plaintiff committed another offense in front of the police officers. Since Officer Pasynkov was dealing with plaintiff's boyfriend, Officer Dieugenia attempted to deescalate the scene plaintiff created by explaining to her the situation.  Instead, when the officer approached, plaintiff continued to act disorderly, aggressive and irrational.  Plaintiff also began to request her boyfriend's cell phone but Officer Dieugenia was unsure if plaintiff's boyfriend wanted the property released to plaintiff so plaintiff was told that she could pick up his

---

[1] The parties dispute as to whether or not the dog, Benji, was on a leash at the time the officers arrived on scene.  If the records reflects that the dog was not on a leash, plaintiff is responsible for that violation as well.

belongings at the precinct where she could sign for it.  At some point during this incident, the cell phone was being passed from Officer Pasynkov to Dieugenia for safekeeping when it dropped to the ground.  Without hesitation, plaintiff pushed Officer Dieugenia, almost causing him to fall, in an attempt to get the cell phone.  Plaintiff was placed under arrest for the bonfire but she continued to act disorderly and resisted the arrest.

## STANDARD OF LAW

Under Rule 56(c), summary judgment is warranted when, in viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 456 (1992).  Factual disputes will only defeat a motion for summary judgment when those factual disputes are material or relevant to the issues before the court.  Indeed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party may not oppose summary judgment by merely offering conclusory allegations or denials.  Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997).  Thus, to sustain her burden, a plaintiff must produce evidence that would permit the finder of fact to properly proceed to a verdict in her favor.  Anderson, 477 U.S. at 248-50.  For the reasons set forth herein, defendants respectfully submit that summary judgment in favor of defendants is appropriate with respect to plaintiff's claims.

3

## ARGUMENT

### POINT I

### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FEDERAL CLAIMS FOR FALSE ARREST, FAILURE TO INTERVENE, STOP AND SEARCH

**A.    Plaintiff admittedly was not initially stopped or searched by Officers Dieugenia and Pasynkov.**

Foremost, in regards to plaintiff unlawful stop and search claim, she admited during her deposition that the officers did not approach her; they went straight for her boyfriend. See Def. 56.1 at ¶¶5-6; Exhibit A, Amended Complaint, ¶¶15-17.  Thus, plaintiff does not have a valid stop and search claim.  Nonetheless, even if plaintiff should continue to claim she was initially stopped by the police officers, there was reasonable suspicion to stop the group as there was a bonfire taking place on the beach after hours.  See Def. 56.1 at ¶4.  The Supreme Court held in Terry v. Ohio, 392 U.S. 1, 30 (1968), that, before an arrest occurs, where an officer has "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,'" he or she may conduct a limited investigative stop of a citizen.  United States v. Villegas, 928 F.2d 512, 516 (2d Cir. 1991).  Accordingly, the amount of suspicion needed to justify the encounter is less than a "fair probability" of wrongdoing, and "considerably less than proof of wrongdoing by a preponderance of the evidence."  United States v. Sokolow, 490 U.S. 1, 7 (1989).

**B.    There was probable cause for plaintiff's arrest.**

**(i)    Bonfire Charge**

Plaintiff has an incredible burden to overcome in the instant case as case law dictates that probable cause "is a complete defense to an action for false arrest . . . ."  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d

Cir. 1994)).   This is true "whether that action is brought under state law or under § 1983." Weyant, 101 F.3d at 852 (citing Broughton v. State of New York, 37 N.Y.2d 451, 458 (1975)); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause").   "[T]he principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." United States v. Lifshitz, 369 F.3d 173, 188 (2d. Cir. 2004)(quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)).   In the instant case, plaintiff described, with some particularity, that she was on the grassy, sand portion of the beach area across the street from 3714 Bayview Avenue.   Def. 56.1 at ¶2.   There was probable cause to arrest plaintiff, along with her boyfriend and the third individual, from the time the officers observed the group in front of the bonfire.   While plaintiff alleges that she met her boyfriend to walk their dog at the time, she admits that she was in front of a bonfire at the time the officers approached the scene.   Def. 56.1 ¶4.   Plaintiff, admittedly, was present in the park standing around a bonfire with her boyfriend and a third individual.   Id.   Given the facts noted above, plaintiff, along with her boyfriend and a third individual, violated 56 R.C.N.Y. §1-05(m) which states in pertinent part that "no person shall kindle, build, maintain, or use a fire in any place, portable receptacle, or grill except in places provided by the Department and so designated by sign or by special permit. In no event shall open or ground camp fires be allowed in any park."

Under the Charter of the City of New York, Chapter 21, § 533 (a)(5) parks rules and regulations are enforceable "to authorize and regulate the use … within any park, square or public place or within a distance of three hundred fifty feet from the outer boundaries thereof."

56 RCNY § 1-07(a) defines the penalties for a violation of § 1-04: "(a) Any violation of these Rules other than Rule 1-04(b)(1)(a) shall constitute a misdemeanor triable by the Criminal Court of the City of New York and punishable by not more than ninety days imprisonment or by a fine of not more than $1,000, or by both, in accordance with §533(a)(9) of Chapter 21 of the New York City Charter." 56 RCNY § 1-07(a); see also People v. Davis, 13 N.Y.3d 17, 20 (2009). It is well-settled that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001); see also Virginia v. Moore, 553 U.S. 164, 176 (2008) (holding an arrest lawful under the Fourth Amendment despite state law prohibiting arrest for the offense.); Smart v. City of New York, No. 08 Civ. 2203 (HB), 2009 U.S. Dist. LEXIS 30241, at *13-15 (S.D.N.Y. Apr. 1, 2009) (holding an arrest lawful because officer observed plaintiff sitting in double-parked car and "it is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator.")

### (ii)  Park After Dusk violation

56 RCNY § 1-03(a)(1) states "persons may enter and use the parks from 6:00 a.m. until 1:00 a.m. unless other open hours are posted at any park." Plaintiff and her boyfriend were within the park limits, after midnight, far past dusk. While plaintiff contests that there was signage alerting park visitors that the beach closed at dusk, defendants have produced for the Court a picture of the signage posted at the entrance of the park where plaintiff was arrested. Okoh Decl., Exhibit E. The Court may take judicial notice of the sign indicating the park closed at dusk given the picture was taken and posted on Google Maps in January 2013, three months prior to plaintiff's arrest.

6

### (iii)    Disorderly Conduct Charge

Additionally, there was probable cause to arrest plaintiff for disorderly conduct after she began yelling, screaming, and causing a crowd of people to gather.  Under N.Y. Penal Law §240.20, a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (2) makes unreasonable noise; or (3) in a public place, he uses abusive or obscene language, or makes an obscene gestures.  Further, should plaintiff contest that a crowd gathered during the incident, the Courts have found that a disorderly conduct charge does not require an actual public inconvenience, it is enough that disorder is threatened by plaintiff's behavior.  People v. Kennedy, 19 N.Y.2d 761, 762, 279 N.Y.S. 2d 360 (1967).

### (iv)    Obstruction of Governmental Administration

Plaintiff also was rightfully arrested and charged with obstructing governmental administration.  "A person is guilty of obstructing governmental administration when he intentionally prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference . . . ."  N.Y. Penal Law § 195.05.  In the instant case, plaintiff physically attempted to block the walkway when Officer Pasnykov walked her boyfriend to the police vehicle after he was placed under arrest.  The Court in Petway v. City of New York, No. 12-CV-279 (ARR) (LB), 2014 U.S. Dist. LEXIS 28361, at *17-26 (E.D.N.Y. Mar. 4, 2014), found probable cause to arrest for OGA where plaintiff refused to follow orders to step away from his wife, who was being arrested, and instead approached her and retrieved an item of contraband from her hand.

### (v)    Resisting Arrest

Under N.Y. Pen. L. §205.30, "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an

authorized arrest of himself or another person." Plaintiff purposefully blocked the walkway of Officer Paskynkov as he was walking plaintiff's boyfriend to the police vehicle after his arrest. Def. 56.1 ¶8. While plaintiff was not placed under arrest at that juncture, there was probable cause for her arrest when she attempted to prevent the officers from arresting her boyfriend, in other words, when she "resisted" the arrest of another.

**C.  Plaintiff's claim for failure to intervene against Officer Pasynkov also fails.**

Plaintiff's Amended Complaint alleges a failure to intervene claim against "defendants" generally, without distinguishing which claims or which defendants are the targets of plaintiff's allegations.   Okoh Decl., Exh. A, Amended Complaint, at ¶¶55-56.   This is misleading in that, of the two named defendants, there could only be a plausible failure to intervene claim against Officer Pasynkov as plaintiff alleges officer Dieugenia is responsible for the arrest and alleged force used against her.   Def. 56.1 at ¶11.   Courts have concluded that two officers, who may be held liable under a theory of direct participation, therefore would not be held liable for failure to intervene claim. Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013); Chepilko v. City of New York, No. 06-cv-5491 (ARR)(LB), 2012 U.S. Dist. LEXIS 15110, at *26 n.5 (E.D.N.Y. Feb. 6, 2012).   Consequently, with respect to the claims upon which defendants are moving, this failure to intervene claim may be alleged against Officer Pasynkov only.

In regards to the claims against Officer Pasynkov, case law suggests that "a law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).   An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he or she observes or has reason to know that those other officers violated someone's constitutional rights. Anderson v. Branen, 17 F.3d 552,

557 (2d Cir. 1994). Liability, however, may only attach when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)).

Moreover, there can be no failure to intervene, however, where there was no constitutional violation. Feinberg v. City of New York, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, at *4 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends.") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); accord Foy v. City of New York, No. 03 Civ. 7318, 2004 U.S. Dist. LEXIS 18274, at *3 (S.D.N.Y. Sept. 10, 2004). As plaintiff's claim for false arrest fails because there was probable cause for her arrest after she was observed on the beach after dusk in front of a bonfire, her claim of failure to intervene similarly fails.

### PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM CANNOT SURVIVE SUMMARY JUDGMENT

In order to state a retaliation claim, we require a private citizen to show: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Kuck v. Danaher, 600 F.3d 159, 168 (2d Cir. 2010); Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). Foremost, if there was probable cause to arrest plaintiff, for any violation or offense, then there was no First Amendment violation. Singer v. Fulton County Sheriff, 63 F.3d 110, 120 (2d Cir. 1995); Mozzochi v. Borden, 959 F.2d 1174, 1179-80 (2d Cir. 1992). Should the Court find there was no probable cause in this case, plaintiff must still provide specific proof of improper motivation to arrest her

and that her First Amendment rights were actually chilled as a result of the arrest. Curley, 268 F.3d at 73; Lebowitz v. City of New York, 12 Civ. 8982 (JSR), 2014 U.S. Dist. LEXIS 25515, at *11-13 (S.D.N.Y. Feb. 24, 2014) (dismissing First Amendment retaliation claim where plaintiffs offered no proof that their arrest was motivated by anything other than their violation of park rules by laying down in Zuccotti Park and where plaintiffs offered no proof of a chilling effect).

As to the second element, plaintiff has no competent evidence that defendants' actions were motivated by plaintiff's exercise of her speech. Plaintiff admittedly was at a bonfire on the beach, thus there was probable cause for her arrest. Def. 56.1 at ¶¶7-8. Additionally, plaintiff cannot survive the third prong of the analysis for Retaliation claim. She has not presented any evidence, testimonial or documentary, that her arrest caused a chilling effect to her First Amendment rights. Thus, this claim must be dismissed.

## POINT II

### PLAINTIFF DOES NOT HAVE A VIABLE CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL

In order for plaintiff's constitutional right to a fair trial to survive, plaintiff must prove the following elements by a preponderance of the credible evidence: (1) that the defendant, (2) fabricated evidence, (3) that was likely to influence a jury's decision, (4) forwarded that information to prosecutors, and (5) that the plaintiff suffered a deprivation of liberty as a result. Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). Plaintiff has not articulated with any particularity what evidence in this case allegedly was fabricated that would have led to her denial of a fair trial. Specifically, plaintiff merely asserts in the Amended Complaint that "defendants created false evidence" and "forwarded false evidence to prosecutors." Exhibit A, Amended Complaint at ¶¶46-47. Further, Courts have noted that false testimony alone cannot form the basis for a fabrication of evidence claim. Briscoe v. LaHue,

460 U.S. 325, 326 (1983). The "evidence" at issue must be admissible at a criminal trial in order to state a claim. Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235, at *29 (E.D.N.Y. Nov. 14, 2013) (a false statement by an officer to an ADA is not actionable because, as inadmissible hearsay, it would never get before a jury in a criminal case).

In the matter Hugh Brown v. City of New York, plaintiff brought a claim for denial of the right to a fair trial based on fabrication of evidence.  14 Civ. 5372 (BMC), 2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014).  Plaintiff asserted the two NYPD police officers involved drafted sworn statements falsely alleging he was involved in a narcotics transaction.  Further, plaintiff asserted that one officer drafted false arrest paperwork, with all documents being forwarded to the District Attorney. Id at *6.  Judge Cogan, noting the split in the Circuit, stated, within the order granting defendants' motion to dismiss, that "Courts should be wary of attempts by creative litigants who cannot meet the requirements of recognized, common-law derived constitutional torts like false arrest or malicious prosecution to create new rights with labels that sound attractive but make little logical sense and have no common law antecedents." Id.  It is imperative that plaintiffs, as in the instant case, be discouraged from filing claims that merely serve to circumvent other valid claims that the plaintiff may be unable to plead.  Explicitly, because plaintiff accepted an adjournment in contemplation of dismissal, she is unable to plead a claim of malicious prosecution. Shain v. Ellison, 273 F.3d 56 (2d Cir. N.Y. 2001).  Yet, plaintiff now attempts to collect damages by merely stating there was a denial of a right to fair trial without any other facts or evidence presented.

In furtherance with the rationale expressed by other Judges in the Circuit, plaintiff cannot sustain this claim as the alleged fabricated evidence was not likely to influence a jury. Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); Ricciuti v. New York City Transit Auth.,

124 F.3d 123, 130 (2d Cir. 1997).  While it is unclear from plaintiff's Amended Complaint what exactly is the alleged fabricated evidence, but assuming it's the information within police paperwork or the Criminal Court complaint, this is insufficient to sustain the denial of a right to fair trial claim.  The Court in Jones v. City of New York, 2013 U.S. Dist. LEXIS 162235 at *29, noted that police officers' statements that a show-up was conducted were "insufficiently material" to plaintiff's prosecution as there were other identifications of plaintiff in his criminal case.  Here, plaintiff admits that she was on the beach area, across the street from her boyfriend's home at 3714 Bayview Avenue, standing in front of a bonfire when Officers Dieugenia and Pasynkov approached.  Def. 56.1 at ¶¶3-4.  Plaintiff cannot now contest this fact in order to sustain a superfluous claim for denial of a right to fair trial, especially considering she consented to an adjournment in contemplation of dismissal.  As such, this claim also fails.

### POINT III

### DEFENDANTS ARE ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY

All individual defendants are entitled to qualified immunity because it was not only reasonable but objectively reasonable for them to believe their actions did not violate plaintiff's rights.  The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights."  Bradway v. Gonzales, 26 F.3d 313, 317 -18 (2d Cir. 1994) (internal  citations and quotations omitted).  Qualified immunity is applicable regardless of "whether a government actor's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted).

12

First, as noted <u>supra</u>, plaintiff's constitutional rights were not violated in this matter by any individual defendant. <u>Edwards v. Horn</u>, 10 Civ. 6194 (RJS) (JLC) 2012 U.S. Dist. LEXIS 18424, *71-72 (S.D.N.Y. Mar. 8, 2012), adopted by 2012 U.S. Dist. LEXIS 30968 (S.D.N.Y. Apr. 13, 2012). Assuming *arguendo*, the Court finds a violation of plaintiff's rights, the individual defendants are still entitled to qualified immunity as reasonable officials could still disagree as to whether any of the defendants' actions violated plaintiff's constitutional rights. <u>See</u>, <u>e.g.</u>, <u>Dixon v. Laboriel</u>, 01 Civ. 3632 (LAP), 2010 U.S. Dist. LEXIS 57619, *21-22 (S.D.N.Y. June 10, 2010). Both officers observed plaintiff present on the beach, standing in front of a bonfire in violation of City ordinances and it was objectionably reasonable for the officers to believe there was probable cause to arrest. Def. 56.1 at ¶4. Accordingly, Officers Dieugenia and Pasynkov are entitled to judgment as a matter of law, as they are immune from suit herein.

## CONCLUSION

For the foregoing reasons, defendants Defendant Police Officers Paul Dieugenia and Aleksandr Pasynkov respectfully request that the Court dismiss plaintiff's claims of unlawful stop and search, false arrest, denial of a right to fair trial, retaliation, and failure to intervene with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 7, 2016

                          ZACHARY W. CARTER
                          Corporation Counsel of the
                          City of New York
                          *Attorney for Defendants Dieugenia and Pasynkov*
                          100 Church Street, 3rd Floor
                          New York, New York 10007
                          (212) 356-3271

                          By:    _____
                                 Okwede N. Okoh
                                 Assistant Corporation Counsel


To:    <u>VIA HAND DELIVERY</u>
       Robert Marinelli, Esq.

14