UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NATIFAH COOPER,

                                  Plaintiff,

- against -

Police Officer PAUL DIEUGENIA Shield No. 13223,
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328 and JANE DOE 1 through 10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown).

                                  Defendants.
------------------------------------------------------------------ x

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

14 CV 6136 (PKC) (RLM)

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to overcome defendants' motion for summary judgment. Defendants respectfully submit that, as plaintiffs concede in her opposition papers, the First Amendment Retaliation Claim should be dismissed. In regards to plaintiff's federal false arrest, unlawful search, failure to intervene and denial of the right to fair trial claims, there was probable cause to arrest. Additionally, the defendants are entitled to qualified immunity.

## ARGUMENT

### POINT I

### ALL OF PLAINTIFFS' FEDERAL CLAIMS FAIL

Plaintiff does not and cannot deny being in front of an open bonfire when the officers approached the scene. Def. 56.1 ¶4. It was of no consequence which person within the group of three actually started the fire because, from the point of view of the officers at the time they approached, there was a group of people on the beach in front of a bonfire. Def. 56.1 ¶4. Plaintiff, in her own statement, admitted her boyfriend to opening a can of food on the beach.

Plaintiff's Counter-Statement of Disputed Material Facts at ¶1. Plaintiff's presence in front of the bonfire, on the beach after dusk was sufficient to create probable cause for her arrest. Additionally, even if there is a disagreement over what time the park closed, probable cause to arrest existed. Courts have repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)).

In regards to plaintiff's assertion that defendants are not entitled to judgment on the unlawful stop claim, this is not a stop and frisk case. Plaintiff misconstrues defendants' point in failing to acknowledge that probable cause or, at the very least, arguable probable cause existed at the time the officers approached the group. Plaintiff further asserts that any purported signage of the park closing time was posted a significant distance away from where plaintiff entered the beach. Plaintiff's Opposition, pg. 5. Defendants note that plaintiff does not dispute that a sign was in fact posted indicating the park closed at dusk. Defendants further argue that, even if we assume plaintiff entered directly in front of her boyfriend's house, the significant distance plaintiff notes was less than 200 feet. See Exhibit F to Okoh Declaration of June 28, 2016, submitted herewith. Plaintiff's assertion is disingenuous and cannot support a denial of defendants' motion for summary judgment. Lastly, plaintiff cannot candidly argue that she was unaware of the park closing time considering the sign was at the entrance, near the stop sign on the very street on which her boyfriend lived! Nonetheless, that argument fails as well given that ignorance of the law is not a valid defense.

Additionally, plaintiff's allegation of denial of a right to a fair trial claim is a perversion of such a claim. Plaintiff filed this claim only because she accepted an ACD which bars a claim for malicious prosecution. Shain v. Ellison, 273 F.3d 56, 68 (2d Cir. 2001). It is unfair to defendants for plaintiff to simply say "the officer lied" without any basis or objective evidence and be allowed to bring a denial of a right to fair trial claim to a jury.

## POINT II

**DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF FOR AT LEAST ONE VIOLATION**

Defendants Dieugenia and Pasynkov are entitled to qualified immunity because plaintiff was arrested after she was seen in front of a bonfire on the beach after dusk. In taking all the facts in the light most favorable to plaintiff, the officers are entitled to qualified immunity based on the admitted fact that plaintiff was in front of the bonfire when the officers approached the scene. Def. 56.1 ¶4. Additionally, plaintiff cannot overcome the arguable probable cause that existed at the time of her arrest. The Second Circuit has deemed this complex yet forgiving standard "arguable probable cause," reiterating that "[a]rguable probable cause exists when 'a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law.'" Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (quoting Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997) (emphasis in original) (internal citations omitted)). Both officers observed plaintiff on the beach in front of the bonfire. Def. 56.1 ¶4. At the time, the officers were not required to determine who actually lit the match that started the bonfire. It was enough to observe the group around the fire. In evaluating these matters, a court considers the facts available to the officer at the time of arrest. Ricciuti v. New York City Transit Auth.,

124 F.3d 123, 128 (2d Cir. 1997); see also Beck v. Ohio, 379 U.S. 89, 93 (1964) (existence of probable cause is measured as of the moment of arrest, not on later developments).  Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.  Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quoting Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001)).

Accordingly, defendants Dieugenia and Pasynkov are entitled to the defense of absolute immunity.

## CONCLUSION

For the foregoing reasons, Defendant City of New York respectfully requests that the Court grant its motion for summary judgment, together with such costs, fees and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 28, 2016

                                  ZACHARY W. CARTER
                                  Corporation Counsel of the
                                  City of New York
                                  *Attorney for Defendants Dieugenia and Pasynkov*
                                  100 Church Street, 3rd Floor
                                  New York, New York 10007
                                  (212) 356-3271

By: _____
        Okwede N. Okoh
        Assistant Corporation Counsel

To:   VIA ECF
      Robert Marinelli, Esq.