UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

NATIFAH COOPER,

                          Plaintiff,

               -against-

Police Officer PAUL DIEUGENIA, Shield No. 13223;
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328, and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                        Defendants.

14-CV-6136 (PKC)(RLM)

---------------------------------------------------------------- x

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

ROBERT MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................i

INTRODUCTION ...........................................................................................................1

STATEMENT OF FACTS .................................................................................................1

ARGUMENT ..................................................................................................................2

    **I.**   **LEGAL STANDARD**................................................................................2

    **II.**  **DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S UNLAWFUL STOP AND SEARCH CLAIM**.............................3

    **III.** **DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM**................................................4

          A.     There is an Issue of Material Fact as to Whether Probable Cause Existed to Arrest Plaintiff.............................................................................4

             1)  Bonfire Charge ......................................................................4

             2)  Park After Dusk Violation......................................................4

             3)  Disorderly Conduct, Obstruction of Governmental Administration, and Resisting Arrest.................................................................5

    **IV.** **DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO INTERVENE CLAIM** ..........................................7

    **V.**  **PLAINTIFF'S FIRST AMENDED RETALIATION CLAIM** ............................7

    **VI.** **DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL**..........7

    **VII.** **DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY** .........8

CONCLUSION ................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

Amnesty Am. v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004) ........................................3

Annan v. City of New York Police Dep't, No. 12 Civ. 2702 (CBA)(CLR), 2015 WL 5552271
    (E.D.N.Y. Sept. 18, 2015) ....................................................................................................4

Bailey v. City of New York, 79 F. Supp. 3d 424 (E.D.N.Y. 2015).............................................8

Buie v. City of New York, 12-CV-4390 (RJD)(CLP), 2015 WL 6620230 (E.D.N.Y. Oct. 30,
    2015).......................................................................................................................................7

Coggins v. Buonora, 776 F.3d 108 (2d Cir. 2015) .....................................................................7

Diodati v. City of Little Falls, No. 6:04–CV–446(FJS/DEP), 2007 WL 189130 (N.D.N.Y. Jan.22,
    2007).......................................................................................................................................6

Floyd v. City of New York, 813 F.Supp.2d 417 (S.D.N.Y.2011).................................................4

Frank v. Relin, 1 F.3d 1317 (2d Cir. 1993) ................................................................................8

Graham v. City of New York, 928 F. Supp. 2d 610 (E.D.N.Y. 2013) .........................................6

Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 166235 (E.D.N.Y. Nov.
    14, 2013).................................................................................................................................7

Lee v. McCue, 410 F.Supp.2d 221 (S.D.N.Y.2006) ...................................................................6

Lozada v. Weilminster, 92 F. Supp. 3d 76 (E.D.N.Y. 2015) .......................................................6

Manganiello v. City of New York, 612 F.3d 149 (2d Cir. 2010) .................................................8

Milfort v. Prevete, 922 F. Supp. 2d 398 (E.D.N.Y. 2013) ..........................................................6

Nnodimele v. City of New York., 13-CV-3461 (ARR)(RLM), 2016 WL 337751 (E.D.N.Y. Jan.
    27, 2016).................................................................................................................................8

Searles v. Pompilio, 652 F. Supp. 2d 432 (S.D.N.Y. 2009).......................................................6

Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995)..............................................................3

Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007)....................................................................8

**Constitutional and Statutory Provisions**

(R.C.N.Y.) § 1-03 ................................................................................................................5

56 R.C.N.Y. §1-05(m) .........................................................................................................4

N.Y. Penal Law § 195.05 .....................................................................................................5

N.Y. Penal Law § 205.30 .....................................................................................................5

N.Y. Penal Law § 240.20 .....................................................................................................5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------     x

NATIFAH COOPER,

                                    Plaintiff,

                  -against-

Police Officer PAUL DIEUGENIA, Shield No. 13223;          14-CV-6136 (PKC)(RLM)
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328, and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                    Defendants.

---------------------------------------------------------------     x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff submits this memorandum of law in opposition to Defendants' Motion for

Partial Summary Judgment.

**STATEMENT OF FACTS**

On April 17, 2013, Plaintiff was with Alexander Kosterkin ("Kosterkin") on the beach

area across the street from 3714 Bayview Avenue. Plaintiff's Response to Defendants' Rule 56.1

Statement and Statement of Additional Facts ("Pl. 56.1") ¶ 11. Plaintiff and Kosterkin had been

walking their dog, when a homeless man seated alone in front of a bonfire asked Kosterkin for

help opening a can of food. Id. ¶ 4, 10. The homeless person was the sole person using the

bonfire, and was not joined by Plaintiff or Kosterkin. Id.

1

The Defendant Officers, Aleksandr Pasynkov ("Pasynkov") and Paul Dieugenia ("Dieugenia') approached Plaintiff and Kosterkin. Pasynkov immediately placed Kosterkin in handcuffs. Id. ¶ 12. The officers gave no reason for his arrest. Id.

Plaintiff walked behind Pasynkov as he escorted Kosterkin to a police vehicle. Pl. 56.1 ¶ 15. Throughout the incident, Plaintiff treated the officers with respect and deferred to their authority. Id. ¶ 16. Plaintiff did not raise her voice, raise her hands, or push any of the officers. Id.

Plaintiff then went to Kosterkin's house to drop off the dog. Id. ¶14. Plaintiff treturned outside to see if she could retrieve Kosterkin's phone. Id. While Plaintiff bent over to pick up Kosterkin's phone, Defendant Dieugenia pushed her. Id. ¶ 17. When Plaintiff asked why, Dieugenia grabbed Plaintiff's arm, punched her in the face with a closed fist, and threw her to the ground. Id. Dieugenia then pushed Plaintiff's face into the dirt, put his knee in her back, and told her to "stop resisting." Id. ¶ 18. Plaintiff was not resisting, and tried to tell the officer that he was hurting her. Id. Kosterkin's mother told the officer that Plaintiff had asthma, and he replied, "They all do." Id.

Plaintiff was arrested, taken to Central Booking, and received an adjournment in contemplation of dismissal (ACD) after numerous court appearances. Id. ¶ 19.

## ARGUMENT

### I.   LEGAL STANDARD

In evaluating the Defendants' summary judgment motion, the court must "view the evidence in the light most favorable to the party opposing the motion, drawing all permissible

inferences from the submitted affidavits, exhibits, interrogatories, answers, and depositions in favor of that party." <u>Vann v. City of New York</u>, 72 F.3d 1040, 1048-49 (2d Cir. 1995). Further, the court "must resolve all ambiguities in favor of the nonmoving parties." <u>Amnesty Am. v. Town of West Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004).

## II. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S UNLAWFUL STOP AND SEARCH CLAIM

Defendants argue that Plaintiff cannot sustain an unlawful stop and search claim because the officers did not stop and search her; but rather turned their focus towards Kosterkin alone. In the alternative, Defendants aver that this claim fails because the officers had reasonable suspicion to stop and search Plaintiff. Plaintiff contests each assertion.

After Pasynkov arrested Kosterkin, Plaintiff returned to Kosterkin's home, dropped off the dog and then came back outside. Plaintiff was not stopped and arrested until she returned outside and bent over to pick up Kosterkin's phone. Only at that point did Dieugenia shove Plaintiff. When Plaintiff asked for an explanation, Dieugenia punched Plaintiff in the face, and threw her to the ground.

Defendants claim there was reasonable suspicion to stop Plaintiff because she was a part of a group using a bonfire on the beach after hours. However, Plaintiff argues that neither she nor Kosterkin had joined in kindling, building, maintaining, or using the bonfire. Rather, Plaintiff was simply assisting a homeless man. The homeless man was the sole person using the bonfire. Moreover, if probable cause to arrest Plaintiff existed due to her proximity to the alleged bonfire, it must be explained why was Plaintiff was then allowed to go to Kosterkin's home without molestation.

Determining the accuracy of these conflicting accounts "requires a credibility determination, which cannot be resolved by the Court at the summary judgment stage." <u>See</u>

Annan v. City of New York Police Dep't, No. 12 Civ. 2702 (CBA)(CLR), 2015 WL 5552271, at

*5 (E.D.N.Y. Sept. 18, 2015); Floyd v. City of New York, 813 F.Supp.2d 417, 445–46

(S.D.N.Y.2011) (denying summary judgment on claim that stop and frisk violated Fourth

Amendment where reasonableness of the search "turn[ed] on a credibility determination, which

is beyond the purview of a court deciding a summary judgment motion").

Accordingly, Defendant's motion to dismiss Plaintiff's Unlawful Stop and Search claim

must be denied.

### III.  DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM

#### A.  There is an Issue of Material Fact as to Whether Probable Cause Existed to Arrest Plaintiff on Each Charge

##### 1)  Bonfire Charge

Defendants argue that probable cause existed for Plaintiff's arrest because she was in

front of a bonfire when the officers approached. Defendants claim that in doing so, Plaintiff

violated a park rule requiring that "[n]o person shall **kindle, build, maintain, or use** a fire in any

place, portable receptacle, or grill except in places provided by the Department and so designated

by sign or by special permit." 56 R.C.N.Y. §1-05(m) (emphasis added). Here, Plaintiff

contends that she and Kosterkin were merely assisting a homeless man, who was using the

bonfire and Plaintiff was merely a good Samaritan passing by. Such a factual issue must be

resolved by a jury.

##### 2)  Park After Dusk Violation

Defendants assert that probable cause existed for Plaintiff's arrest because she was

present on Coney Island Beach, a New York City Park, after dark.[1] However, the record plainly

demonstrates an issue of fact as to whether Plaintiff's presence at the park constitutes probable

---

[1] See http://www.nycgovparks.org/parks/coney-island-beach-and-boardwalk.

cause as a matter of law. For example, New York City Parks and Recreation Department Rules (R.C.N.Y.) § 1-03 provides that "Persons may enter and use the parks from 6:00 a.m. to 1:00 a.m. unless other open hours are posted at any park."  The record contains evidence permitting a fact finder to conclude that Defendants themselves alleged Plaintiff to have been encountered at Coney Island Beach at 12:06 a.m.

Here, there is an issue of fact as to whether a sign was properly posted.  Plaintiff and a witness, Kosterkin, will testify that there was no sign forbidding access to the beach area after dusk, or any other prohibition. Plaintiff entered the beach area across the street from 3714 Bayview Avenue and any sign Defendant's may use as justification, if such a sign existed, is located a significant distance from where Plaintiff entered the beach area and were seen by Defendants. Accordingly, there is an issue of fact as to whether Dieugenia had probable cause to believe Plaintiff's arrest was justified, and this claim is not suitable for resolution on summary judgment.

### 3) *Disorderly Conduct, Obstruction of Governmental Administration, and Resisting Arrest*

Defendants allege that the officers had probable cause to arrest Plaintiff for disorderly conduct in violation of N.Y. Penal Law § 240.20, because she was allegedly yelling, screaming, and causing a crowd of people to gather. Further, Defendants claim that probable cause existed for Obstruction of Governmental Administration ("OGA") under N.Y. Penal Law § 195.05 and Resisting Arrest under N.Y. Penal Law § 205.30, because Plaintiff allegedly attempted to block the walkway when Pasynkov walked Kosterkin to the police vehicle after he was placed under arrest.

The record reflects conflicting versions of Plaintiff's behavior. Plaintiff states that she never raised her voice and tried to give the officer her undivided respect. Plaintiff's disputes

Defendants' allegations, claiming that she was yelling, screaming, and attempting to block the walkway during Kosterkin's arrest.

Viewing the facts in the light most favorable to Plaintiff, there is an issue of material fact as to whether Defendants had probable cause to arrest Plaintiff for disorderly conduct, OGA, and resisting arrest. Given these factual disputes, the Court should deny summary judgment on Plaintiff's false arrest claim. See Lozada v. Weilminster, 92 F. Supp. 3d 76, 90 (E.D.N.Y. 2015) (finding fact issue as to whether defendants had probable cause to arrest for disorderly conduct, reasoning that "it is not the Court's province at summary judgment to determine credibility of the various witnesses"); Milfort v. Prevete, 922 F. Supp. 2d 398, 406 (E.D.N.Y. 2013) (accepting as true, for purposes of motion for summary judgment, plaintiff's allegation that he did not create unreasonable noise, did not block the flow of pedestrian traffic, and was not causing a scene); Graham v. City of New York, 928 F. Supp. 2d 610, 617 (E.D.N.Y. 2013) (denying summary judgment on OGA false arrest claim because "the jury will decide whether to credit Plaintiff's version or the Defendants' version of the facts."); Searles v. Pompilio, 652 F. Supp. 2d 432, 440 (S.D.N.Y. 2009) (denying summary judgment due to fact issues regarding whether the officer had probable cause to arrest plaintiff for, inter alia, disorderly conduct, OGA, and resisting arrest); Diodati v. City of Little Falls, No. 6:04–CV–446(FJS/DEP), 2007 WL 189130, at *3 (N.D.N.Y. Jan.22, 2007) (summary judgment precluded where grandmother denied interfering with arrest of grandson, in contrast to police's contention that she was disorderly and ignored request to return to her vehicle: "[T]he reasonableness of their beliefs regarding probable cause for Plaintiff's arrest depends upon whether the Court credits Plaintiff's or Defendants' version of sharply disputed facts."); Lee v. McCue, 410 F.Supp.2d 221, 223, 225–26 (S.D.N.Y.2006) (denying summary judgment on OGA false arrest charge where there was an issue of fact as to

whether plaintiff interfered with officer's questioning of a witness and "bumped" officer with his body).

## IV.  DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO INTERVENE CLAIM

Defendants argue that the Court should grant summary judgment on Plaintiff's failure to intervene claim against Pasynkov, because there is no underlying constitutional violation if Plaintiff's false arrest claim fails. However, as argued above in Sections III(A)(1)-(3), there are genuine issues of material fact as to whether probable cause existed to arrest Plaintiff. In the event that the false arrest claim survives summary judgment, the failure to intervene claim against Pasynknov should also be allowed to proceed to trial.

## V.  PLAINTIFF'S FIRST AMENDED RETALIATION CLAIM

Plaintiff consents to withdraw her claim for First Amendment retaliation.

## VI.  DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL

Defendants incorrectly assert that false testimony alone cannot form the basis of a fabricated evidence claim, and cite to Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 166235, at *29 (E.D.N.Y. Nov. 14, 2013).  The crux of Defendant's argument is that a Denial of Right to a Fair Trial claim cannot stand solely on the basis of false statements, as such statements would be inadmissible hearsay and therefore unable to sway a jury's decision. However, the Second Circuit and numerous courts in this District have since reached the opposite conclusion.

 For example, in Coggins v. Buonora, 776 F.3d 108 (2d Cir. 2015), the Second Circuit held that a police officer's false claim made to prosecutors that he saw the plaintiff unlawfully possess a gun was "independently actionable under § 1983").  Then, in Buie v. City of New

7

York, 12-CV-4390 (RJD)(CLP), 2015 WL 6620230 (E.D.N.Y. Oct. 30, 2015), this Court ruled that if false statements in a criminal complaint are "material," this is sufficient to permit a reasonable jury to find that plaintiff was denied his or her right to a fair trial. Also, see, Nnodimele v. City of New York., 13-CV-3461 (ARR)(RLM), 2016 WL 337751 (E.D.N.Y. Jan. 27, 2016), in which the Court found that the "admissibility [of fabricated evidence]—which determines what evidence a jury will hear—is not a prerequisite to recovery for the injuries caused by the fabrication."

In light of the foregoing, Defendants' contention that Plaintiff's fair trial claim is deficient as a matter of law is unavailing and summary judgment is not appropriate in this case.

## VII.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Defendants fail to meet their heavy burden of demonstrating their entitlement to qualified immunity. "Absent extraordinary circumstances, if the law was clearly established, the defendant official is not entitled to summary judgment on his immunity defense." Frank v. Relin, 1 F.3d 1317, 1328 (2d Cir. 1993).  Qualified immunity in such a case, involving a federal constitutional claim, is available only if the officer can establish that his conduct was objectively reasonable based upon the facts known to him, except that, at the summary judgment stage, the plaintiff is entitled to have all factual issues bearing upon qualified immunity resolved in his favor. See, e.g., Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); Frank, 1 F.3d at 1328. Qualified immunity for malicious prosecution is unavailable where "[the defendant officer] misrepresented the evidence to the prosecutors, or failed to pass on material information, or made statements that were false, and engaged in such misconduct knowingly." Manganiello v. City of New York, 612 F.3d 149, 165 (2d Cir. 2010); Bailey v. City of New York, 79 F. Supp. 3d 424, 458 (E.D.N.Y.

2015) ("No defendant officer is entitled to qualified immunity when alleged fabrication of evidence is key to the case.").

Here, no police officer could have believed it was lawful to prepare and hand over to the prosecutor false evidence in order to establish the illusion of probable cause and to bring about Plaintiff's malicious, false prosecution.  Accordingly, the granting of Qualified Immunity is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment should be denied in full.

Dated:      June 22, 2016
            New York, New York


_____/s_____
ROBERT MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427