UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------   x

NATIFAH COOPER,

                            Plaintiff,

                -against-

Police Officer PAUL DIEUGENIA, Shield No. 13223;
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328, and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                            Defendants.

-------------------------------------------------------------------   x

14-CV-6136 (PKC)(RLM)

**PLAINTIFF'S LOCAL
RULE 56.1 STATEMENT
IN OPPOSITION TO
DEFENDANTS' MOTION
FOR PARTIAL SUMMARY
JUDGMENT**

       Plaintiff submits the following response, which consists of two sections. In the

first section, pursuant to Local Rule 56.1, Plaintiff responds to each assertion in

Defendants' Rule 56.1 statement in support of its motion for partial summary judgment.

In the second section, Plaintiff submits a counter-statement of material facts that contains

additional factual assertions, as provided in Local Rule 56.1, demonstrating the existence

of genuine material issues. Supporting factual material is submitted in the Declaration of

Robert Marinelli in Opposition to Defendants' Motion for Summary Judgment (Marinelli

Decl.) and attached exhibits.

**I.**      **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT**

       1.      On April 17, 2013, plaintiff was arrested along with her boyfriend,

Alexander Kostirkin. (Plaintiff's Amended Complaint, dated March 24, 2015, annexed to

the Declaration of Okwede Okoh as Exhibit A.)

          **Admit.**

2.      Plaintiff left her house with a dog Benji to meet her boyfriend near his home at 3714 Bayview Avenue in Brooklyn, NY. (Plaintiff's Deposition transcript, dated October 23, 2015, annexed to the Declaration of Okwede Okoh as Exhibit B, pgs. 34-35.)

**Admit.**

3.      Plaintiff and her boyfriend were walking the dog on the grass area across from 3714 Bayview Avenue when they encountered a person on the area in front of the bay. (Exhibit B, pgs. 37-38.)

**Admit that Plaintiff and Mr. Kostirkin were walking the dog when they encountered a person on the area in front of the bay. Plaintiff asserts that the person was a homeless man, who was and remains unknown to Plaintiff and Mr. Kostirkin. Marinelli Decl. Ex. 2 (Deposition of Natifah Cooper ["Cooper"] at 37:3-38:10).**

4.      There was a small bonfire going in front of the group when the officers approached the scene. (Exhibit B, pg. 38; Police Officer Pasynkov Deposition transcript, dated October 23, 2015, annexed to the Declaration of Okwede Okoh as Exhibit C, pgs. 12-15; Police Officer Dieugenia Deposition transcript, dated December 18, 2015, annexed to the Declaration of Okwede Okoh as Exhibit D, pg. 14.)

**Plaintiff denies that she, Mr. Kostirkin, and the unknown homeless man were using the bonfire as a group at any time. The homeless person had a small fire going and was seated alone, when he asked Mr. Kostirkin for help opening his can of food. Marinelli Decl. Ex. 2 (Cooper at 37:3-39:15; 41:12-41:22).**

5.      The officers approached to speak with plaintiff's boyfriend, and they observed plaintiff's boyfriend with a knife. (Exhibit B, pg. 46.)

**Plaintiff denies that the officers observed Mr. Kostirkin with a knife. Plaintiff asserts that the knife was in Mr. Kostirkin's jacket pocket at the time he was arrested. Marinelli Decl. Ex. 2 (Cooper at 47:11-47:21). After the officers approached and placed Mr. Kostirkin in handcuffs, the officers stated that Mr. Kostirkin was being arrested and gave no reason for his arrest. Id. at 46:8-47:10.**

6.      After the officers approached plaintiff's boyfriend, they recovered the knife and it was determined to be a gravity knife. (Exhibit B, pg. 46; Exhibit D, pg. 24.)

**Plaintiff denies that Mr. Kostirkin's knife was a gravity knife.**

7.      Plaintiff's boyfriend was arrested for possession of the gravity knife and for violating the bonfire regulations. (Exhibit C, pg. 27.)

**Admit that Mr. Kostirkin was arrested. Plaintiff asserts that the officers falsely charged Mr. Kostirkin with possession of a gravity knife and for violating the bonfire regulations.**

8.      Plaintiff blocked Officer Pasynkov's pathway as he attempted to place plaintiff's boyfriend in the police vehicle after he was arrested. (Exhibit C, pg. 30; Exhibit D, pg. 27.)

**Plaintiff denies that she blocked Officer Pasynkov's pathway at any point. Plaintiff was located behind Officer Pasynkov, such that the officer had a clear path to the police car throughout the entire incident. Marinelli Decl. Ex. 2 (Cooper at 60:4-60:22); Marinelli Decl. Ex. 3 (Deposition of Alexandr Pasynkov ["Pasynkov"] at 30:15-32:18; 40:8-40:16; 42:18-43:6).**

9.      Plaintiff pushed Officer Dieugenia who was attempting to get her boyfriend's phone for safe keeping as Officer Pasynkov handed the cell phone to Officer Dieugenia. (Exhibit D, pgs. 36-37.)

**Plaintiff denies that she pushed any of the officers. Marinelli Decl. Ex. 2 (Cooper at 59:13-15). Plaintiff further asserts that Mr. Kostirkin asked whether he could give Plaintiff his phone, and Officer Pasynkov said yes. Id. at 52:13-54:17. Mr. Kostirkin dropped his phone, and Plaintiff tried to retrieve it from the floor, since Officer Pasynkov had given his permission to take Mr. Kostirkin's phone. Id. at 54:4-54:17. When Plaintiff bent down to pick up the phone, Officer Dieugenia pushed her. Id. at 54:18-54:23.**

## II.     PLAINTIFF'S COUNTER-STATEMENT OF DISPUTED
## MATERIAL FACTS

1.      On April 17, 2013, Plaintiff was with Mr. Kostirkin walking their dog,

when a person they did not know asked Mr. Kostirkin for help opening a can of food.

Marinelli Decl. (Cooper at 37:3-38:10). The unknown individual was a homeless man,

who was seated alone in front of a small bonfire. Id. at 37:3-39:15; 41:12-41:22.

2.      The officers approached Plaintiff and Mr. Kostirkin, and immediately

placed Mr. Kostirkin in handcuffs. Id. at 46:8-47:10. The officers gave no reason for Mr.

Kostirkin's arrest. Id. at 46:25-48:5; 50:20-51:15.

3.      Officer Pasynkov escorted Mr. Kosterkin toward a police car. Id. at 51:25-

52:11; Marinelli Decl. Ex. 3 (Pasynkov at 30:7-30:18).

4.      Plaintiff took the dog to Mr. Kostirkin's house nearby, put the dog inside,

and returned to the arrest scene with Mr. Kostirkin's mother. Marinelli Decl. Ex. 2

(Cooper at 53:20-54:13).

5.      Plaintiff never blocked Officer Pasynkov's pathway. Plaintiff was located

behind Officer Pasynkov while he was apprehending Mr. Kostirkin, and the officer at all

times had a clear path to the police car. Marinelli Decl. Ex. 2 (Cooper at 60:4-60:22);

Marinelli Decl. Ex. 3 (Pasynkov at 30:15-32:18; 40:8-40:16; 42:18-43:6).

6.      Throughout the incident, Plaintiff treated the officers with respect and

deferred to their authority. Marinelli Decl. Ex. 2 (Cooper at 56:4-57:2). Plaintiff did not

raise her voice, raise her hands, or push any of the officers. Id. at 56:4-57:2; 59:10-59:15.

7.      While Plaintiff had her back turned to Officer Dieugenia, he pushed her.

Marinelli Decl. Ex. 2 (Cooper at 54:19-55:23). When Plaintiff asked why he had pushed

her, he immediately grabbed Plaintiff's arm, punched her in the face with a closed fist, and threw her to the ground. Id. at 55:8-55:23; 57:3-57:20.

8.      Officer Dieugenia pushed Plaintiff's face into the dirt, put his knee in her back, and told her to "stop resisting." Id. at 57:21-58:20. Plaintiff was not resisting, and tried to tell the officer that he was hurting her. Id. Mr. Kostirkin's mother told the officer that Plaintiff had asthma, and he simply replied, "They all do." Id.

9.      Plaintiff was arrested, taken to Central Booking, and received an adjournment in contemplation of dismissal (ACD) after numerous court appearances. Marinelli Decl. Ex. 1 (Plaintiff's Amended Complaint, dated March 24, 2015).

Dated:          June 14, 2016
                New York, New York

                                        _____/s_____
                                        ROBERT MARINELLI, ESQ.
                                        305 Broadway, Suite 1001
                                        New York, New York 10007
                                        (212) 822-1427