UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NATIFAH COOPER,

                            Plaintiff,

               -against-                      **JOINT PRE-TRIAL ORDER**

Police Officer PAUL DIEUGENIA, Shield No. 13223 and Police Officer ALEKSANDR PASYNKOV, Tax Id. 947328, JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),          14-CV-6136 (PKC)(RLM)

                            Defendants.
-------------------------------------------------------------------- x

       The undersigned attorneys affirm and declare that this Joint Pre-Trial Order is submitted in conformity with the Individual Motion Practices and Rules of United States District Judge Pamela K. Chen.

**I.     The Full Caption of the Action**

The full caption of this action is as set forth above.

**II.    The Names, Addresses and Telephone and Fax Numbers of Trial Counsel**

*For Plaintiff*
Robert Marinelli, Esq.
Wright and Marinelli, LLP
Ryan Lozar, Esq.
The Law Office of Ryan Lozar
Attorneys for Natifah Cooper
305 Broadway Suite 1001
New York, NY 10007
Tel: (212) 822-1427
Fax: (212) 202-9646

*For Defendants*
Zachary W. Carter
Corporation Counsel of the City of New York
Attorney for Defendants Paul Dieugenia and Aleksandr Pasynkov

1

100 Church Street
New York, NY 10007

By:     Evan Brustein, Senior Counsel
        Tel: (212) 356-2651
        Fax: (212) 356-3509

### III.    A Brief Statement by Plaintiff as to the Basis of Subject Matter Jurisdiction

Plaintiff contends that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1343(3) and (4), the Fourth Amendment to the Constitution of the United States, and the Civil Rights Act of 1866, 42 U.S.C. §1983 ("§1983").

### Defendants' Statement as to Subject Matter Jurisdiction

Defendants do not dispute subject matter jurisdiction in this matter.

### IV.    A Brief Summary of Plaintiff's Claims Which Remain To Be Tried

Plaintiff's §1983 claims of (1) false arrest against Paul Dieugenia, (2) unlawful stop and search against Dieugenia, (3) excessive force against Dieugenia, (4) failure to intervene against Aleksandr Pasynkov all remain to be tried, as well as claims for compensatory damages, general damages, punitive damages, and attorney's fees.

Any claims of denial of the right to a fair trial and failure to intervene against Dieugenia, unlawful stop and search against Pasynkov, claims of First Amendment retaliation, and any claims against the unidentified John and Jane Doe defendants are not to be tried.

### Defendants' Defenses Which Remain to Be Tried

a. The Complaint fails to state a claim upon which relief can be granted
b. There was probable cause to arrest, detain, and prosecute plaintiff.
c. Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has the City violated any act of Congress providing for the protection of civil rights. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.
d. Any injury alleged to have been sustained resulted from plaintiff's own culpable or

      negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

  e. Punitive damages cannot be assessed as against the defendant in his official capacities.
  f. Defendants are entitled to qualified immunity.
  g. Plaintiff failed to mitigate any alleged damages.

### V.    A Statement as to The Type and The Estimated Length of The Trial

The case is to be tried by a jury. Plaintiff estimates that the trial of this case will take five days. Defendants estimate that the trial will last three days.

### VI.    Statement as to Whether All Parties Consent to Trial by a Magistrate Judge

The parties have not consented to trial of this case by a Magistrate Judge.

### VII.    WITNESSES

**Plaintiff's Witnesses:**

The following is a list of witnesses that the plaintiff intends to call at trial to testify in person. Plaintiff reserves the right to call any of the following witnesses and to supplement this list with leave of the Court. Plaintiff further reserves the right to call witnesses listed by the defendant and to call those witnesses not listed herein in rebuttal:

1. Natifah Cooper
2. Police Officer Paul Dieugenia
3. Police Officer Aleksandr Pasynkov
4. Alexander Kostirkin
5. Irina Kosterkina

**Defendants' Witnesses:**[1]

1. Detective Paul Dieugenia
2. Detective Aleksandr Pasynkov

---

[1] Defendants reserve the right to supplement this list with leave of the Court and to call any of plaintiff's witnesses.

      3. Lieutenant Jordan Brofsky

**VIII.** **Designation of Deposition Testimony**

**Plaintiff:** Plaintiff does not intend to offer any deposition testimony in her case in chief. However, plaintiff hereby reserves the right to use deposition testimony of any witness who becomes unavailable before trial, or for impeachment and/or rebuttal purposes.

**Defendants:** Defendants do not intend to offer any deposition testimony in their case in chief. However, Defendants hereby reserve the right to use deposition testimony of any witness who becomes unavailable before trial, or for impeachment and/or rebuttal purposes.

**IX.** **Stipulated Facts**

The parties do not agree to any stipulated facts.

**X.** **EXHIBITS**

**Plaintiff's Exhibits**

Plaintiff may offer copies of any of the following documents in evidence at trial. The documents will be marked Plaintiff's Exhibits 1 through 8, in the same order as they are listed herein.

| Exhibit No. | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| 1 | DEF 1-3 | NYPD Omniform System - Arrests | FRE 402, 403, 802 |
| 2 | DEF 4-5 | NYPD Booking/Arraignment/Disposition Inquiry System | FRE 402, 403, 802 |
| 3 | DEF 6-9 | Dieugenia's Memo Book | FRE 402, 403, 802 |
| 4 | DEF 10 | Relevant Entries from the Command Log | FRE 402, 403, 802 |
| 5 | DEF 11 | Certificate of Disposition No. 527012 | FRE 402, 403, 802 |

| 6 | DEF 12-13 | Criminal Court complaint or charge dated April 17, 2013 | FRE 402, 403, 802 |
| 7 | P1-6 | Cooper Medical Records | FRE 402, 403, 802, 902 |
| 8 | | Pictures of the scene of the incident | As Defendants have not seen the pictures of the scene, they reserve their right to object after inspection. |

**Defendants' Exhibits[2]**

Defendants may offer copies of any of the following documents in evidence at trial. The documents will be marked Defendant's Exhibits A through C, in the same order as they are listed herein.

| Exhibit No. | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| A | | Google Map Overhead Photograph of the scene of the incident | FRE 402, 403, 802 |
| B | D10 | Relevant Entries from the Command Log | FRE 402, 403, 802 |
| C | D6-9 | Relevant Entries from Detective Dieugenia's Memo Book | FRE 402, 403, 802 |

XI.   **Motions *in Limine***

Plaintiff has no Motions *in Limine*.

Defendant will make the following Motions *in Limine*:
1. Preclude the claims of False Arrest and Unlawful Stop and Search from being presented to the jury based upon Plaintiff's prior deposition testimony that her dog was initially unleashed during the incident and that plaintiff placed a 15-foot leash on the dog. Although this basis for probable cause was not raised in Defendants' motion for summary

---

[2] Defendants reserve the right to supplement their respective list of exhibits based on any in limine rulings or to rebut evidence adduced in the plaintiff's case in chief or for impeachment purposes. Defendants further reserve the right to use any exhibit listed by plaintiff herein.

   judgment, plaintiff cannot prevail on these claims based upon her prior testimony.  See Unleashed Dog New York City Health Code §161.05.
2. The John and Jane Does should be removed from the caption.
3. Defendants' counsel should not be referred to as "City Attorneys."
4. There should be no mention of potential indemnification.
5. Plaintiff may not request a specific dollar amount.
6. There should be no evidence of disciplinary histories or prior allegations of misconduct by the individual defendants.
7. There should be no mention of unrelated claims of officer misconduct.
8. There should be no mention of quotas, stop and frisk, etc.
9. Preclude arguments of what the officers could have done differently.
10. There should be no arguments of racial motivation.
11. Plaintiff/witnesses cannot testify to diagnosis.
12. Preclude testimony where no medical records.
13. Preclude testimony regarding the outcome of Alexander Kosterkin's case.
14. Preclude testimony of any awards, citations or other recognition plaintiff has received.

Dated: New York, New York
       April 13, 2017

_____/S/_____        _____/S/_____
Robert Marinelli, Esq.             Evan Brustein, Esq.
Attorney for Plaintiff             Senior Counsel
                                   Attorney for Defendants

**SO ORDERED.**

_____
HON. Pamela K. Chen, U.S.D.J.