UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NATIFAH COOPER,

                                        Plaintiff,

            -against-

Police Officer PAUL DIEUGENIA, Shield No. 13223, and
Police Officer ALEKSANDR PASYNKOV, Tax Id.
947328,

                                      Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' MOTIONS IN LIMINE**

14-CV-6136 (PKC)
(RLM)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE*

## PRELIMINARY STATEMENT

Plaintiff Natifah Cooper brings this action pursuant to 42 U.S.C. § 1983 against defendants Detectives Paul Dieugenia and Aleksandr Pasynkov (hereinafter referred to collectively as "Defendants") alleging that on April 17, 2013, she was subjected to excessive force in connection with her purportedly unlawful arrest. Defendants respectfully submit this Memorandum of Law in support of their motions *in limine* in advance of the trial in this matter, scheduled to begin on October 2, 2017. Specifically, as set forth below, Defendants respectfully submit that: (1) plaintiff should be precluded from presenting claims of false arrest and unlawful stop and search to the jury; (2) Defendants should be permitted to introduce the Command Log into evidence as a present sense impression; (3) Defendants should be permitted to introduce Detective Dieugenia's memobook into evidence as a business record; and, (4) plaintiff should be precluded from testifying and/or introducing any evidence of any awards or recognitions she has received. Defendants reserve their right to file supplemental motions *in limine*.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM PRESSENTING HER FALSE ARREST AND UNLAWFUL STOP AND SEARCH CLAIMS TO THE JURY BECAUSE THEY FAIL AS A MATTER OF LAW

Plaintiff should be precluded from submitting the claims of false arrest and unlawful stop and search to the jury since, based upon the undisputed evidence, there was reasonable suspicion to stop plaintiff and probable cause to arrest her for violating Section 161.05(a), Unleashed Dog of the New York City Health Code as a matter of law. "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest . . . .'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)); Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003). Probable cause requires only a probability, not an actual showing, of criminal activity.

Courts have repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)); "A person who owns, possesses or controls a dog shall not permit it to be in any public place or in any open or unfenced area abutting on a

public place unless the dog is effectively restrained by a leash or other restraint not more than six feet long." See New York City Health Code § 161.05(a).

Here, it is undisputed that on April 17, 2013, after Defendants approached plaintiff, while she was standing by the Gravesend Bay with her boyfriend, non-party Alex Kostirkin, and her dog Benji, plaintiff put a 16-foot leash on her dog. See Transcript of Plaintiff's Deposition, taken on October 23, 2015, at 33:10-23; 38:6-41:11, annexed to the Declaration of Evan Brustein, dated July 31, 2017 (hereinafter "Brustein Decl."), as Exhibit "A." This is corroborated by Detective Dieugenia, who testified during his deposition that when he approached plaintiff, he observed an unleashed dog and asked that the dog be leashed. See Transcript of the deposition of Detective Paul Dieugenia, taken on December 18, 2015, at 16:2-18:3, annexed to the Brustein Decl. as Exhibit "B."

As the uncontroverted testimony is that plaintiff was in a public place with her unleashed dog, Defendants clearly had probable cause to arrest her for the health code violation of an unleashed dog. New York City Health Code § 161.05(a). See Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.") As there was probable cause for her arrest, there was also probable cause to stop and search her pursuant to that lawful arrest. As this Court noted in its February 27, 2017 Order, "arguments regarding the legality of the stop and search rise or fall with the probable cause determination relating to Plaintiff's false arrest claim." See Order, dated February 27, 2017, at p. 17, Civil Docket Report, Document No. 44. Defendants submit that since there was probable cause to arrest, so, too, was there probable cause for the stop and search of plaintiff and both claims must fail as a

matter of law. Accordingly, neither the false arrest nor the unlawful stop and search claims should be submitted to the jury.

## POINT II

## DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE THE COMMAND LOG AS A PRESENT SENSE IMPRESSION

Defendants should be permitted to introduce the relevant entries made on the NYPD Command Log as present sense impressions. See Joint Pretrial Order ("JPTO"), filed on April 13, 2017, at Exhibit "B." The Advisory Committee Note to Rule 803(1) indicates, the theory for this exception to the hearsay rule is that the contemporaneousness of the event and the recorded statement negate "the likelihood of deliberate of conscious misrepresentation." See Rule 803(1), Federal Rules of Evidence, at Advisory Committee Note. "Precise contemporaneity is not required, thus a slight lapse is allowable." See United States v. Medico, 557 F.2d 309, 315 (2d Cir. 1977). See also United States v. Gonzalez, 764 F.3d 159, 169 (2d Cir. 2014). Here, non-party Lieutenant Jordan Brofsky will testify that he began making entries pertaining to plaintiff in the Command Log at 12:20 a.m. on April 17, 2013, approximately 14 minutes after her arrest at 12:06 a.m., when she was brought before him at the precinct. See JPTO, at Exhibits "B" and "1." Specifically, his notations that plaintiff "appeared normal" and that plaintiff did not request medical attention were made very close in time to his observations of plaintiff. Furthermore, Lieutenant Brofsky documented that Emergency Medical Services were requested at 12:20 a.m. for the person, who was arrested with plaintiff, and that Emergency Medical Services arrived to the station house at 12:28 a.m. Accordingly, Lieutenant Brofsky's notes in the Command Log were completed close in time to his observations of plaintiff and the other actions he took in connection with the incident, and should be permitted as a present sense

impression, to show that plaintiff did not request medical attention, even though it was requested for her co-arrestee.

### POINT III

### DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE DETECTIVE DIEUGENIA'S MEMOBOOK AS A BUSINESS RECORD

Defendants should be permitted to introduce Detective Paul Dieugenia's memobook as a business record. See JPTO at Exhibit "C." The business records exception to the hearsay rule provides for the admission of: "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions . . . made at or near the time by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness. . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6). "The purpose of the rule is to ensure that documents were not created for 'personal purpose[s] . . . or in anticipation of any litigation' so that the creator of the document 'had no motive to falsify the record in question.'" United States v. Freidin, 849 F.2d 716, 719 (2d Cir. 1988). "…Rule 803(6) 'favors the admission of evidence rather than its exclusion if it has any probative value at all.'" United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000) (quoting In re Ollag Constr. Equip. Corp., 665 F.2d 43, 46 (2d Cir.1981)). United States v. Kaiser 609 F.3d 556, 574 (2d Cir 2010).

As Detective Dieugenia made the entries in his memobook close in time to the incident, kept his memobook in the regular course of his duties as a New York City detective, and it was his regular practice to make entries in his memobook, the memobook entries fall

within the business records exception. Accordingly, Defendants should be permitted to introduce his memobook entry regarding plaintiff's arrest to show that he documented plaintiff's interference and resistance to being handcuffed.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF PLAINTIFF'S RECOGNITIONS AND/OR AWARDS

Plaintiff should be precluded from introducing any evidence or testimony regarding plaintiff's awards and/or recognitions on the grounds that it is not relevant, it is hearsay, and the introduction of this testimony would be unduly prejudicial to the Defendants. Pursuant to this Court's Order dated May 4, 2017, plaintiff indicated that she intends to introduce evidence of the following awards: (1) Salutatorian Achievement Plaque, June 27, 2012; (2) Leadership Award, June 27, 2012; (3) Award from Law Enforcement and Community Youth Award Ceremony, September 15, 2012; (4) The Super Foundation Certificate of Appreciation for participation in the P.S. 329 Stop the Violence Essay Contest, April 8, 2011; (5) Letter of Recommendation from April Leong, Principal of Liberation Diploma Plus High School, March 25, 2014; (6) Community Service Award from Men United for Change for her theatrical performance on the "stop the Violence Campaign," April 8, 2011; (7) Outstanding Achievement, Environmental Awareness and Responsibility Certificate from United Federation of Teachers Outdoor Environmental Education Committee; (8) Citation of Honor from the Kings County District Attorney in recognition of outstanding leadership, character, and service in promoting "Progress Through Justice," June 7, 2012; and, (9) Certificate from the Office of the State Comptroller in recognition of hard work, dedication, success, academic excellence, and civic commitment, June 2012.

Rule 402 of the Federal Rules of Evidence prohibits the introduction of irrelevant evidence. Rule 404(a)(1) of the Federal Rules of Evidence prohibits the use of evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Therefore, none of these awards or recognitions can be offered to show that plaintiff was any more likely to have acted in the manner in which she claims she behaved.

Moreover, Defendants submit that the evidence is hearsay, as plaintiff intends to offer it for the truth of the matter asserted by a declarant not being called to testify in this matter. See Rules 801, 802 of the Federal Rules of Evidence. Even assuming arguendo, that the recognitions and awards are relevant to plaintiff's purported claim for damages, which Defendants submit they are not, the only relevance would be the statements contained in those items, which were not made by plaintiff or any of her witnesses at trial. Plaintiff's testimony that someone provided her with a letter of recommendation or an award acknowledging her good behavior does not fall within any of the exceptions to the hearsay rule. See Rule 802 of the Federal Rules of Evidence.

Finally, even if the Court determines that the evidence of recognitions and awards is relevant and does not constitute hearsay, Defendants submit that it should still be excluded. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See Rule 403 of the Federal Rules of Evidence. Here, introduction of awards from the Kings County District Attorney's Office, the Law Enforcement and Community Youth Award Ceremony, and other government entities would unduly prejudice the Defendants, confuse the issues, and mislead the

jury. By allowing plaintiff to introduce these awards, which would serve to bolster plaintiff's character, the jury would be left with the impression that the Kings County District Attorney's Office and the other entities were endorsing plaintiff in this action. Without the right to cross-examine the individuals who gave plaintiff these awards, Defendants would be unduly prejudiced. Furthermore, as plaintiff's character is not an element of any of plaintiff's claims, this testimony would confuse the issues and mislead the jury into believing that the opinions of these entities was relevant to whether or not the officers violated plaintiff's constitutional rights. Accordingly, Defendants submit this evidence should be precluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motions *in limine*, and any such further relief as the Court deems just and proper.

Dated:     New York, New York
           July 31, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-147
                                        New York, New York 10007
                                        (212) 356-2651

                              By:       _____
                                        EVAN BRUSTEIN
                                        *Senior Counsel*

TO:    Robert Marinelli
       *Attorney for Plaintiff*
       305 Broadway, 10th Floor
       New York, New York 10007
       (212)822-1427
       (by ECF)