UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NATIFAH COOPER,

                Plaintiff,

        -against-                             14 CV 6136 (PKC)(RLM)

THE CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


# MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANTS' MOTION IN LIMINE


Robert Marinelli, Esq.
WRIGHT & MARINELLI LLP
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

Attorneys for Plaintiff


1

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this Memorandum of Law in opposition to defendants' motion *in limine*, in which he seeks not only to advance an evidentiary ruling, but also move for dispositive relief on Plaintiff's False Arrest and Unlawful Stop and Search claims. This argument is entirely inappropriate in this pre-trial motion. As discussed herein, defendants move for summary judgment or reconsideration, and reargue matters resolved in the Court's order granting and denying various requests for dismissal issued on February 27, 2017. It is now far too late for defendants to return with a new host of arguments and theories, all of which could have been presented in the motion practice commenced on June 28, 2016. Moreover, ambushing plaintiff with dispositive motion practice at this late stage of the proceedings is fundamentally unfair and improper. For the reasons presented herein, defendants' motion should be denied.

## ARGUMENT

## POINT I

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR RECONSIDERATION OF THE COURT'S PRIOR DENIAL OF DEFENDANT'S FALSE ARREST AND UNLAWFUL STOP AND SEARCH CLAIMS SHOULD BE DENIED

Defendants' motion for summary judgment, or reconsideration of the Court's prior ruling on Plaintiff's claim for False Arrest should be summarily denied.  The defendants lead their brief with this request for relief under Point I, which is styled as a motion for judgment pursuant to Rules 54(b) and 60(a) of the Federal Rules of Civil Procedure. (Def. Brief at 2).  Neither rule has any applicability here. Defendants carefully avoid using the word "reconsider" or "summary judgment", but that is exactly what defendants ask The Court to do. As such, it is untimely, inappropriately raised herein as an *in limine* issue, and fails to identify any specific errors in the Court's prior ruling.

Defendant's are merely presenting a new argument based on facts available at the time of their motion.

## A.  Defendants' Motion is Untimely

To the extent that defendants are now implicitly moving for summary judgment, albeit without actually making a motion for summary judgment, they are far too late. Defendants' motion is both untimely and improperly presented as an evidentiary motion. Moreover, defendants cite no Rule justifying the filing of this motion.

Defendants had ample time and opportunity to make these dispositive arguments, which could and should have been raised at various prior stages of the litigation.  Instead, defendants chose to ambush plaintiff weeks before trial with dispositive arguments shamelessly styled as "evidentiary." *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014) (denying certain relief requested by defendants' because, "although they nominally seek exclusion of evidence, they are, in reality, requests for judgment as a matter of law on aspects of Plaintiff's claims. Defendants could have raised those arguments on summary judgment, but failed to do so. Consequently, their arguments must await resolution at trial." (citing, *Media Alliance, Inc. v. Mirch,* 2012 WL 162375, at *5 (N.D.N.Y. Jan. 19, 2012) ("Defendants ['] attempt, at this late date, to assert novel arguments in an effort to obtain dispositive relief in a motion *in limine* is improper."); *TVT Records v. Island Def Jam Music Grp.*, 250 F.Supp.2d 341, 344–45 (S.D.N.Y.2003) (denying as impermissible motions *in limine* that, "in the guise of addressing limited evidentiary issues, ... would effectively serve as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself"); cf. *Williams v. Regus Management Group, LLC*, 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012) (denying a motion *in limine* to exclude evidence in support of punitive damages on the ground that it was "in reality" a belated summary judgment motion))).

If defendants' motion is a motion for summary judgment, or simply "judgment" under presumably under Rule 54, as styled, it is facially defective in a number of ways, including, but not limited to, the absence of a Local Rule 56.1 Statement of Facts. If defendants are filing under Rules 54(b) and 60(a), any argument is equally unavailing, as neither rule provides any basis for the dispositive relief they seek. Rule 54(b) governs how judgment may be entered when there are multiple claims, while Rule 60(a) is a vehicle by which a court can correct clerical mistakes or errors of oversight or omission.

As defendants already moved for summary judgment at the close of discovery some fifteen months ago, the instant motion can only be read as one for reconsideration, and as such, was not requested until two months past the deadline and not filed until almost five months past the deadline, and arrives without any acknowledgment or explanation. The motion can and should be summarily denied for that reason alone.

Certain facts are beyond dispute. First and foremost is that, the defendants moved for summary judgment on a variety of grounds, including plaintiff's False Arrest claim and Illegal Stop and Search claim. The Court denied defendants' motion to the extent that they sought dismissal of these causes of action in a decision entered on the docket on February 17, 2017.  The defendants did not move for reconsideration of any part of the order.

Motions for reconsideration are governed by Local Rule 6.3, which reads, in relevant part:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion **shall be served within fourteen (14) days after the entry of the Court's determination of the original motion**, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

See LR. 6.3 (emphasis added). Hence, to the extent that defendants had a viable basis to seek reconsideration, they were required to do so by March 13, 2017. They chose not to do so, and did

not address this untimeliness in the current motion, which was served on September 16, 2016, some

five months after the deadline passed.

**B.      Defendants Fail to Identify the Factual or
         Legal Claims that the Court Purportedly Overlooked**

As the Second Circuit has noted, "[t]he standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions

or data that the court overlooked—matters, in other words, that might reasonably be expected to

alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir.

1995) (citations omitted). As has been noted, "reconsideration of a previous order is an

extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce

judicial resources." *Martin v. Giordano*, 2016 WL 4411401, at *2 (E.D.N.Y. Aug. 18, 2016) (quoting *In

re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000)). In that regard,

reconsideration is appropriate "only when the [moving party] identifies an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Stone v. Theatrical Inv.* Corp., 80 F.Supp.3d 505, 506 (S.D.N.Y. 2015) (quoting

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr*, 729 F.3d 99, 104 (2d Cir.2013)).

More to the point, Such motions **"may not be used to advance new facts, issues or

arguments not previously presented to the Court**, nor may it be used as a vehicle for relitigating

issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)

(emphasis added); *see also Calderon v. City of New York*, 2015 WL 6143711, at *2 (S.D.N.Y. Oct. 19,

2015) (Motions for reconsideration are "neither an occasion for repeating old arguments previously

rejected **nor an opportunity for making new arguments that could have been previously

advanced.**" (emphasis added) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F.Supp.2d 17, 19

(S.D.N.Y.2005))); *Goonan v. Fed. Reserve Bank of N.Y.*, 2013 WL 1386933, at *2 (S.D.N.Y. Apr.5,

2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").

Local Rule 6.3 thus requires that, "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." L.R. 6.3. Defendants make no such effort here. Instead, they simply reargue matters resolved in the Court's earlier ruling and inappropriately present facts, issues and arguments not previously advanced. The absence of any of the predicates for a motion for reconsideration is another basis for denial.

Defendants maintain that the evidence adduced in discovery mandates dismissal. Having failed to properly raise this issue at summary judgment or make a timely motion to reconsider, plaintiff should be allowed to pursue this claim. Evidence at trial rarely directly mirrors that in discovery, and the parties should present their cases and have the jury decide.

## POINT II

### PLAINTIFF DOES NOT OBJECT TO THE ADMISSION OF COMMAND LOG ENTRIES RELATING TO PLAINTIFF BUT OPPOSES ENTRIES CONCERNING HER CO-ARRESTEE

Plaintiff does not oppose the admission of Command Log entries concerning her arrest but opposes those referring to her co-arrestee's request for medical attention. While plaintiff may be able to testify about why she did not seek medical treatment after the arrest during her cross-examination, any notations indicating that plaintiff's co-arrestee requested medical attention are not relevant and are unduly prejudicial.

Even though both plaintiff and co-arrestee were injured by police officers in the same incident, the injuries and medical care of plaintiff's co-arrestee are completely distinct from plaintiff's injuries and medical care. The mere fact that plaintiff's co-arrestee sought medical treatment from his injuries is not relevant to whether and to what extent plaintiff was injured.

Accordingly, these Command Log entries have no probative value in this matter.

Defendants seek to admit these entries for a purely rhetorical purpose: to cast into sharp relief plaintiff's lack of medical treatment. However, any value that this comparison would provide is far outweighed by the undue prejudice plaintiff would suffer from contrasting her injuries and medical treatment against the separate and irrelevant injuries of her co-arrestee. Accordingly, any Command Log notations concerning plaintiff's co-arrestee should be excluded.

## POINT III

### DEFENDANTS SHOULD NOT BE PERMITTED TO INTRODUCE DETECTIVE DIEUGENIA'S MEMOBOOK AS A BUSINESS RECORD

In the event that Your Honor denies defendants' first motion *in limine*, plaintiffs will not oppose the admission of Dieugenia's memobook. However, if the false arrest claims are dismissed and the excessive force claims is the sole remaining issue in this trial, the memobook will have no relevance as it solely discusses plaintiff's arrest.

## POINT IV

### PLAINTIFF DOES NOT INTEND TO PRESENT AWARDS OR RECOGNITIONS DURING HER CASE IN CHIEF

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny

defendants' motion in its entirety.

Dated:  New York, New York
        August 21, 2017

                           WRIGHT AND MARINELLI
                           Attorneys for Plaintiff
                           305 Broadway, Suite 1001
                           New York, New York 10007
                           (212) 822-1427


                             /s
                           Robert Marinelli, Esq.


To:     Evan Brustein (By ECF)