UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
NATIFAH COOPER,

                    Plaintiff,

            - against -

Police Officer PAUL DIEUGENIA, Shield No.
13223, Police Officer ALEKSANDR
PASYNKOV, Tax Id. 947328 and JANE DOE
1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),

                    Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-6136 (PKC)

PAMELA K. CHEN, United States District Judge:

        Before the Court are the motions *in limine* of Defendants Detectives Paul Dieugenia and

Police Officer Aleksandr Pasynkov, filed on August 21, 2017, in anticipation of trial, which is

scheduled to begin on October 2, 2017.  (Defendants' Motions *in Limine* ("Def. MIL"), Dkt. 50.)

In their motions, Defendants seek to: (1) preclude Plaintiff from presenting any evidence relating

to her claims for false arrest and unlawful stop and search; (2) admit written entries made by non-

party witness Lieutenant Jordan Brofksy in a New York City Police Department ("NYPD")

Command Log "pertaining to plaintiff" on the night of Plaintiff's arrest; (3) admit at trial

Defendant Dieugenia's memo book entries relating to the events at issue in this case pursuant to

the "business records" exception to the hearsay rule; and (4) preclude Plaintiff from presenting at

trial evidence of her "recognitions and awards".  Plaintiff responded to Defendants' motion on

July 31, 2017.  (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine

("Pl. Mem."), Dkt. 53.)  The Court assumes familiarity with the facts relevant to the motions.

**DISCUSSION**

I.    **Preclusion of Evidence Relating to Plaintiff's False Arrest and Unlawful Stop and Search Claims**

Despite Defendants' disingenuous characterization of this motion *in limine* to preclude evidence at trial, it is, in reality, a motion for summary judgment seeking dismissal of Plaintiff's false arrest and unlawful stop and search claims. As such, it is untimely and inappropriate. The Court, therefore, denies this motion.

Defendants moved for summary judgment over a year ago, in June 2016. (*See* Dkts. 33-42.) That motion specifically sought the dismissal of Plaintiff's false arrest and unlawful stop and search claims. Then, as now, Defendants argued that these claims should be dismissed because Defendants had probable cause to arrest Plaintiff. As the Court discussed in its decision on Defendants' motion, Defendants put forth four probable cause theories in its motion:

> Defendants present various theories for finding probable cause for Plaintiff's arrest: (1) she, along with her boyfriend and the other man, were standing around a bonfire in violation of the New York City Department of Parks and Recreation Regulation ("Parks Department Rule"), 56 R.C.N.Y. § 1–05(m); (2) she was in a City park after dark in violation of another Parks Department Rule, 56 R.C.N.Y. § 1–03(a)(1); (3) her behavior constituted disorderly conduct in violation of New York Penal Law § 240.20; and (4) she physically attempted to block the walkway when Pasynkov walked her boyfriend to the police vehicle, thus obstructing governmental administration ("OGA") and resisting an arrest in violation of New York Penal Law Sections 195.05 and 205.30, respectively. (*See* Defs. Mem. at 4–8.)

(Memorandum & Order, dated February 27, 2017, at 8.)

Notably, even though Defendants noted, in their motion for summary judgment, that the parties dispute whether Plaintiff had a unleashed dog, in public, at the time the officers arrived on scene, Defendants did not assert that there was probable cause to arrest Plaintiff for violating New York City Health Code § 161.05(a). Nor did Defendants cite, in their 56.1 Statement, any evidence establishing such a violation.

Yet, Defendants now seek, in the guise of a "motion *in limine*", to have the Court dismiss, *as a matter of law*, Plaintiff's false arrest and unlawful stop and search claims, arguing that it is "undisputed" that Plaintiff's dog was unleashed when Defendants arrived at the scene, which was in violation of New York City Health Code § 161.05(a).  Regardless of the merits of Defendants' argument, it would be wholly inappropriate, as a matter of procedural fairness, to permit Defendants to make this eleventh-hour summary judgment motion.  *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2014 WL  7392905, at *8 (S.D.N.Y. Dec. 29, 2014) (declining to dismiss "aspects of Plaintiff's claims" where defendants could have raised their arguments on summary judgment).  As Judge Furman ruled in *Broadspring*, Defendants having failed to make their arguments on summary judgment, "their arguments must await resolution at trial."  *Id.*  (citing *Media Alliance, Inc. v. Mirch*, No. 09-CV-0659, 2012 WL 162375, at *5 (N.D.N.Y. Jan. 19, 2012); *TVT Records v. Island Def Jam Music Grp.,* 250 F. Supp. 2d 341, 344–45 (S.D.N.Y.2003); and *Williams v. Regus Management Group, LLC,* No. 10–CV–8987, 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012)); *accord Campers' World Intern., Inc. v. Perry Ellis Interns., Inc.*, No. 02-CV-453, 221 F.R.D. 409 (S.D.N.Y. Apr. 27, 2004) ("[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion.").

Accordingly, Defendants' motion to preclude Plaintiff from pursuing her false arrest and unlawful stop and search claims at trial is denied.

## II.  Admission of Command Log Entries

Defendants seek to introduce at trial the NYPD Command Log book entries of Lieutenant Brofksy "pertaining to plaintiff" that were entered when Plaintiff was brought to the police precinct following her arrest.  (Defs. MIL at ECF 4-5.)  Plaintiff does not object to this evidence, except to the extent Defendants seek to introduce entries relating to Plaintiff's "co-arrestee", *i.e.*, her

boyfriend, from that night.  (Pl. Mem. at 6-7.)  Because the Court construes Defendants' motion to be limited to entries relating to Plaintiff, and not her boyfriend, and because such entries are admissible under the "present sense impression" exception to the hearsay rule, the Command Log entries regarding Plaintiff will be admissible at trial.  *See* Fed. R. Evid. 803(1) (defining present sense impression as a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it"); *United States v. Steele*, 216 F. Supp. 3d 317, 322–23 (S.D.N.Y. 2016) ("'For statements to qualify as present sense impressions, precise contemporaneity is not required.'" (quoting *United States v. Ilbanez*, 328 F. App'x 673, 675 (2d Cir. 2009))); *see also* Fed. R. Evid. 803 advisory committee's note ("[I]n many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable.").[1]

## III. Admission of Memo Book Entries

Defendants seek to introduce, pursuant to the business records exception, portions of Defendant Dieugenia's memo book relating to the events surrounding Plaintiff's arrest.  (Defs. MIL at ECF 5-6.)  Plaintiff does not object to the admission of this evidence, unless Plaintiff's false arrest and unlawful stop and search claims are dismissed, in which event, Plaintiff argues, the memo book entries are irrelevant.  (Pl. Mem. at 7.)  As previously discussed, Plaintiff's false arrest and unlawful stop and search claims will proceed to trial.  Because memo book entries are admissible under different exceptions to the hearsay rule, Dieugenia's memo book entries will be admissible at trial.  *See*, *e.g.*, *Davis v. City of New York*, 959 F. Supp. 2d 427, 434–35 (S.D.N.Y. 2013) (stating that a note in a memo book is a "standard example of a record of a regularly

---

[1] The Court notes that with respect to the contemporaneity requirement of Rule 803(1), the Court deems the relevant timing to be the period between Plaintiff arriving at the precinct—not her arrest—and the making of Brofksy's entries in the Command Log.  Based on the fact that approximately 14 minutes elapsed between Plaintiff's *arrest* and the Command Log entries, the relevant period of time for purposes of the Court's Rule 803(1) analysis is less than 14 minutes.

conducted activity under Rule 803(6)," the business records hearsay exception (citations omitted)); *Murphy v. Metro. Transp. Auth.*, No. 05-CV-376, 2009 WL 1044604, at *1–2 (S.D.N.Y. Apr. 14, 2009) (admitting police officer's memo book as a business record under Rule 803(6) and/or a public record under Rule 803(8)); *Linton v. Bradt*, 775 F. Supp. 2d 574, 580 (E.D.N.Y. 2011) (holding that admission of notation in a memo book was "near-textbook application of the past recollection recorded hearsay exception," under Rule 803(5)).

## IV.     Preclusion of Awards Evidence

Defendants seek to preclude Plaintiff from introducing evidence relating to awards and recognition she has received for her civic engagement and public service.  (Defs. MIL at ECF 6-8.)  Plaintiff responds by representing that she "does not intend to present awards or recognitions during her case in chief".  (Pl. Mem. at 7 (full capitalization omitted).)  While this would appear, on its face, to moot the issue, the Court is concerned that Plaintiff may still seek to elicit testimony from Plaintiff regarding awards of this type that she has received, especially as it relates to her working with law enforcement officers.  For example, according to Defendants, among the awards that Plaintiff "indicated that she intends to introduce . . . Award from Law Enforcement and Community Youth Ceremony . . . [and] a Citation of Honor from the Kings County District Attorney in recognition of outstanding leadership, character, and service in promoting 'Progress Through Justice'".  (Defs. MIL at ECF 6.)  It is unclear to the Court that Plaintiff should be permitted to elicit testimony about her receipt of these awards, even assuming that she will not be seeking to admit the award itself.  Accordingly, if Plaintiff intends to present such testimony, she should be prepared to explain at the final pretrial conference why she should be permitted to do so.

**CONCLUSION**

For the reasons stated above, Defendants' motions *in limine* are granted in part and denied in part: (1) Plaintiff will be permitted to proceed at trial with claims for false arrest and unlawful stop and search, in addition to her excessive force claim; (2) Defendants will be permitted to introduce NYPD Command Log entries relating to Plaintiff from the night of her arrest; (3) Defendants will be permitted to introduce Defendant Dieugenia's memo book entries relating to the events at issue in this case; and (4) Plaintiff will not be permitted to introduce evidence, including testimony, relating to her receipt of awards and public recognition, unless she can justify the admission of this evidence at the final pretrial conference.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 13, 2017
        Brooklyn, New York

6