UNITED STATES DISTRICT COURT
EASHTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

NATIFAH COOPER,

                                                  Plaintiff,

                    -against-                                     **14 CV 6136 (PKC) (RLM)**

PAUL DIEUGENIA and ALEKSANDR PASYNKOV,

                                                  Defendants.

------------------------------------------------------------------------------- x

## <u>PROPOSED JURY INSTRUCTIONS</u>

          Defendants Paul Dieugenia and Alekssandr Pasynkov, by their attorney,

respectfully request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court

give the following instructions to the jury: [1]

---

[1] Defendants intend to rely on the defense of qualified immunity. As the Court in <u>Zellner v. Summerlin</u>, 494 F.3d 344 (2d Cir. 2007), and <u>Stephenson v. John Doe</u>, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law. Thus, defendants respectfully submit that the jury should not be charged on qualified immunity. Defendants also respectfully submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity. Defendants respectfully request an opportunity to submit special interrogatories at the appropriate time.

***PLAINTIFF'S PROPOSED "GENERAL INSTRUCTION" CHARGE[2]:***

*Pursuant to Your Honor's Individual Rule 4(B), plaintiff is providing only proposed charges relating to the elements of the claims, the damages sought and defenses.*

## PART I:  DEFENDANTS' PROPOSED GENERAL INSTRUCTIONS [3]

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such

---

[2] Plaintiff's portions are in *italics.*

[3] Defendants respectfully note that in addition to substantive instruction charges for the jury, they have also, in abundance of caution, submitted general instruction charges while being mindful that the Court may have its own preliminary and general instructions for use at trial.

conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiff and defendants may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true. Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel

also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Natifah Cooper.

In this civil trial, it is plaintiff's burden to establish each and every element of her claim by a preponderance of the credible evidence. The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true. If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendants on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right -- or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party -- that what she claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

## Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. It does not require any other evidence. It does not require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt. In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## Witness Credibility

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may

cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?  However, an interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### PLAINTIFF'S PROPOSED CHARGES REGARDING THE ELEMENTS OF THE CLAIM:[4]

Unless otherwise noted, Plaintiff's charge is taken from Your Honor's charge in the case of <u>Crockett et al v. The City of New York et al</u>, 11-CV-4378 (PKC)(RML).

### SECTION 1983 OVERVIEW

In this case, Plaintiff Natifah Cooper, whom I will refer to simply as Plaintiff in these instructions, claims that she was injured as the result of the deprivation, under color of State law, of rights secured to him by the United States Constitution, and by a federal statute which protects the civil rights of all persons within the United States. Specifically, she brings this case under a statute known as Section 1983 of Title 42 of the United States Code. Section 1983 states, in its relevant part:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a federal remedy for persons who have been deprived by state officials, or any persons acting under color of state law, of the rights, privileges, and immunities secured by the United States Constitution and federal statutes.

Here, Plaintiff claims that Defendants deprived her of her Fourth Amendment rights by (1) illegally stopping and searching her, (1) falsely arresting her, (2) using excessive force against her and (4) failing to intervene on her behalf.

In order to prove her claims under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

---

[4] Defendants object to Plaintiff's proposed Charges Regarding the Elements of the Claim and have submitted their own proposed section beginning on page 20.

*First*, that the conduct complained of was committed by a person acting under color of State law;

*Second*, that this conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

*Third*, that Defendants' acts were the proximate cause of the injuries and consequent damages sustained by Plaintiff.

*I will now explain the elements of these claims in more detail.*

**1. First Element: "Under Color of Law"**

*The parties do not dispute that, at all relevant times, Defendants were employed by the New York City Police Department and was acting under color of State law. Accordingly, you need not consider whether this first element of a Section 1983 claim is established in this case. The parties agree that it is.*

**2. Second Element: Deprivation of a Constitutional Right**

*The second element that Plaintiff must prove by a preponderance of the evidence is that Defendants deprived him of his constitutional rights.*

*In order for Plaintiff to establish this element, he must prove three things by a preponderance of the evidence: (1) that Defendants committed the acts alleged by Plaintiff; (2) that those acts caused Plaintiff to suffer the loss of a right protected by the United States Constitution; and (3) that in performing the acts alleged Defendants acted intentionally or recklessly. You must consider the evidence against each Defendant individually. Each Defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other Defendants.*

With regard to intent, it is not necessary to find that Defendants had any specific intent to deprive Plaintiff of her constitutional rights in order to find in favor of Plaintiff. Plaintiff need only prove that Defendants intended the actions which resulted in the violations of Plaintiff's rights, or that Defendants acted recklessly in that regard. An act is intentional if the actor knows he is doing it, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

In this case, Plaintiff has bought four separate and distinct claims that his Fourth Amendment rights were violated: (1) false arrest, (2) excessive force, (3) illegal stop and search and (4) failure to intervene.

### i. False Arrest

I will begin with Plaintiff's claim that Defendants falsely arrested her. A person is falsely arrested if she is detained without probable cause.

The parties do not dispute that Plaintiff was detained for the purposes of her false arrest claim. You do not need to make a determination whether Plaintiff was actually detained, because the parties agree that she was.

However, you must consider whether Defendants had probable cause to detain Plaintiff. Probable cause to arrest exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime has been committed by the person to be arrested. Probable cause does not require an actual showing of criminal activity, only the objectively reasonable probability of criminal activity at the moment of the arrest. Defendants bear the burden of proving that there was probable cause to arrest Plaintiff. As I mentioned earlier, the plaintiff ordinarily bears the

burden of proving the claims at issue, but this is the one exception. With respect to Plaintiff's false arrest claim, Defendants bear the burden of proving that there was probable cause to arrest Plaintiff.

Probable cause is measured by determining the knowledge of the arresting officer as of the time of the arrest. Probable cause exists where law enforcement officials have knowledge or reasonably trustworthy information about facts and circumstances sufficient to warrant a person of reasonable caution to believe that a crime had been committed by the person to be arrested. To determine whether there is probable cause you must examine the totality of the circumstances. Probable cause exists even when it is based on mistaken information, so long as the arresting officer was reasonable in relying on that information.

To determine whether there was probable cause to arrest Plaintiff, you should only consider those facts that were actually available to Defendants, or could have been perceived by Defendants at the moment they detained Plaintiff. However, you need not assess probable cause on the basis of only one Defendant's knowledge. Rather, probable cause may be established even where the arresting Defendant officer lacked specific information to form the basis for probable cause or reasonable suspicion, but other officers who initiated or were involved with the investigation had sufficient information to justify the arrest, and that information was communicated, even if indirectly, to the arresting Defendant-Officer.

Defendants contend there was probable cause to arrest Plaintiff for one or more of the following crimes or attempts to commit these crimes: disorderly conduct; harassment in the second degree; obstruction of governmental administration, resisting arrest, menacing in the second degree; menacing in the third degree; unleashed dog; failure to control an animal; open fire in a park and/or trespass. Plaintiff disputes that she committed any crime the night of the

*incident. I will now describe the specific crimes, though the fact that I am instructing you on the elements of these crimes is not intended in any way to reflect a view by the Court on whether such crimes were committed or attempted by Plaintiff:*

*a. Disorderly Conduct [5]*

*A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior . . . He obstructs vehicular or pedestrian traffic . . . or . . . He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.*

*b. Harassment in the Second Degree [6]*

*A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.*

*c. Obstruction of Governmental Administration [7]*

*A person is guilty of obstructing governmental administration in the second degree when she intentionally obstructs, impairs, or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function,*

---

[5] *N.Y. Penal L. § 240.20*

[6] *N.Y. Penal L. § 240.26*

[7] *N.Y. Penal L. § 195.05*

by means of physical force or interference, or by means of any independently unlawful act, or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.

### d. Resisting Arrest[8]

A person is guilty of resisting arrest when she intentionally prevents or attempts to prevent a police officer from effecting an authorized arrest of herself or another person.

### f. Menacing in the Second Degree[9]

A person is guilty of menacing in the second degree when, he intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

### g. Menacing in the Third Degree[10]

A person is guilty of Menacing in the Third degree when, by physical menace, she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.

### h. Unleashed Dog[11]

---

[8] N.Y. Penal L. § 205.30

[9] N.Y. Penal L. § 120.14

[10] N.Y. Penal L. § 120.15

[11] N.Y.C. Health Code § 161.05(a)

A person is guilty of having an unleashed dog when a person who owns, possesses or controls a dog permits it to be in any public place or in any open or unfenced area abutting on a public place and the dog is not effectively restrained by a leash or other restraint no more than six feet long.

### h. Failing to Control an Animal[12]

A person is guilty of failing to control animals when she owns, possesses, or controls any animal and allows such animal to be unleashed or out of control in a manner prohibited by the rules of the Parks Department in a public park or property under the charge and control of the Parks Department.[13]

### g. Open Fire in a Park[14]

A person is guilty of an open fire in a park when a person kindles, builds, maintains, or uses a fire in any place, portable receptacle, or grill except in places so designated by sign or by special permit. In no event shall open or ground campfires be allowed in any park.

### g. Trespass[15]

A person is guilty of trespass when she knowingly enters or remains unlawfully in or upon premises.

---

[12] N.Y.C. Administrative Code § 18-146(c)(7)

[14] N.Y.C. Administrative Code Section FC § 307.1

[15] N.Y. Penal L. § 140.05

### ii. Excessive Force

*If a police officer uses excessive force while arresting an individual, the police officer has deprived that individual of a federal right. In other words, a law enforcement official may employ only the amount of force reasonably necessary under the circumstances to make the arrest.*

*To determine whether Defendants subjected Plaintiff to excessive force, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime at issue; whether Plaintiff posed an immediate threat to the safety of Defendants or others; and whether Plaintiff actively resisted arrest or attempted to evade arrest by flight.*

*The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene. You are not to judge Defendants' conduct with the 20/20 vision of hindsight. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force and a constitutional deprivation. You must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation. The determination of whether force is reasonable is an objective one: the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting him or her, without regard to his or her underlying intent or motivation.*

If you find that the amount of force used was greater than a reasonable law enforcement officer would have employed given the circumstances, Plaintiff will have established her claim for excessive force. If you find that the force used was reasonable, then you should find for Defendant on this claim.

To determine whether Defendants subjected Plaintiff to excessive force, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime at issue; whether Plaintiff posed an immediate threat to the safety of Defendants or others; and whether Plaintiff actively resisted arrest or attempted to evade arrest by flight. If a police officer reasonably believes that the person being arrested poses a significant threat to kill or inflict[16]

### iii. Unlawful Stop and Search[17]

Plaintiff claims that she was unlawfully stopped and that she was unlawfully searched. In order to stop and search a person, a police officer must have reasonable suspicion that criminal activity may be afoot. If you find that the defendants did not have reasonable suspicion that Plaintiff engaged in criminal activity, you must find in favor of Plaintiff on her unlawful stop and search claim.

---

[16] Crockett et al v. The City of New York et al, 11-CV-4378 (PKC) (RML) involved the use of deadly force. As this case does not involve the use of deadly force, Defendants object to any reference of the standard for the use of the deadly force in this jury charge.

[17] *Source: United States v. Simmons, 560 F.3d 98, 103 (2d Cir. 2009); United States v. McCargo, 464 F.3d 192, 197 (2d Cir. 2006).*

### iv.     FAILURE TO INTERVENE[18]

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met: (1) that a defendant subjected plaintiff to an unlawful act; (2) that another defendant observed those actions and knew they were unlawful; (3) that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and (4) that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

---

[18] *Source: Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Instruction 7.02.2; O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).*

## PART II: DEFENDANTS' PROPOSED SUBSTANTIVE LAW[19]

To recover on any or all of plaintiff's claims against the defendants, plaintiff must prove by a preponderance of the evidence:

First, that the alleged incident happened as plaintiff claims, and that such conduct deprived the plaintiff of a right protected by the Constitution of the United States, and Second, that the conduct of the defendants was the proximate cause of the injuries and damages sustained by plaintiff.

I will now explain to you these two elements that plaintiff must prove by a preponderance of the evidence:

## First Element: Deprivation of a Right

Turning to the first element of the plaintiff's claims against the defendants, that is, that she was deprived of a federal right, the plaintiff must prove each of the following by a preponderance of the credible evidence:

First, that the defendants committed the acts as alleged by the plaintiff;

Second, that those acts as alleged by plaintiff caused the plaintiff to suffer the loss of a federal right;

Third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.

I will now explain each of these elements to you.

You must first determine whether the defendants committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for the plaintiff to

---

[19] Defendants reserve the right to include additional substantive jury charges at the time of trial.

prevail on her claims, there must be some evidence of personal involvement by the defendant. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement by the defendants for the constitutional violations alleged by the plaintiff.  If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of her claims regarding the deprivation of her constitutional rights against that defendant.  Although there are two defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

Second, if you determine that a defendant committed the acts as alleged by the plaintiff, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right.

Third, the plaintiff must establish that the defendant acted intentionally or recklessly.  An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether a defendant acted with the requisite state of mind, you should remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to rely on your understanding of what was done, what

the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

## Second Element: Proximate Cause

The second element which the plaintiff must prove by a preponderance of the credible evidence is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.

## FALSE ARREST

First, plaintiff Natifah Cooper claims that defendant Sergeant Paul Dieugenia falsely arrested her.

The elements of false arrest are as follows: 1) The defendant intended to confine plaintiff; 2) The plaintiff was conscious of the confinement; 3) The plaintiff did not consent to the confinement; 4) The confinement was not otherwise privileged. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Savino v. City of New York, 331 F.3d. 63, 75 (2d. Cir. 2003); Broughton v. State, 37 N.Y.2d 451, 456 (1975). The burden is on the plaintiff to prove by

a preponderance of the evidence each of the first three elements. If you find that plaintiff failed to prove any of these first three elements with respect to a defendant, you must find for the defendant. If you find that plaintiff has proven by a preponderance of the evidence each of the first three elements, then you should turn your attention to whether the confinement was privileged.

With respect to the element of "not otherwise privileged," an arrest is privileged or lawful if probable cause existed to believe that plaintiff was committing, or had committed, a crime or crimes.

Probable cause exists if the facts and circumstances known to the defendants at the time of the arrest were such as to lead a reasonably prudent person to believe that plaintiff had committed, was committing a crime or was about to commit a crime. An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[20] The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause. See Montes v. Kings, 00 CV 4707 (RCC), 2007 U.S. Dist Lexis 14464, (S.D.N.Y 2002); see also Marshall v. Sullivan, 105 F.3d. 47, 54 (2d Cir 1996); Annunziata v. City of New York, 06 CV 7637 (SAS), 2008 U.S. Dist. LEXIS 442097 at *16 (S.D.N.Y. May 28, 2008).

The existence of probable cause is measured at the moment of arrest, not based on later developments.[21] This is why the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.[22] So long as there is probable cause, a defendant is not

---

[20] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012).

[21] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012), and Tsesarskaya v. City of New York, 11 CV 4897 (AJP) (S.D.N.Y. 2012).

[22] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. 2012), and Benushi v. Palmer, 08 CV 2937 (KAM) (EDNY 2011).

required to explore every theoretical claim of innocence before an arrest. Panetta v. Crowley, 460 F.3d. 388, 396 (2d Cir. 2006). In fact, a defendant has no duty to investigate any claims of innocence made by a plaintiff. Panetta, 460 F.3d. at 396.[23] Moreover, probable cause is not defeated simply because a defendant ignored any statements of innocence by a plaintiff or his witnesses. Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006).

I instruct you further that the law recognizes that not every defendant can be aware of every aspect of an investigation. Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all defendants who are working together in an investigation.[24] The knowledge of each of the defendants is presumed known to all. See United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001).

Moreover, once a defendant possesses facts sufficient to establish probable cause, he is neither required, nor allowed to sit as prosecutor, judge or jury. See Panetta, 460 F.3d at 396; see also Cerrone v. Brown, 246 F.3d 194, 203 (2d Cir. 2001). Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence. Probable cause can exist even where it is based on mistaken information, so long as the defendants acted reasonably and in good faith in relying on that information. See Dawson v. Snow, 356 Fed. Appx. 526 (2d Cir. 2009).

The existence of probable cause is not measured by the strict standards required for criminal conviction.[25] A defendant need not have been convinced beyond a reasonable doubt

---

[23] See also Annunziata v. City of New York, 06 CV7637 (SAS) (SDNY 2008).

[24] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (SDNY 2012) (referring to the "fellow officer rule").

[25] Adopted from Manigault v. Brown, 11 CV 4307 (LAK) (SDNY 2012).

at the time of an arrest that a criminal offense was being or had been committed. Before making an arrest, if the defendant has probable cause, he need not also believe with certainty that the plaintiff will be successfully prosecuted. See Curley v. Village of Suffern, 268 F.3d. 65, 70 (2d Cir. 2001). Probable cause requires only a fair probability that an offense has been or is being committed.

Additionally, there need not have been evidence proving each of the elements of the offense at the time of the arrest. See Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004); Michigan v. DeFilippo, 443 U.S. 31, 36 (1979). Many crimes require that the individual commit an act with a certain intention or state of mind. However, for the purposes of probable cause, when a defendant has evidence that plaintiff engaged in conduct prohibited by law, he has probable cause to arrest the plaintiff even without specific evidence on the elements of knowledge and intent that will have to be proved by the prosecutor to secure a conviction at trial. See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005). This is supported by the law's general recognition that the fact that an innocent explanation may be consistent with the facts as alleged does not negate probable cause. See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005).

Moreover, it is not necessary to show that there was probable cause for each possible offense that plaintiff committed or was committing.[26] A defendant need only have probable cause to believe that plaintiff was committing or had committed an offense or crime.[27] An arrest made with probable cause is lawful even though the plaintiff may not have committed

---

[26] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[27] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

*any* of the offenses for which he was arrested.[28]  See Marcavage v. City of New York, 689 F.3d 98, 109-10 (2d Cir. 2012).

Finally, you cannot take into account any perceptions you may have regarding any defendant's underlying intent or motivation.  Even if a defendant acts with evil intentions, that defendant will not have violated the law if he had probable cause under the circumstances.[29]

The question for you to answer is whether the defendants had, by a preponderance of the evidence, probable cause to believe that plaintiff was committing, or had committed, *any* crime or offense - - not only the ones with which plaintiff was ultimately charged.

I am now going to describe to you the offenses you may consider in deciding whether there was probable cause to arrest plaintiff for any one of the following offenses on April 17, 2013. With regard to these offenses, you must also consider whether there was probable cause to arrest plaintiff for an attempt of any of these offenses.  An attempt is defined under New York State Law as "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, she engages in conduct which tends to effect the commission of such crime."[30]  Now to the offenses themselves.

A person is guilty of Disorderly Conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, she engages in fighting or in violent, tumultuous or threatening behavior . . . . She makes unreasonable noise . . . In a public place, she uses abusive or obscene language, or makes an obscene gesture…  or . . .  She

---

[28] This charge stems from the opinion in Devenpeck.  See also Jaegly v. Couch, 439 F.3d. 149 (2d Cir. 2006), the "focus is on the validity of the arrest, and not the validity of each charge." See Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[29] Adopted from Spero v. Tudor, 11 CV 4850 (BMC) (EDNY 2012).

[30] N.Y. Penal L. § 110.00

creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.[31]

A person is guilty of harassment in the second degree when, with intent to harass, annoy, or alarm another person: She strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.[32]

A person is guilty of obstructing governmental administration in the second degree when she intentionally obstructs, impairs, or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of physical force or interference, or by means of any independently unlawful act, or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.[33]

A person is guilty of resisting arrest when she intentionally prevents or attempts to prevent a police officer from effecting an authorized arrest of herself or another person.[34]

A person is guilty of having an unleashed dog when a person who owns, possesses or controls a dog permits it to be in any public place or in any open or unfenced area abutting on a public place and the dog is not effectively restrained by a leash or other restraint no more than six feet long.[35]

---

[31] N.Y. Penal L. § 240.20

[32] N.Y. Penal L. § 240.26

[33] N.Y. Penal L. § 195.05

[34] N.Y. Penal L. § 205.30

[35] N.Y.C. Health Code  § 161.05(a)

A person is guilty of failing to control animals when she owns, possesses, or controls any animal and allows such animal to be unleashed or out of control in a manner prohibited by the rules of the Parks Department in a public park or property under the charge and control of the Parks Department.[36]

A person is guilty of an open fire in a park when a person kindles, builds, maintains, or uses a fire in any place, portable receptacle, or grill except in places so designated by sign or by special permit. In no event shall open or ground camp fires be allowed in any park.[37]

A person is guilty of Menacing in the Second degree when, she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.[38]

A person is guilty of Menacing in the Third degree when, by physical menace, she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.[39]

A person is guilty of trespass when she knowingly enters or remains unlawfully in or upon premises.[40]

---

[36] N.Y.C. Administrative Code § 18-146(c)(7)

[37] N.Y.C. Administrative Code Section FC § 307.1

[38] N.Y. Penal L. § 120.14

[39] N.Y. Penal L. § 120.15

[40] N.Y. Penal L. § 140.05

If you find that probable cause existed – or, in other words, it was reasonable to believe that plaintiff had committed the offenses of Disorderly Conduct, Harassment in the Second Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Unleashed Dog, Unleashed Animal in a Park, Open Fire in a Park, Menacing in the Second Degree, Menacing in the Third Degree, Trespass, or an attempt of any of these offenses – your inquiry ends here and you must find in favor of the defendants.  Please also note, you do not have to be unanimous on which offense you find probable cause; you need only to be unanimous that probable cause existed for *any* offense.[41]

### **UNLAWFUL STOP AND SEARCH**

The Fourth Amendment protects each of us against unreasonable searches and seizures by the police.  The Fourth Amendment is violated, however, only if you find that the police officers acted unreasonably.

A police officer has the right to stop a person in a public place when the officer reasonably suspects that the person has committed or is about to commit a crime and ask the person his name, address, and to explain his conduct.  N.Y. Crim. Proc. Law § 140.50(1); Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889 (1968).  The police officer need not actually establish that the individual engaged in criminal activity before stopping the person. "A law enforcement official, given appropriate circumstances, may approach an individual acting in a suspicious manner if the investigative stop is based on facts that generate a 'reasonable suspicion' that the individual is engaged in criminal activity."  United States v.

---

[41] See also Jaegly v. Couch, 439 F.3d 149,.  (2d. Cir. 2006) ("Following Devenpeck, we conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. Stated differently, when faced with a claim for false arrest, we focus on the validity of the arrest, and not on the validity of each charge.").

Ramirez-Cifuentes, 682 F.2d 337, 341 (2d Cir. 1982). For the purpose of determining whether police officers had reasonable suspicion to make an investigatory stop, the actual motivations of the individual officers involved in the stop are irrelevant. Holeman v. City of New London, 425 F.3d 184, 190 (2d Cir. 2005).

An officer conducting a stop does not have to have knowledge of all or any of the facts and circumstances to establish the reasonable suspicion that is required. An officer acts lawfully when he reasonably relies upon the information received by other law enforcement officials. Thus, if the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is reasonable suspicion, then the officer relying on that information also has reasonable suspicion to conduct the investigatory stop. A police officer conducting a stop is entitled to act on information received from other officers based upon the presumption that those other officers furnishing information to the officer possess the necessary reasonable suspicion.

In addition, police officers are not required to ignore the relevant characteristics of a particular location, such as whether it is a high-crime area, in determining whether circumstances are sufficiently suspicious to warrant further investigation. Illinois v. Wardlow, 528 U.S. 119, 124-25, (2000). "The determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." United States v. Ramirez-Cifuentes, 682 F.2d 337, 341 (2d Cir. 1982). Additionally, you should consider that an individual's nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673 (2000).

During a stop based on reasonable suspicion, officers may conduct a "pat-down frisk" if the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968).  Further, "where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled... to conduct" this pat down frisk, which is intended be "a carefully limited search of outer clothing of such persons in an attempt to discover weapons...." <u>Id.</u>

You must determine, based on the standards that I have just described, whether the stop and search occurred in the manner plaintiff claims and if so, whether defendant Dieugenia violated plaintiff's rights protected by the Fourth Amendment.

## <u>EXCESSIVE FORCE</u>

The plaintiff alleges that defendant Dieugenia violated her Fourth Amendment rights by using excessive force.  Defendants dispute plaintiff's version of events, and contend that defendant Dieugenia's actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on this claim, you must find three (3) things: first, that she suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendant, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[42]   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.   That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[43]   In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[44]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.   On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.   You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the force was unnecessary, unreasonable, or excessively violent.   Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[45]   In determining

---

[42] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[43] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[44] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

[45] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[46]   In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant you are considering or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.[47]   Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.

      Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.   Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[48]   Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[49]

      You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.   They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[50]   The question is only whether the officer's actions are objectively reasonable in light

---

[46] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[47] Taken from the instructions given by Hon. Paul A. Engelmayer in Diaz, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[48] Graham, 490 U.S. at 396

[49] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[50] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

of all the facts and circumstances confronting him. In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[51]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[52] You are not to consider the officer's underlying intent or motivation.[53] I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[54]

Defendants deny that they subjected the plaintiff to excessive force. Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by her took place. If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant Dieugenia on this claim. If your answers are yes, then in determining whether the acts of the defendant Dieugenia caused the plaintiff to

---

[51] Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[52] See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[53] Graham, 490 U.S. at 396.

[54] See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

<u>**FAILURE TO INTERVENE**</u>

The plaintiff claims that defendant Pasynkov failed to intervene to stop defendant Dieugenia from punching plaintiff in the face, slamming her to the ground, and digging his knee into her back. A police officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers, and failure to prevent that violation can be grounds for § 1983 liability. In order to hold a defendant liable for failing to intervene, you must first find that another defendant or other defendants used excessive force on the plaintiff in punching plaintiff in the face, slamming her to the ground, and digging his knee into her back.

If you find that the alleged punching plaintiff in the face, slamming her to the ground, and digging his knee into her back either did not occur or was not a use of excessive force, then you must return a verdict for defendant Pasynkov on this count. If you have found that defendant Dieugenia used excessive force in punching plaintiff in the face, slamming her to the ground, and digging his knee into her back, then for defendant Pasynkov to be liable for failure to intervene, the plaintiff must prove that (1) the defendant observed the use of excessive force by the other defendant or had reason to know that the other defendant was using excessive force against the plaintiff, <u>and</u> (2) that the defendant had a realistic opportunity to intervene to prevent that harm from occurring.

***PLAINTIFF'S PROPOSED CHARGES REGARDING DAMAGES[55]:***

***<u>Damages – Introduction[56]</u>***

*If plaintiff has proven by a preponderance of the evidence that one or more of the defendants is liable on one or more of their claims, then you must determine the damages to which plaintiff is entitled. However, you should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to recovery.*

*If you find that plaintiff is entitled to recover from one or more of the defendants for any claim, you must render a verdict in a sum of money which will justly and fairly compensate the plaintiff for all loss resulting from the conduct for which one or more defendants is liable to plaintiff.*

*If you find that no defendant is liable to plaintiff on their claims, you need not consider the issue of damages.*

---

[55] Defendants object to Plaintiff's Proposed Charges Regarding Damages and have inserted their own proposed section for damages beginning on page 40.

[56] *Adapted from 1 L. Sand, et al., Modem Federal Jury Instructions § 77-1; 1 NY PJI2d 2:277*

### *Damages – Compensatory Damages*[57]

The purpose of the law of damages is to award, as far as possible, just and fair compensation for any loss which resulted from any defendant's violation of the plaintiff's rights. If you find that any of the defendants is liable on any of the plaintiff s claims, as I have explained it, then you must award plaintiff sufficient damages to compensate him for any injury proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole that is, to compensate her for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for economic loss, physical injury, pain and suffering, mental anguish, and shock and discomfort that he has suffered because of the defendants' conduct.

The law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness or accuracy as the circumstances permit. You are to use your sound discretion in fixing an award, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

I will now talk a little bit more about the types of compensatory damages plaintiff is seeking.

---

[57] *Adapted from 1 L. Sand, et al., Modern Federal Jury Instructions § 77.01, Instruction 77-3.*

### _Damages – Pain and Suffering_[58]

If you find that plaintiff has established his claim, you must award her a sum which will justly and fairly compensate her for: (1) any physical injury, pain and suffering and emotional distress already experienced and which the wrongful conduct of the defendants was a substantial factor in bringing about.

In determining the amount, if any, to be awarded plaintiff for pain and suffering, you may take into consideration inconvenience and loss of enjoyment of life caused by the defendants' conduct.

---

[58] _Adapted from PJI §§ 280.1, 284; see Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 306-07 (1986) ("When Section 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts" and "may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . personal humiliation, and mental anguish and suffering.") (citations and internal quotations omitted); Townes v. City of New York, 176 F.3d 138, 147 -148 (2d Cir. 1999)("basic purpose" of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights"; type and amount of such damages "is ordinarily determined according to principles derived from the common law of torts."); Connor v. Ulrich, 153 F.Supp.2d 199, 201 (E.D.N.Y. 2001) (where plaintiff prevailed on excessive force claim, jury awarded compensatory damages for physical injury, pain and suffering and emotional distress)._

## _Punitive Damages_[59]

You have the discretion to award punitive damages to punish a defendant or defendants for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory damages. You may also award punitive damages on their own, even if you find that the plaintiff did not establish actual compensatory damages.

You may award the plaintiff punitive damages if you find that the acts or omissions of any defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiff s rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he is aware, or when a defendant has a conscious desire to injure a plaintiff in a manner he knows to be unlawful. If you find by a preponderance of the evidence that one or more defendants acted with malicious intent to violate the plaintiff's federal rights or if you find that one or more defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages

---

[59] Adapted from 5 L. Sand, et al., Modern Federal Jury Instructions, at 87-92.

are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent defendants from again performing any wrongful acts they may have performed, or whether punitive damages are appropriate to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

## PART IV:  DEFENDANTS' PROPOSED DAMAGES

### General Instructions[60]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of her claims for relief, you must then decide if she suffered any injuries as a result of the violation of her rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on her claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

### Compensatory Damages[61]

If you return a verdict for the plaintiff, then you may award her such sum of money as you believe will fairly and justly compensate her for any injury you believe he actually sustained as a direct consequence of the conduct of defendants.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that she has proven by a preponderance of the credible evidence.

---

[60] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

[61] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendants you have found liable. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by a defendant, and that are a direct result of conduct by a defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which she suffered that was not caused by the violation of her rights at issue here. You may, however, compensate the plaintiff to the extent that you find that she was further injured by the defendant's violations of her rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

## <u>Damages:  Multiple Claims</u>

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate her for her injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries she suffered.  But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.


## <u>Nominal Damages</u>[62]

If you return a verdict in the plaintiff's favor on her § 1983 claims but find that she failed to meet her burden of proving, by a preponderance of the credible evidence, that she suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[63] Therefore, if you find that the plaintiff has suffered no injury as a result of a defendant's conduct

---

[62] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[63] <u>Smith v. Wade</u>, 461 U.S. 30, 52-56 (1983).

other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### Punitive Damages[64]

Plaintiff also seeks punitive damages in this case. If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.[65]

---

[64] Defendants maintain that the jury should not be instructed on punitive damages at this time. Although defendants contend that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against the defendants in this case, defendants propose the following language on punitive damages should the Court find that the charge is necessary.

[65] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

## Taxes and Attorneys' Fees

If you do make an award of damages, such an award is not subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages or increase the award for taxes. Also, you should not concern yourselves with what a plaintiff would have to pay her attorneys for fees or expenses in deciding damages.

## Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

# PART V:  DEFENDANTS' PROPOSED CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law.

## a.  Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin your deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

## b.  Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with

any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### c. Juror's Recollection Governs

Your recollection governs – no one else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you. Again, you may make such a request by a note to a marshal. I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations. Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

During the trial certain items were received into evidence as exhibits. If, after you have begun your discussions on the case, you think it would be helpful to have any of the exhibits with you in the jury room, you may make the request by a note to the marshal and I will send the exhibits in to you.

### d. Deliberations and Unanimous Verdict

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violation your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion

of your fellow jurors, you should examine the issues and evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing so, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and a true verdict render.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further on which you need to be instructed.

Dated: New York, New York
       September 18, 2017

<div style="margin-left: 40%;">

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants Dieugenia and Pasynkov*
100 Church Street, 3rd Floor
New York, New York 10007
Tel: (212) 356-2651

By: _____/s/_____

       Evan Brustein

</div>

Robert Marinelli
*Attorney for Plaintiff*
10305 Broadway, Suite 1001
New York, New York 10007
Tel: (212) 822-1427

By: _____/s/_____

      Robert Marinelli