

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Ashley R. Garman<br>Senior Counsel<br>phone: (212) 356-3539<br>fax: (212) 356-3509<br>email: agarman@law.nyc.gov |

October 2, 2017

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Natifah Cooper v. Paul DiEugenia, et al.</u>, 14 CV 6136 (PKC) (RLM)

Your Honor:

        I am an attorney for defendants in the above-referenced matter. I write, at the Court's direction at this afternoon's charging conference, to (1) provide the Court with case law supporting the proposition that a dog can be a "dangerous instrument" for the purposes of N.Y.P.L. § 120.14; and (2) to provide the Court with defendants' proposed special interrogatories.

    1. <u>**"Dangerous Instrument"**</u>

        Your Honor asked defendants to provide case law supporting their contention that a dog can be a "dangerous instrument" for the purposes of the crime of Menacing in the Second Degree (N.Y.P.L. § 120.14). There is case law squarely on point. Confronting this exact issue, a Court in this District noted that "courts have specifically held that a dog can be considered a 'dangerous instrument' for purposes of menacing in the second degree." *Frederique v. County of Nassau*, 168 F.Supp.3d 455, 492 (E.D.N.Y. 2016) (finding that there was probable cause to arrest plaintiff for menacing in the second degree for threatening to release his pit bull on police officers), citing *People v. Garraway*, 187 A.D.2d 761, 762, 589 N.Y.S.2d 942 (N.Y. App. Div. 3d Dep't 1992) (holding that a pit bull dog was a dangerous instrument); *People v. Torrez*, 86 Misc.2d 369, 371, 382 N.Y.S.2d 233 (Sup. Ct. Bronx Cty. 1976) (holding that a German Shepard dog was a dangerous instrument).

        Accordingly, defendants respectfully submit that the jury should be charged that they should consider, *inter alia*, whether there was probable cause to arrest plaintiff for Menacing in the Second Degree, and should be further charged that a dog can be a dangerous instrument.

Hon. Pamela K. Chen, U.S.D.J.
October 2, 2017
Page 2 of 3

### 2. Defendants' Proposed Special Interrogatories

Defendants respectfully request that, in the event that the jury returns a finding of excessive force, the following special interrogatories be submitted to the jury:

1. Has plaintiff proven by a preponderance of the evidence that Defendant DiEugenia subjected her to excessive force by punching plaintiff in the face?

2. Has plaintiff proven by a preponderance of the evidence that Defendant DiEugenia subjected her to excessive force by pushing plaintiff's face into the ground?

3. Has plaintiff proven by a preponderance of the evidence that Defendant DiEugenia subjected her to excessive force by digging his knee into plaintiff's back?

4. Has plaintiff proven by a preponderance of the evidence that Defendant DiEugenia subjected her to excessive force by handcuffing plaintiff too tightly?

Defendants also respectfully request that, in the event that the jury returns a finding of false arrest, the following special interrogatories be submitted to the jury:

1. Did DiEugenia reasonably believe, even if mistaken, that plaintiff's dog was unleashed?

2. Did DiEugenia reasonably believe, even if mistaken, that plaintiff built, maintained or used an open fire on the beach?

3. Did DiEugenia reasonably believe, even if mistaken, that plaintiff was in a City park after dusk?

4. Did DiEugenia reasonably believe, even if mistaken, that plaintiff pushed him?

5. Did DiEugenia reasonably believe, even if mistaken, that plaintiff was interfering or attempting to interfere with the arrest of Alexander Kosterkin?

6. Did DiEugenia reasonably believe, even if mistaken, that plaintiff engaged in behavior that caused a crowd to form?

Hon. Pamela K. Chen, U.S.D.J.
October 2, 2017
Page 3 of 3

    7.    Did DiEugenia reasonably believe, even if mistaken, that plaintiff was engaging in violent, tumultuous or threatening behavior?

    8.    Did DiEugenia reasonably believe, even if mistaken, that plaintiff was making unreasonable noise?

    9.    Did DiEugenia reasonably believe, even if mistaken, that plaintiff used abusive or obscene language?

    10.    Did DiEugenia reasonably believe, even if mistaken, that plaintiff created a hazardous or physically offensive condition by any act that served no legitimate purpose?

    11.    Did plaintiff's dog bite DiEugenia?

    12.    Did DiEugenia reasonably fear being injured by plaintiff's dog?

We thank the Court for its consideration herein.

Respectfully submitted,

/s/

Ashley R. Garman
Senior Counsel
Special Federal Litigation Division

cc:    All counsel **(BY ECF)**