

ZACHARY W. CARTER
*Corporation Counsel*

# THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Ashley R. Garman
Senior Counsel
phone: (212) 356-3539
fax: (212) 356-3509
email: agarman@law.nyc.gov

October 3, 2017

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Natifah Cooper v. Paul DiEugenia, et al.</u>, 14 CV 6136 (PKC) (RLM)

Your Honor:

   I am an attorney for defendant in the above-referenced matter. We write to provide the Court with defendant's proposed additions and/or revisions to the most recent versions of the Verdict Sheet, Special Verdict Sheet and Jury Instructions.

**<u>Verdict Sheet</u>**

   Defendants respectfully request that the language under item "3" on page 2 be revised to read as follows:

*I<small>F YOU ANSWERED</small> "<small>NO</small>" <small>TO QUESTIONS</small> 1 <small>AND</small> 3, <small>YOUR DELIBERATIONS ARE DONE</small>. <u>P<small>LEASE HAVE THE FOREPERSON SIGN AND DATE THE VERDICT SHEET AND RETURN TO THE MARSHAL</small></u>. O<small>THERWISE CONTINUE TO QUESTIONS UNDER</small> "<small>DAMAGES</small>"*

**<u>Special Verdict Sheet</u>**

   Defendants respectfully submit that the word "knew" should be replaced with "believed" in questions 1-4, 6-8 and 11-14.

   Defendants also request that question 6 be revised to read as follows:

> 6. *Defendant Dieugenia saw or <u>believed</u> that Plaintiff waved her arms, or attempted to physically block Officer Pasynkov's path <u>during</u> the arrest of Alexander Kosterkin?*

Hon. Pamela K. Chen, U.S.D.J.
October 3, 2017
Page 2 of 2

Defendants also request that question 7 be revised to read as follows:

*7.  Defendant Dieugenia saw or believed that a crowd formed?*

Defendants also request that question 17 be revised to read as follows:

*17. Defendant Dieugenia dug <u>his</u> knee <u>into</u> Plaintiff's back while she was on the ground?*

Additionally, defendants propose the follow additional special interrogatories:

Do you find by a preponderance of the evidence that

1. Plaintiff refused to put her arms behind her back?
2. Plaintiff resisted being handcuffed while she was on the ground?
3. Plaintiff tried to get to Alexander Kosterkin while he was being arrested?
4. Plaintiff tried to take Alexander Kosterkin's phone?
5. An officer gave plaintiff permission to take Alexander Kosterkin's phone?

### Jury Instructions

Defendants respectfully submit that on page 14, the last sentence of part "c" should read: *"With respect to the crime of obstruction of governmental administration, you must find that the "official function" <u>being performed by the police officer or officers</u> was lawful."*

We thank the Court for its consideration herein.

Respectfully submitted,

/s/

Ashley R. Garman
Senior Counsel
Special Federal Litigation Division

cc:   All counsel **(BY ECF)**