

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

EVAN BRUSTEIN
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

October 16, 2017

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Natifah Cooper v. Paul DiEugenia, et. al.</u>, 14 CV 6136 (PKC)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant Paul DiEugenia. I write to respectfully request that the Court substitute non-party City of New York for defendant Paul DiEugenia for purposes of entering the judgment in this action. "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FRCP 25(c). The Second Circuit has interpreted the phrase "transfer of interest" to mean the "transfer of interest in the … property involved in the suit." <u>AngioDynamics, Inc. v. Biolitec, Inc.</u>, 775 F.3d 550, 555 (2d Cir. 2015).

      "A judgment against a public servant "in his official capacity" imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." <u>Brandon v. Holt</u>, 469 US 464, 474-472 (1985). To recover punitive damages against a public servant, the plaintiff must sue that officer in his individual capacity. <u>Ivani Contr. Corp. v. City of New York</u>, 103 F.3d 257, 262 (2d Cir. 1997).

      Here, plaintiff sued defendant DiEugenia in his individual and official capacities. <u>See</u> Complaint, at *8. However, while the jury awarded plaintiff $30,000 in compensatory damages, there were no punitive damages awarded. Not only has the City of New York received notice and an opportunity to respond, but it has also agreed to indemnify Defendant DiEugenia. As such, the interest in the property involved in this suit, the money owed to plaintiff, has transferred from Defendant DiEugenia to the City of New York. Furthermore, as no punitive damages were awarded against Defendant DiEugenia, the jury did not seek to punish him, but rather sought to compensate plaintiff for the damages that the jury found she suffered. As no

punitive damages were awarded, the finding against defendant DiEugenia is in his official capacity only. Therefore, Defendant DiEugenia should not have a judgment entered against him in his personal capacity. Accordingly, the substitution of the City of New York for defendant DiEugenia would not only not impact plaintiff in any way, but would also further the jury's decision to not punish Defendant DiEugenia.

For the foregoing reasons, it is respectfully requested that the Court substitute the City of New York, which is now the party of interest for defendant DiEugenia, so that the judgment can be entered against the City of New York.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Evan Brustein
Senior Counsel
Special Federal Litigation Division

CC: Robert Marinelli, Esq. (BY ECF)