UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NATIFAH COOPER,

        Plaintiff,

   - against –

Police Officer PAUL DIEUGENIA, Shield No. 13223,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-6136 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 5, 2017, a jury awarded $30,000 in compensatory damages to Plaintiff Cooper after finding that Defendant Paul DiEugenia had used excessive force in arresting Cooper, in violation of 42 U.S.C. § 1983. (Dkt. 71 at 2.) Following the verdict, the City of New York ("City"), a non-party to this case, requested that the Court "substitute [it] for Defendant Paul DiEugenia for purposes of entering the judgment in this action" pursuant to Fed. R. Civ. P. 25(c). (Dkt. 75 at 1; Dkt. 5.) Plaintiff opposed the City's motion on October 17, 2017. (Dkt. 76.) For the reasons set forth herein, the City's motion is denied.

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest [in a lawsuit] is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." The rule's purpose is "to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." *Learning Annex Holdings, LLC v. Rich Glob., LLC*, No. 09 CIV. 4432 SAS, 2011 WL 3423927, at *1 (S.D.N.Y. Aug. 3, 2011) (quoting James Wm. Moore et al., Moore's Federal Practice ¶ 25.30). No such transfer of interest has occurred in this case. The City argues that because it has "agreed to indemnify Defendant . . . the interest in the

property involved in this suit, the money owed to plaintiff, has transferred from Defendant DiEugenia to the City of New York." (Dkt. 75 at 1.) However, under section 1983, the City is *already* "the real party in interest in the plaintiff['s] official capacity claim." *Negron-Almeda v. Santiago*, 579 F.3d 45, 53 (1st Cir. 2009); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which the officer is an agent." (internal quotation marks and citation omitted)). As a result, no transfer of interest has occurred and the City's motion is denied.

Even if the Court could exercise its discretion under Rule 25(c) to "transfer Defendant's interest in this matter to the City"—on the theory that the City is the "real party in interest"—it would not do so. *See In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (finding that the addition or substitution of one party pursuant to Rule 25(c) "is a discretionary matter for the trial court"). While the City is correct that the jury awarded no punitive damages, the Court rejects its contention that because Defendant was found liable in his official capacity, he "should not have a judgment entered against him in his personal capacity." (Dkt. 75 at 2.) While the City acknowledges that Plaintiff is being compensated for "damages that the jury found that she suffered," (*id.* at 1), it conveniently elides the fact that the jury found that Defendant personally and directly caused those damages, by "push[ing] Plaintiff onto the ground," "push[ing] Plaintiff's face into the dirt," and "[digging] his knee into Plaintiff's back while she was on the ground." (Dkt. 72 at 2.) To substitute the City for Defendant in the judgment would amount to white-washing and erasing the history of Defendant's violation of Plaintiff's constitutional right to be free from excessive force, and would

2

negate the jury's verdict, which was returned specifically against *Defendant*.[1] While the City is liable for Defendant's monetary damages, *Brandon v. Holt*, 469 U.S. 464, 472–74 (1985), Defendant is still liable for his behavior.

## CONCLUSION

For the reasons stated above, the City's motion to substitute parties is denied.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: October 18, 2017
 Brooklyn, New York

---

[1] Indeed, the Court finds it significant that the City does not cite a single case in which such a substitution of parties has been granted.

3