

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN BRUSTEIN**
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

November 13, 2017

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Natifah Cooper v. Paul DiEugenia, et. al.</u>, 14 CV 6136 (PKC)

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, who along with co-counsel Ashley Garman represent defendant Paul DiEugenia. I write in opposition to plaintiff's letter requesting an extension of time to submit her motion for fees, dated November 12, 2017. The undersigned was in the process of drafting this opposition, when he received the Court's Order, dated November 13, 2017, and accordingly, respectfully requests that the Court reconsider its decision and deny plaintiff's application.

    By way of background, the Court entered judgment against Defendant DiEugenia on October 26, 2017. (<u>See</u> Clerk's Judgment, dated October 26, 2017, Civil Docket Report, at Document No. 78.) "Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure prescribes a tight time limit for any motion for attorneys' fees, to wit, within 14 days of the entry of judgment. The shortness of the period itself bespeaks an intent to limit such motions. <u>Mattel, Inc. v. Radio City Entm't</u>, 210 F.R.D. 504, 505 (S.D.N.Y. Oct. 22, 2002).

    "The law is clear that a motion for attorney's fees should be filed within fourteen days of entry of judgment by the district court, even if an appeal is filed." <u>Whelan v. Pascale</u> 13-CV-6998 (JFB) (AKT), 2016 U.S. Dist. LEXIS 26672, at *8 (E.D.N.Y. Mar. 2, 2016). "Congress's reasons for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were threefold: (1) to provide notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a prompt ruling of fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently, 'while the services performed are freshly in mind.' … Allowing district judges to extend the deadline for filing a motion for attorneys' fees without any showing of 'excusable neglect' would impede these

efficiency and fairness goals." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004). The Second Circuit has "preclude[ed] a grant of an extension in cases where the movant merely failed to follow 'the clear dictates of a court rule,' and has suggested that where a court rule is clear, a claim of excusable neglect must, 'in the ordinary course,' be rejected. See Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 1997); see also Slader v. Pearl Vision Inc., 199 F.R.D. 125, 126 (S.D.N.Y.) ('Given the normal presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed…')". Mattel, Inc. v. Radio City Entm't, 210 F.R.D. at 505.

Here, the deadline to file a motion for fees in this matter was November 9, 2017. Plaintiff has not and cannot point to any statute or court order that would have permitted plaintiff to ignore the 14-day deadline and file her motion for fees on November 12, 2017. However, plaintiff did not even file a motion for fees on that untimely date, but merely asked for an extension for her prospective motion. The statute governing the 14–day deadline is clear. Plaintiff has neither claimed confusion with the deadline, nor offered an excuse, neglectful or otherwise, for the untimeliness of her request. Plaintiff's claim that she would like an extension until after any motions are made neither excuses the delay in filing this request, nor is a basis for granting such an application.

Even if she may attempt to blame Defendant for plaintiff's failure to timely file her motion, such an argument is meritless. To the extent plaintiff's counsel, Robert Marinelli, reached out to Assistant Corporation Counsel Ashley Garman on November 8, 2017 seeking Defendant's position and heard no response, Mr. Marinelli should have contacted the undersigned, who not only appears as counsel on the docket sheet and was co-counsel throughout the trial, but was cc'ed by Mr. Marinelli himself in plaintiff's underlying application to the Court. Furthermore, assuming Mr. Marinelli emailed Ms. Garman on November 8, 2017, he would have received her out of office email, which states, "I will be on trial before the Honorable P. Kevin Castel in the US District Court for the Southern District of New York, beginning November 1, 2017, until about November 17, 2017. I will be checking e-mail, but I may not be able to get back to you right away." Notably, Mr. Marinelli did not reach out to the undersigned regarding this application and did not file a motion for fees within the statutorily prescribed time frame.

As plaintiff failed to timely file a motion for fees and her request for an extension was both untimely and without justification, Defendant respectfully requests that the Court deny plaintiff's motion.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

CC:     Robert Marinelli, Esq. (BY ECF)