UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

NATIFAH COOPER,

                             Plaintiff,

       -against-

POLICE OFFICER PAUL DIEUGENIA,

                             Defendant.

14-CV-6136 (PKC)

------------------------------------------------------- x

## DECLARATION OF ROBERT MARINELLI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

ROBERT MARINELLI declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I operate a small law firm in Downtown Manhattan.

2. I submit this declaration in support of plaintiff's motion for legal fees, costs and expenses, pursuant to 42 U.S.C. §1988 and in accordance with the terms of the judgment that was entered in favor of plaintiff against the defendant Paul Dieugenia, on October 26, 2017.

3. I worked on this matter with an associate, Drei Munar, and Co-Counsel, Ryan Lozar.

4. As discussed herein, plaintiff is requesting $138,571.25. This figure is based on the undersigned having expended more than 309 hours up to the point of the entry of judgment, and 20.9 hours preparing this motion for fees at an hourly rate of $425; Ms. Munar having billed 173.5 hours at a rate of $300 resulting in a fee of $51,450; and Mr. Lozar having billed 6.7 hours at a rate of $400 prior to judgment and 1.8 hours on the

instant motion resulting in a fee of $3,400. In addition, I seek $1,219 in costs and expenses.

5. Attached as Exhibit 1 are bills for plaintiff's expenses.

6. Attached as Exhibit 2 are my contemporaneous time records.

7. Attached as Exhibit 3 are Julienne Drei Munar's contemporaneous time records.

8. Attached as Exhibit 4 are Ryan Lozar's contemporaneous time records.

9. Attached as Exhibit 5 are Julienne Drei Munar's time records, with reduced hours, that she submits for payment.

10. Attached as Exhibit 6 are Ryan Lozar's time records, with reduced hours, that he submits for paymentAttached as Exhibit 7 are the special interrogatories submitted to the jury.

## THE TRIAL

11. On October 2, 2017, jury selection took place, followed by opening statements of counsel.

12. After three days of testimony from the plaintiff; Kosterkin; defendant; Pasynkov; and non-party witnesses Irina Kosterkin, Alexandr Kosterkin, and Lieutenant James Brodsky, followed by closing arguments and a charging conference, the jury began its deliberations on October 4, 2017.

13. The jury rendered a verdict finding that Dieugenia used excessive force against Cooper and awarded Cooper $30,000.00 in compensatory damages.

## Counsel's Background and Rate

14. I attended Brooklyn Law School, graduating in May 1992. I was admitted to practice law in the State of New York in 1993 and Southern and Eastern Districts in 2001. I have an extensive background in the area of civil rights law.

15. From the years 1998 through 2008, for the most part, I represented indigent clients in various New York State criminal and family courts. Initially as a lawyer with the Legal Aid Society of Orange County, and thereafter as part of a small partnership with Richard Cardinale and Michael Hueston.[1] During this partnership I actively participated in scores of civil rights matters.

16. I have tried over 20 criminal cases to verdict and have perfected scores of appeals to New York State Appellate Courts.

17. Since starting my own practice in 2008 I have prosecuted hundreds of §1983 cases, in the Eastern District and Southern Districts of New York.

18. Though Mr. Lozar, Ms. Munar, and I worked on the matter, we did not perform unnecessary or duplicative tasks, such as having multiple attorneys attend court conferences, participate in phone calls with defense counsel or defend depositions.

19. Though there were emails and phone calls between co-counsels, this is not an indication of duplicative work. It is normal for attorneys working on in tandem to confer about case strategy and discovery matters.

---

[1] Mr. Hueston left the partnership in 2007.

## The Requested Hourly Rate of $425 Is Reasonable

20. On behalf of the plaintiff, I am seeking to recover attorney's fees at the hourly rate of $425 for my work in this matter. In making this request, I have assessed the rates of other attorneys like myself who have been practicing a similar period of time and who have attained a similar level of expertise.

21. I have handled hundreds of cases involving claims of police misconduct that ended in favorable settlements for my clients. As discussed in the accompanying memorandum of law, an hourly rate of $425 is reasonable for an attorney with over twenty years of experience and eight years of specialized litigation in police misconduct matters. [2]

22. The clients that I represent in civil rights cases typically can only afford to retain an attorney on a contingency basis, and all of my cases are handled that way. I do not receive an initial retainer fee from any of my clients, nor do any of them make even a token contribution to litigation expenses. I am compensated based upon a percentage of any judgment or settlement, or through § 1988 fee awards or settlements.

23. Because the chance of losing a police misconduct case is high, I and other civil rights lawyers in New York, depend on the availability of a full "lodestar" recovery if we do prevail. See Perdue v. Kenny A., 130 S.Ct. 1662 (2010)("the 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.").

---

[2] This is in addition to my active participation in scores of police misconduct cases while in partnership with Richard Cardinale and Michael Hueston.

24. I bear all the costs of litigation while the case is pending and I have always released the client from any obligation to pay expenses that have been advanced if there is no recovery.

## Hours Expended on this Matter

25. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. See New York State Ass'n for Mentally Retarded Children v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Annexed as Exhibit 2 to this declaration are detailed and contemporaneous time records. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed in the successful prosecution of this case.

26. Based upon the attached time records, I have incurred $129,688.75 in attorney's fees on plaintiff's behalf for the work I performed as of the date of the entry of Judgment, which represents 309.9 hours at an hourly rate of $425 for legal work.

27. I have also incurred $8032.50 in attorney's fees for the work I performed on this fee application, which represents 18.9 hours at an hourly rate of $425.

28. I have also incurred $1,219 in costs. Annexed as Exhibit 1 to this declaration are non-taxable expenses of this litigation.

29. The fees and costs set forth herein do not include any further work which may be necessary on this motion (such as a Reply to the defendants' Opposition), or work to be performed by me in response to the Court's actions with respect to this fee application, including any appeal the parties may take. If warranted, plaintiff will supplement his request for fees and costs to reflect all work done on this matter from this point forward.

## Conclusion

30. In sum, all of the time I expended was reasonable and necessary to properly represent plaintiff. On plaintiff's behalf, I submit that she should be awarded costs and attorneys' fees totaling $129, 688.75 for work done prior to the entry of a final judgment and 8,882.50 for the work done on the instant motion, for a total of $138,571.25.

Dated: New York, New York
      December 26, 2017

                                                    /s
                                          Robert Marinelli