Index No.  14 CV 6136 (PKC) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATIFAH COOPER,

Plaintiff,

-against-

PAUL DiEUGENIA,

Defendant.

## DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Evan Brustein*
*Ashley R. Garman*
*Tel:  (212)256-2651/3539*
*Matter No. 2015-002151*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... iii

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS ......................................................................... 2

      A.  The Complaint and Amended Complaint ............................. 2

      B.  Discovery ........................................................................... 3

      C.  Withdrawal of Claims and Summary Judgment ................. 3

      D.  Trial .................................................................................. 4

      E.  Defendant's Attempts to Negotiate Fees, and
          Plaintiff's Fee Application ................................................ 5

STANDARD OF REVIEW ........................................................................ 6

POINT I

      PLAINTIFF'S FEES SHOULD BE
      SUBSTANTIALLY REDUCED TO REFLECT
      PLAINTIFF'S LIMITED SUCCESS ........................................... 7

POINT II

      PLAINTIFF'S PROPOSED HOURLY RATES
      ARE EXCESSIVE .......................................................................... 11

      A.  Marinelli Should Be Billed at No More Than
          $300 Per Hour: ................................................................ 12

      B.  Munar Should Be Billed at $170 per hour: ....................... 14

      C.  Lozar Should Be Billed at $200/hour: .............................. 15

Page

POINT III

THE AMOUNT OF HOURS EXPENDED MUST
BE REDUCED ....................................................................16

A.   Marinelli's Hours Should Be Reduced From
330.8 Hours to 92.9 Hours: ...............................17

   (a)   Summary Judgment .......................................17

   (b)   Opposition to Defendants' Motion *in Limine* ...........17

   (c)   Criminal Case .............................................17

   (d)   Duplication of Effort...................................18

   (e)   Excessive Time...........................................18

B.   Munar's Hours Should Be Reduced from 173.5
to 50 Hours: ....................................................21

C.   Lozar's Hours Should be Reduced to 3.9
Hours: ............................................................23

CONCLUSION..................................................................25

## TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

Am. Fire & Cas. Co. v. Scott Elec. Servs., LLC,
   15-CV-3111 (ADS) (AKT), 2017 U.S. Dist. LEXIS 3698
   (E.D.N.Y. Jan. 9, 2017) ................................................................................14

Anderson v. Cty. of Suffolk,
   No. CV 09-1913 (GRB), 2016 U.S. Dist. LEXIS 48891
   (E.D.N.Y. Apr. 11, 2016) ................................................................9, 11, 12, 13

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,
   522 F.3d 182 (2d Cir. 2008) ......................................................................6, 7

Barfield v. New York City Health and Hosps. Corp.,
   537 F.3d 132 (2d Cir. 2008) ..............................................................6, 21, 23

Barkley v. United Homes, LLC,
   04-CV-875 (KAM)(RLM) 2012 U.S. Dist. LEXIS 106011 (E.D.N.Y. 2012) .......................21

Builders Bank v. Rockaway Equities, LLC,
   08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409 (E.D.N.Y. Sept. 23,
   2011) ..............................................................................................21

Charles v. City of New York,
   No. 13 Civ. 3547 (PAE), 2014 U.S. Dist. LEXIS 124056 (S.D.N.Y. 2014) ....................14

Crockett et al v. The City of New York et al,
   11-CV-4378 (PKC)(RML) ...........................................................................19

De Alvarez v. City of N.Y.,
   No. 10 CV 4434 (SJ) (LB), 2012 U.S. Dist. LEXIS 79991
   (E.D.N.Y. May 16, 2012) ...........................................................................13

DiFilippo v. Morizio,
   759 F.2d 231 (2d Cir. 1985) .......................................................................16

Finch v. New York State Office of Children and Family Servs.,
   861 F. Supp. 2d 145 (S.D.N.Y. 2012) .............................................................15

Gortat v. Capala Bros.,
   2014 U.S. Dist. LEXIS 108077 (E.D.N.Y. Aug. 4, 2014),
   rev'd in part on other grounds, 795 F.3d 292 (2d Cir. 2015) ...............................11

Green v. Torres,
   361 F.3d 96 (2d Cir. 2004) .....................................................................8, 10

**Cases**                                                          **Pages**

Griffin v. Astro Moving & Storage Co.,
  No. 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326
  (E.D.N.Y. Mar. 31, 2015) ................................................................................. 8

Hensley v. Eckerhart,
  461 U.S. 424 (1983) ................................................................ 6, 7, 8, 9, 16, 18

Hicks v. Vane Line Bunkering, Inc.,
  11CV8158, 2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013) ....................... 6

Hugee v. Kimso Apartments, LLC,
  852 F. Supp. 2d 281 (E.D.N.Y. 2012) ................................................................ 6, 7

Khan v. HIP Centralized Lab. Servs.,
  No. CV-03-2411 (DGT), 2009 U.S. Dist. LEXIS 65415 (E.D.N.Y. July 29,
  2009) ......................................................................................................... 8

Kim v. Dial Serv. Int'l,
  96 CIV. 3327 (DLC), 1997 U.S. Dist. LEXIS 12544 (S.D.N.Y. Aug. 7, 1997) ............ 18

Kirsch v. Fleet Street, Ltd.,
  148 F.3d 149 (2d. Cir. 1988) ......................................................................... 17, 21

LG Capital Funding LLC v. Mass Hysteria Entertainment Co.,
  16-CV-6418 (ENV) (CLP) 2017 U.S. Dist. LEXIS 143474 ..................................... 15

Luciano v. Olsten Corp.,
  109 F.3d 111 (2d Cir. 1997) ............................................................................. 18

Lunday v. City of Albany,
  42 F.3d 131 (2d Cir. 1994) ............................................................................... 16

Medina v. Donaldson,
  No. 10-CV-5922 (VMS), 2015 U.S. Dist. LEXIS 1217 (E.D.N.Y. Jan. 6,
  2015) ........................................................................................................ 12

Millea v. Metro-North R.R. Co.,
  658 F.3d 154 (2d Cir. 2011) ........................................................................... 6, 7

New York State Ass'n for Retarded Children, Inc. v. Carey,
  711 F.2d 1136 (2d Cir. 1983) ......................................................................... 16, 17

Quaratino v. Tiffany & Co.,
  166 F.3d 422 (2d Cir. 1999) ............................................................................. 16

**Cases**                                                                                        **Pages**

Reiter v. Metro. Transp. Auth. of N.Y.,
    2007 U.S. Dist. LEXIS 71008 (S.D.N.Y. Sep. 25, 2007)........................................15

Reiter v. MTA N.Y. City Transit Auth.,
    457 F.3d 224 (2d Cir. 2006) ...........................................................................7

Rickettes v. Turton,
    No. 12-CV-6427 (SMG), 2015 U.S. Dist. LEXIS 81396
    (E.D.N.Y. June 23, 2015) ..............................................................................16

Schoolcraft v. City of N.Y.,
    2016 U.S. Dist. LEXIS 183036 (S.D.N.Y. Sep. 1, 2016)........................................15

Seitzman v. Sun Life Assurance Co. of Canada,
    311 F.3d 477 (2d Cir. 2002) ...........................................................................7

Silva v. City of N.Y.,
    No. 15-CV-6965 (WFK)(ST), 2017 U.S. Dist. LEXIS 76786
    (E.D.N.Y. May 18, 2017) ..............................................................................12

Small v. New York City Transit Auth.,
    2014 U.S. Dist. LEXIS 39582 (E.D.N.Y. Mar. 25, 2014)..................................11, 13

Smart v. City of New York,
    2017 U.S. Dist. LEXIS 24602 (E.D.N.Y. Feb. 17, 2017),
    adopted by, 2017 U.S. Dist. LEXIS 33221,
    (E.D.N.Y. Mar. 8, 2017 ................................................................................11

Stanczyk v. City of N.Y.,
    752 F.3d 273 (2d Cir. 2014) ...........................................................................7

Thomas v. City of N.Y.,
    2017 U.S. Dist. LEXIS 199235 (E.D.N.Y. Dec. 1, 2017)........................................14

Trs. Of Empire State Carpenters Annuity Apprenticeship v. Bayview Cistom
    Constr. Corp.,
    15-CV-6574, 2016 U.S. Dist. LEXIS 161985 (E.D.N.Y. Nov. 22, 2016) ......................14, 16

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 1, 2, 11, 15 |
| 42 U.S.C. § 1988 | 6, 7 |
| Fed. R. Civ. P. 50 | 5 |
| FRCP 49 | 23 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NATIFAH COOPER,

                        Plaintiff,         14 CV 6136 (PKC) (RLM)

            -against-

PAUL DiEUGENIA,

                   Defendant.

-------------------------------------------------------------------- x

## DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

### PRELIMINARY STATEMENT

Despite her very limited success - plaintiff recovered only $30,000.00 as compensatory damages (no punitive damages) on a single excessive force claim against a single officer, Sergeant DiEugenia – despite suing two named officers and numerous John Doe officers on seven different claims, plaintiff now, incredibly, seeks almost $200,000 in attorneys' fees and costs.

The most troubling aspect of this fee application is its sheer audaciousness. Plaintiff claims the attorneys worked 513 hours on this plain vanilla 42 U.S.C. § 1983 case which required three relatively short depositions, six one hour-long court conferences, a four-day trial, limited discovery, and drafting a few documents consisting of a complaint, an amended complaint, routine status reports or letters, an opposition to a partial summary judgment motion, which did not involve the successful excessive force claim, and routine pre-trial submissions.

A reasonable, paying client would never have paid her attorneys the amount sought here to litigate this case based on both the inflated hourly rates sought by the attorneys

and their padded hourly bills. A reasonable, paying client would never have paid her attorneys their hourly rates or the amount sought here to litigate this case given her limited success.

Plaintiff's request that the Court award her attorneys' fees and costs in the amount of $194,720.25 should be denied, and the amount awarded, if any, must be substantially reduced, on the grounds that (1) the hourly rates proposed for Mr. Marinelli, Ms. Munar, and Mr. Lozar are unreasonable, and (2) the amount of hours expended by plaintiff's counsel in litigating this matter is unreasonable. As set forth herein, defendant submits that an award of $38,369.00 in total fees and costs is appropriate here.

## STATEMENT OF FACTS

### A.    The Complaint and Amended Complaint

Plaintiff Natifah Cooper commenced this action by filing a 57-paragraph Complaint (the "Original Complaint") on October 20, 2014. See Dkt Entry No. 1. In the Original Complaint, plaintiff asserted claims against NYPD Police Officer (now, Sergeant) Paul DiEugenia and ten "John/Jane Doe" defendants in connection with plaintiff's April 17, 2013, arrest. See id. Specifically, plaintiff asserted claims under 42 U.S.C. § 1983 for unlawful stop and search, false arrest, excessive force, denial of the right to a fair trial, First Amendment retaliation and failure to intervene. Id. The Original Complaint was filed and signed by Robert Marinelli, Esq. Id.

On July 16, 2015, plaintiff filed an identical 57-paragraph Amended Complaint, asserting the same causes of action that only added as a defendant NYPD Police Officer (now, Sergeant) Aleksander Pasynkov. See Dkt Entry No. 12. The Amended Complaint was also filed and signed by Marinelli. See id.

**B.** <u>Discovery</u>

Discovery in the matter lasted until October 30, 2015, <u>see</u> Dkt Entry No. 18, with the exception of one deposition which was completed on December 18, 2015, <u>see</u> Declaration of Ashley R. Garman dated January 26, 2018 ("Garman Decl."), ¶ 11.  Paper discovery consisted of the exchange of approximately 65 pages (some 50 of which were produced by defendants),[1] Garman Decl., ¶ 3, and three depositions: those of the plaintiff and the two individually-named defendants, <u>id.</u>, ¶¶ 6-7, 9, 11.  Plaintiff's deposition, taken October 23, 2015, lasted about one hour and 16 minutes.  <u>Id.</u>, ¶ 7.   The transcript of plaintiff's deposition is 76 pages.  <u>Id.</u>, ¶ 8. Pasynkov's deposition was taken that same day; it lasted about 59 minutes and was taken by Marinelli.  <u>Id.</u>, ¶ 9.   The transcript of Pasynkov's deposition is 57 pages.  <u>Id.</u>, ¶ 10. DiEugenia's deposition, taken December 18, 2015, lasted about one hour and 12 minutes and was taken by Ryan Lozar, Esq.[2]  <u>Id.</u>, ¶ 11.  Marinelli also attended DiEugenia's deposition, but did not ask any questions.  <u>Id.</u>, ¶ 13.  The transcript of DiEugenia's deposition is 51 pages.  <u>Id.</u>, ¶ 12.

**C.** <u>Withdrawal of Claims and Summary Judgment</u>

Following the completion of discovery and an unsuccessful settlement conference, <u>see</u> Dkt Entry Nos. 23-24, plaintiff withdrew, with prejudice, her false arrest, excessive force, First Amendment retaliation and denial of a right to fair trial claims against Pasynkov, <u>see</u> Dkt. Entry No. 30.  Thereafter defendants moved for partial summary judgment, seeking dismissal of all remaining claims except for the excessive force claim.  <u>See</u> Dkt. Entry

---

[1] On information and belief, plaintiff never served defendants with written document requests or interrogatories, Garman Decl. ¶ 4, nor did plaintiff ever send defendants a deficiency letter, <u>id.</u>, ¶ 5.

[2] Lozar had first appeared as counsel for plaintiff in this matter the previous day, on December 17, 2015.  <u>See</u> Dkt Entry No. 20.

Nos. 33-38.  Plaintiff opposed defendants' motion.[3]  See Dkt Entry Nos. 39-42.  In an Order

dated February 27, 2017, the Court granted defendants' motion in part and denied it in part.  See

Dkt. Entry No. 44.  Specifically, the Court dismissed plaintiff's claims against DiEugenia for

denial of the right to a fair trial and failure to intervene and plaintiff's claim against Pasynkov for

unlawful stop and search, and denied defendants' motion with respect to plaintiff's claims

against DiEugenia for false arrest and unlawful stop and search, and with respect to plaintiff's

claims against Pasynkov for his failure to intervene. See Dkt. Entry No. 44.

**D.     Trial**

On April 13, 2017, the parties filed their joint Proposed Pretrial Order, see Dkt.

Entry No. 45, and thereafter a jury trial was scheduled for October 2, 2017, see Dkt. Entry No.

46.  Before trial, plaintiff submitted proposed *voir dire* questions and proposed jury instructions,

and filed a seven-page opposition to defendants' motions in limine,[4] see Dkt. Entry No. 53, but

did not file any motions in limine of her own.

Trial in this matter lasted four days, from October 2 until October 5, 2017.  See

Dkt., Minute Entries dated October 2, 2015, October 3, 2015, October 4, 2015 and October 5,

2015 (No Dkt. Nos.).  Plaintiff was represented at trial by Marinelli and Ms. Munar, Esq.,[5] see

id., the latter of whom first filed an appearance in this matter the day before trial, on October 1,

2017.  See Dkt. Entry No. 64.  Plaintiff had eight trial exhibits.  Garman Decl., ¶ 17.  A total of

---

[3] Notably, plaintiff opposed the dismissal of her unlawful stop and search and false arrest claims
notwithstanding the fact that she admitted, at her deposition, that just before her arrest she was
on a public beach with an unleashed dog, which, as defendants argued in their motions in limine,
amounted to probable cause as a matter of law.  See Dkt. Entry No. 50, at pp. 2-4.

[4] Plaintiff only substantively opposed one of defendants' motions in limine.  See Dkt. Entry No.
53.

[5] Munar only conducted the direct examination of plaintiff, which lasted about one hour.
Garman Decl. ¶ 21.  Marinelli conducted plaintiff's re-direct examination.  Id., ¶ 22.

six witnesses were called: plaintiff, both defendant officers, one non-party NYPD officer and two civilian witnesses, including plaintiff's boyfriend, Alexander Kosterkin. Id., ¶¶ 18-19.   The trial testimony of Kosterkin – who was called by plaintiff – contradicted plaintiff's testimony in several respects; most significantly, Kosterkin testified that he believed it was Pasynkov, not DiEugenia, who used force on plaintiff. Id., ¶¶ 19-20.

At the close of plaintiff's case, defendants moved pursuant to Fed. R. Civ. P. 50 to dismiss all of plaintiff's claims, and, following that motion but before the Court's decision, plaintiff withdrew the only remaining claim – failure to intervene - against Pasynkov. See Dkt., Minute Entry dated October 3, 2017 (No Dkt. No.); Garman Decl., ¶ 24.   Thus, the only claims that went to the jury were the unlawful stop and search, false arrest and excessive force claims against DiEugenia. See Dkt. No. 71.  On October 4, 2017, the jury returned a verdict for plaintiff and against DiEugenia on the excessive force claim, only, and awarded $30,000 in compensatory damages and no punitive damages. See id.  The jury returned a special verdict the next day, on October 5, 2017. See Dkt. No. 72.

## E.     Defendant's Attempts to Negotiate Fees, and Plaintiff's Fee Application

Following trial, defense counsel contacted Marinelli regarding potentially settling attorney's fees and costs in order to avoid motion practice.  Garman Decl., ¶ 25.  In response, on October 12, 2017, Marinelli provided billing records demanding a total of $212,518.02 in fees and costs, including $129,688.75 on account of his fees, $70,170.00 for Munar's fees and $11,100.00 for Lozar's fees. Id., ¶ 26.  Despite defense counsel's advising Marinelli that the requested amounts were unreasonable, inter alia, because of double-billing and billing for time spent on withdrawn or otherwise unsuccessful claims, Marinelli refused to provide defense counsel with revised bills or a revised settlement demand in response to defense counsel's stated objections. Id., ¶¶ 27-28.

Thereafter, on December 26, 2017, plaintiff filed the instant motion for attorney's fees and costs. See Dkt. Entry Nos. 81-85. In it, she seeks a total of $194,720.25 in attorney's fees and costs for a purported combined total of 513 hours of work by Marinelli, Munar and Lozar in connection with litigating the case through trial and submitting their fee application. Plaintiff's MOL at 1. Defendants now oppose plaintiff's fee application, as set forth herein.

## STANDARD OF REVIEW

District courts are afforded considerable discretion in determining the amount of attorneys' fees in any given case. See Barfield v. New York City Health and Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). Hicks v. Vane Line Bunkering, Inc., 11CV8158 (KBF), 2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013).

In calculating an award of attorneys' fees under Section 1988, district courts must determine "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-[which] creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). A district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." Arbor Hill, 522 F.3d at 190. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The reasonableness of the hourly rate depends on factors including the complexity of the case, the quality of counsel's representation, and the prevailing rates "in the community for

similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Reiter v.</u> <u>MTA N.Y. City Transit Auth.</u>, 457 F.3d 224, 232 (2d Cir. 2006); <u>Arbor Hill</u>, 522 F.3d at 190 (determination of the reasonable hourly rate includes consideration of "the novelty and difficulty" of the case); <u>see</u> <u>also</u> <u>Millea</u>, 658 F.3d at 168-69 ("[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate."). "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." Hugee, 852 F. Supp. 2d at 298 (internal quotation marks and citations omitted).

In determining the hours "reasonably expended," a district court should not award hours that are excessive or duplicative, or that reflect work on unrelated claims on which the party did not succeed. See <u>Seitzman v. Sun Life Assurance Co. of Canada</u>, 311 F.3d 477, 487 (2d Cir. 2002). Thus, if the number of hours requested is greater than that which should have been required for the work produced, this Court has discretion to reduce the stated hours accordingly. See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983).

## POINT I

### PLAINTIFF'S FEES SHOULD BE SUBSTANTIALLY REDUCED TO REFLECT PLAINTIFF'S LIMITED SUCCESS

The Supreme Court has recognized that "plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." <u>Hensley</u>, 461 U.S. at 440; <u>Stanczyk v. City of N.Y.</u>, 752 F.3d 273, 284-85 (2d Cir. 2014) (citing <u>Hensley</u>, 461 U.S. at 434-35). In <u>Hensley</u>, the Supreme Court held as follows:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount

> of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Hensley, 461 U.S. at 440; accord Green v. Torres, 361 F.3d 96, 98-99 (2d Cir. 2004); Griffin v. Astro Moving & Storage Co., No. 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326, at *30 (E.D.N.Y. Mar. 31, 2015); Khan v. HIP Centralized Lab. Servs., No. CV-03-2411 (DGT), 2009 U.S. Dist. LEXIS 65415, at *7 (E.D.N.Y. July 29, 2009) ("[T]he fees should be adjusted downward where 'counsel's work on [unsuccessful] claim[s is] unrelated' to work on the successful claims . . . second, to the extent that counsel's work cannot be neatly divided between claims, the fee may [be] reduced based on the 'degree of success obtained'" (citing Hensley, 461 U.S. at 436.)).

Here, it is beyond cavil that plaintiff did not prevail on any of the claims that were the subject of defendants' summary judgment motion, and, since all of such attorneys' fees can be "neatly divided" between claims, plaintiff's application for any fees for opposing the summary judgment motion should be denied. Defendants moved for partial summary judgment, seeking dismissal of all claims, apart from the excessive force claim.[6] See Dkt. Entry Nos. 33-38. Plaintiff opposed defendants' motion. See Dkt Entry Nos. 39-42. In opposing this motion, Marinelli billed some 55 hours, Marinelli Decl. Ex. 2, at p. 3 (generally from 3/15/16 – 2/28/17) and Munar billed some 91.9 hours, Marinelli Decl. Ex. 4, at pp. 1-3 (generally from 6/7/16 - 6/19/16). Since Marinelli's 55 hours of billings and Munar's 91.9 hours can be "neatly divided"

---

[6] Following the completion of discovery and an unsuccessful settlement conference, see Dkt Entry Nos. 23-24, plaintiff withdrew, with prejudice, her false arrest, excessive force, First Amendment retaliation and denial of a right to fair trial claims against Pasynkov, see Dkt. Entry No. 30.

between the excess force claim that she prevailed on and the claims that she did not prevail on, plaintiffs' application these billings must be eliminated from plaintiffs' attorneys' fees.

Similarly, plaintiff is not entitled to any "prevailing party" attorneys' fees for her opposition to defendants' motion in limine. Before trial, plaintiff substantively only opposed defendants' motions in limine that sought reconsideration of the denial of defendants' motion to dismiss the unlawful stop and false arrest claims. Dkt. Entry No. 53. Again, like the summary judgment motion, plaintiff's entire opposition dealt with a claim that plaintiff did not prevail on. As such, plaintiff is not entitled to recover as the prevailing party attorneys' fees for the approximately 19.7 hours that Marinelli spent opposing this motion in limine. Marinelli Decl. Ex. 2 at p. 4 (generally from 8/9/17 – 9/13/17).

Further, in addition to eliminating plaintiff's attorneys' fees for opposing defendants' summary judgment motion and MIL relating to the unlawful stop/false arrest, plaintiff's fees must be reduced further to take into account plaintiff's limited success. In particular, the fees must be reduced because, ultimately, plaintiff only prevailed in a limited fashion on only one of her claims against one officer. See, e.g., Anderson v. Cty. of Suffolk, No. CV 09-1913 (GRB), 2016 U.S. Dist. LEXIS 48891, at *19-20 (E.D.N.Y. Apr. 11, 2016)The lodestar amount may be reduced to reflect the degree of success that the plaintiff achieved. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (finding that a fee award may require reduction where a plaintiff "has achieved only partial or limited success").

Here, after discovery was completed, plaintiff voluntarily withdrew, with prejudice, her false arrest, excessive force, First Amendment retaliation and denial of a right to fair trial claims against Pasynkov. Dkt. Entry No. 30. Similarly, during trial, plaintiff also withdrew her remaining failure to intervene claim against Pasynkov. See Dkt., Minute Entry

dated October 3, 2017 (No Dkt. No.); Garman Decl., ¶ 24.  As such, plaintiff's attorneys' fees must be further substantially reduced to reflect the abandonment of these claims.  Green, 361 F.3d at 100 ("the voluntary dismissal or withdrawal of inflated claims may justify a fee reduction").

Plaintiff argues in her memorandum that she is entitled to the entirety of her fees, without any reduction whatsoever due to her very limited success here because her claims arose from a common core of facts occurring over a short period on the evening of April 7, 2013, and therefore, they are inextricably intertwined.  Plaintiff's MOL at 16.  While she is correct that the facts relating to these claims, i.e., the facts and circumstances leading to the arrest and the use of force, are related, the attorney's fees relating to the claims that plaintiff prevailed on (the excessive force claim) can be "neatly divided" from the attorneys' fees relating to the claims that she did not prevail on.  Further, contrary to plaintiff's argument, defendants never conceded that "the facts underlying plaintiff's unsuccessful claims were inextricably intertwined with those relating to her claim of excessive force when they successfully insisted that factual questions concerning plaintiff's unsuccessful false arrest claims be presented to the jury in their post-verdict special interrogatories."  Plaintiff's MOL at 16. On the contrary, defendant agreed that several of the bases which provided probable cause to arrest were completely unrelated to plaintiff's excessive force claim.  While some facts concerning the false arrest claim may have been relevant to providing context for the excessive force claim, the reverse is not true.  The excessive force claim was completely irrelevant to the false arrest claim, and accordingly, any litigation regarding the merits of the false arrest claim was unnecessary.

Had plaintiff proceeded only on the excessive force claim, and not on the false arrest claim, defendants would not have moved for summary judgment, or moved for

reconsideration in their motion in limine.  The entirety of plaintiff's attorneys' fees attributable to the summary judgment motion and opposition to the motion in limine must be eliminated from plaintiff's attorneys' fee award because, ultimately, plaintiff was not a prevailing party on those claims that were the subject of those motions. Also, plaintiff's attorneys' fees must be further significantly discounted to reflect that plaintiff abandoned many of her other claims during the case and abandoned the remaining claim against one officer during trial.

**POINT II**

**PLAINTIFF'S PROPOSED HOURLY RATES
ARE EXCESSIVE**

Courts in the Eastern District of New York have approved hourly rates ranging from "$300 to $450 for partners and $100 to $325 for associates in civil rights cases." Smart v. City of New York, 2017 U.S. Dist. LEXIS 24602, at *5-6 (E.D.N.Y. Feb. 17, 2017) (collecting cases), adopted by, 2017 U.S. Dist. LEXIS 33221, at *1-2 (E.D.N.Y. Mar. 8, 2017); see also Small v. New York City Transit Auth., 2014 U.S. Dist. LEXIS 39582, at *14 (E.D.N.Y. Mar. 25, 2014) (explaining that "the actual hourly rate that many courts have awarded partners and solo practitioners in civil rights cases have most often been in the $300 per hour range"). "[R]ates higher than $350 per hour are generally reserved for the unusually expert litigation of civil rights claims or other special circumstances." Gortat v. Capala Bros., 2014 U.S. Dist. LEXIS 108077, at *15-16 (E.D.N.Y. Aug. 4, 2014) (citing cases), rev'd in part on other grounds, 795 F.3d 292 (2d Cir. 2015); accord Anderson v. Cty. of Suffolk, 2016 U.S. Dist. LEXIS 48891, at *12 (E.D.N.Y. Apr. 11, 2016) (finding a rate of $300.00 per hour for a partner with 36 years of legal experience to be reasonable).

Here, plaintiff asks this Court to award attorneys' fees for Marinelli and Lozar at rates exceeding those reserved for the most experience § 1983 trial lawyers, and for Munar at

11

rates far exceeding her limited experience.  Defendants submit that the following hourly rates are more in line with what is reasonable:[7] $300.00 for Marinelli, $170.00 for Munar and $200.00 for Lozar.

**A.      Marinelli Should Be Billed at No More Than $300 Per Hour:**

Plaintiff asks this Court to award Marinelli a rate of $425 an hour.  To justify this rate, she argues that Marinelli has more than twenty years of legal experience, with eight years focusing on civil rights litigation (Marinelli Decl. at ¶ 21) and that "prevailing rates for partners in the Eastern District range from $350 to $450".  Plaintiff's MOL at 8. While there are a handful of civil rights cases in the Eastern District where partners have been compensated at a rate of $450 an hour, "[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." Anderson, 2016 U.S. Dist. LEXIS 48891, at *11 (quoting Medina v. Donaldson, No. 10-CV-5922 (VMS), 2015 U.S. Dist. LEXIS 1217, at *18 (E.D.N.Y. Jan. 6, 2015)).

Marinelli, who has only eight years of civil rights experience, and upon information and belief has tried only three federal civil rights cases to verdict, should not be compensated at the high-end of the range.  Rather, decisions in this district suggest that compensation at something under the $300 an hour range is more appropriate for Mr. Marinelli; however, for purposes of this motion defendants' propose $300.00 per hour.  See Silva v. City of N.Y., No. 15-CV-6965 (WFK)(ST), 2017 U.S. Dist. LEXIS 76786, at *8 (E.D.N.Y. May 18, 2017) (awarding $300 an hour to attorney with 32 years of experience in relatively straight-

---

[7] Defendants respectfully submit that $275 would be the reasonable hourly rate for Mr. Marinelli; however, in this Opposition defendants have given him the benefit of the doubt that the Court could deem $300 appropriate.

forward civil rights case); <u>Anderson</u>, 2016 U.S. Dist. LEXIS 48891, at *12 (finding a rate of $300 per hour for a partner with 36 years of legal experience to be reasonable); <u>Small v. N.Y.C. Transit Auth.</u>, No. CV 2003-2139 (SLT)(MDG), 2014 U.S. Dist. LEXIS 39582, at *14 (E.D.N.Y. Mar. 25, 2014) ("[T]he actual hourly rate[s] that many courts have awarded partners and solo practitioners in civil rights cases have most often been in the $300 per hour range."); <u>De Alvarez v. City of N.Y.</u>, No. 10 CV 4434 (SJ) (LB), 2012 U.S. Dist. LEXIS 79991, at *9 (E.D.N.Y. May 16, 2012) (finding fee of $350 per hour to be reasonable for counsel who had been practicing for 43 years).

Further, the Court should also consider its own observations of Marinelli's expertise and preparedness at trial. For example, at various points throughout the trial the Court noted that (i) Marinelli appeared to not understand the difference between refreshing a witness's recollection and impeachment (<u>see</u> Garman Decl. Ex. A, at 114), (ii) Marinelli had to be reminded that an objection not made is waived (<u>id</u>. at 126), (iii) Marinelli's questions were repetitive (<u>id</u>. at 286), (iv) Marinelli appeared not to understand the limited scope of re-cross examination (<u>id</u>. at 474-475), and (vi) Marinelli appeared not the understand the concept of qualified immunity (<u>id</u>. at 566-567).  In addition, (vii) the Court had to suggest objections to Marinelli when he failed to note them himself (<u>id</u>. at 183), (viii) the Court suggested that Marinelli was "delusional" for believing that his client's false arrest claim had been dismissed prior to trial (<u>id</u>. at 188-190), and then questioned why he opened on the claim if indeed he believed it had been dismissed (<u>id</u>. at 190), and (ix) the Court had to remind Marinelli to stand during objections (<u>id</u>. at 483).  Taken together, the Court's observations are consistent with the fact that Marinelli is not an expert litigator. In fact, upon information and belief, this was his third federal trial.

Indeed, in <u>Thomas v. City of N.Y.</u>, 2017 U.S. Dist. LEXIS 199235, at *21 (E.D.N.Y. Dec. 1, 2017) – a little over a month ago - the Court approved a fee award of $2,000 for eight hours of work by Marinelli. The Court noted that although the agreement, which it enforced, was for a flat fee, it equated to $250 per hour, which the Court found reasonable for Marinelli. Accordingly, based on the prevailing market rates, the garden-variety nature of this action, Marinelli's limited federal trial experience, Marinelli's eight years of experience with civil rights cases, defendants submit that attorney Marinelli should be compensated at the rate of $300 per hour.

**B.     Munar Should Be Billed at $170 per hour:**

Plaintiff's counsel seeks $300 an hour for Munar, who graduated from law school in 2014, but has handled only one civil rights case other than this one. Plaintiff's MOL at 10-11; Munar Decl. at ¶ 8. Although plaintiff cites to several cases for the proposition that $300 an hour is the appropriate fee for Munar, she cites only to cases from the Southern District of New York, where rates are higher. Yet, even for the Southern District, an award of $300 would be high. <u>See</u> <u>Charles v. City of New York</u>, No. 13 Civ. 3547 (PAE), 2014 U.S. Dist. LEXIS 124056, at *11 (S.D.N.Y. 2014) (awarding $225 an hour to an associate who graduated from law school in 2010 and appeared in approximately 90 federal actions, including many civil rights matters).

The relevant community is not the Southern District, but the Eastern District. "To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits." <u>See</u> <u>Am. Fire & Cas. Co. v. Scott Elec. Servs., LLC</u>, 15-CV-3111 (ADS) (AKT), 2017 U.S. Dist. LEXIS 3698, at *5 (E.D.N.Y. Jan. 9, 2017). "Courts in this district consistently determine that an hourly rate of $200 to $325 is a reasonable hourly rate for senior associates while $100 to $200 is a reasonable hourly rate for more junior associates." <u>Trs. Of Empire State</u>

Carpenters Annuity Apprenticeship v. Bayview Cistom Constr. Corp., 15-CV-6574, 2016 U.S. Dist. LEXIS 161985, at *10 (E.D.N.Y. Nov. 22, 2016); see also LG Capital Funding LLC v. Mass Hysteria Entertainment Co., 16-CV-6418 (ENV) (CLP) 2017 U.S. Dist. LEXIS 143474 (awarding $170 per hour for an associate with 3 years' experience.).   According to Eastern District precedent, Munar should be compensated at the hourly rate of something under $170 per hour, however, for purposes of this case we will propose a rate at $170.00 per hour.

**C.      Lozar Should Be Billed at $200/hour:**

Plaintiff's counsel seeks $400 an hour for Lozar, who has been litigating civil rights cases since only 2015.  Plaintiff's MOL at 12.  Lozar's requested hourly rate is "more equivalent to an opening bid in a negotiation" (Schoolcraft v. City of N.Y., 2016 U.S. Dist. LEXIS 183036, at *15-16 (S.D.N.Y. Sep. 1, 2016)), than an accurate representation of the prevailing market rate for attorneys with two years of civil rights experience.  Further, although Kramer Levin billed their clients $510 an hour for Lozar's time (Plaintiff's MOL at 12; Lozar Decl. at ¶ 17), a solo-practitioner cannot be compared to Kramer Levin. "The size of the law firm is a significant factor in determining the relevant market rates." Finch v. New York State Office of Children and Family Servs., 861 F. Supp. 2d 145, 154 n. 50 (S.D.N.Y. 2012) (citing Reiter v. Metro. Transp. Auth. of N.Y., 2007 U.S. Dist. LEXIS 71008 (S.D.N.Y. Sep. 25, 2007)).  "[S]olo or small-firm practitioners [] are incomparable to large law-firms employing thousands of attorneys, where rates factor in massive overhead." Schoolcraft, 2016 U.S. Dist. LEXIS 183036, at *16.  Further, although Lozar graduated from law school in 2003, he began litigating § 1983 cases only in 2015.  Lozar Decl. at ¶ 13. Notably, in the billing records reflect that Marinelli was present for all of the time he spent preparing for and taking a deposition in this matter.  Marinelli Decl. Ex. 2, at p. 2 (12/15/15 – 12/16/16).  As Lozar was directly supervised by another attorney, it would be inappropriate to bill a client at the rate of a senior associate.  "Courts in this district

consistently determine that an hourly rate of $200 to $325 is a reasonable hourly rate for senior associates while $100 to $200 is a reasonable hourly rate for more junior associates." Trs. Of Empire State Carpenters Annuity Apprenticeship v. Bayview Cistom Constr. Corp., 15-CV,6574, 2016 U.S. Dist. LEXIS 161985, at *10 (E.D.N.Y. Nov. 22, 2016). Rickettes v. Turton, No. 12-CV-6427 (SMG), 2015 U.S. Dist. LEXIS 81396, at *35-36 (E.D.N.Y. June 23, 2015) (finding $200 an hour the appropriate rate for a litigator with four years of experience dedicated almost entirely to civil rights litigation).    Accounting for the fact that Lozar has fourteen years of legal experience, defendant submit that the higher range for a junior associate, $200 an hour, is appropriate for Lozar.

## POINT III

### THE AMOUNT OF HOURS EXPENDED MUST BE REDUCED

In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from the calculation.  See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133.  The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).  A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate

excessive or duplicative hours.  See, e.g., Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d. Cir. 1988); Carey, 711 F.2d at 1146.

## A.    Marinelli's Hours Should Be Reduced From 330.8 Hours to 92.9 Hours:

Marinelli asks the Court to compensate him for 330.8 hours of work. Much of that time should be stricken.

### (a)    Summary Judgment

Marinelli seeks compensation for 57.8 hours in connection with opposing defendants' motion for partial summary judgment and for pursing plaintiff's false arrest claim. Marinelli Decl. Ex. 2, at p. 3 (generally from 3/15/16 – 2/28/17).   However, for the reasons stated under Point I of this Memorandum, supra, all of these hours should be excluded.

### (b)    Opposition to Defendants' Motion *in Limine*

Marinelli seeks compensation for 19.7 hours in connection with opposing defendants' motion in limine relating to the of the unlawful stop/false arrest claim.  Marinelli Decl. Ex. 2 at p. 4 (generally from 8/9/17 – 9/13/17).  For the reasons stated under Point I, supra, all of these hours should be excluded.

### (c)    Criminal Case

Marinelli bills 7.1 hours for what appears to be his defense of plaintiff in the underlying criminal court matter. Marinelli Dec., Ex. 2 at p. 1 (4/24/13-7/2/14).  He provides no legal authority for recovery of these fees.  Since plaintiff is not suing for any prosecution related claims (e.g., malicious prosecution or denial right of fair trial), she may not recover any amount on account of the cost of defending the underlying criminal case.  Plaintiff's fee application should be reduced accordingly.

(d)     Duplication of Effort

A plaintiff should not recover fees for a duplication of effort. Luciano v. Olsten

Corp., 109 F.3d 111, 111 (2d Cir. 1997). Marinelli billed 3.9 hours for preparing for the

deposition of Officer Dieugenia and another 1.5 hours for attending the deposition. Marinelli

Decl. Ex. 2, at *2 (12/15/15 – 12/16/16).   Yet, Lozar billed for this same time. Marinelli Decl.,

Ex. 6. In fact, it was Lozar who took the deposition. Thus, Marinelli should not recover for these

5.4 hours.

(e)     Excessive Time

"A court properly reduces a fee for work that is excessive." Kim v. Dial Serv.

Int'l, 96 CIV. 3327 (DLC), 1997 U.S. Dist. LEXIS 12544, at *58 (S.D.N.Y. Aug. 7, 1997) citing

Hensley v. Eckerhart, 461 U.S. at 436. Only three individuals were deposed in this case. In total,

those deposition transcripts consist of one-hundred-and-eighty pages. Yet, incredibly Marinelli

bills 49.5 hours for reading these transcripts – which necessarily means he is taking almost

seventeen minutes per page. This is plainly not credible. Indeed, according to Marinelli's billing

records, it took him almost four times as long to read the transcripts as it did to attend the

depositions!  Assuming that it took Marinelli a minute to read each page of the transcripts, it

would still have only taken three hours to review all of the transcripts.   Giving Marinelli the

benefit of the doubt that he reviewed the transcripts three times, Marinelli should be permitted to

bill 9 hours for reviewing the transcripts.

Marinelli bills 18.6 hours for opposing defendants' motions in limine. Marinelli

Decl., Ex. 2, p. 4 (generally from 8/9/17-8/21/17, 9/13/17).  Like the time he billed for reviewing

deposition transcripts, this too is plainly not credible. Marinelli substantively opposed only one

of defendants' motions in limine. His opposition papers are seven pages in length. To credit

Marinelli, one would have to believe that he spent more than two and a half hours drafting each

page of this simple opposition. No attorney claiming to have eight years of civil rights experience and twenty years of litigation experience would need more than two and a half hours to draft each page of an opposition to a motion in limine. Moreover, the one point that he opposed concerned plaintiff's claims for false arrest and improper search, neither of which were related factually or legally to the single claim upon which plaintiff prevailed at trial. Thus, Marinelli should not recover anything for this time.

Marinelli billed 21 hours for drafting plaintiff's proposed jury charge – a charge which was almost entirely copied from the Court's charge in Crockett et al v. The City of New York et al, 11-CV-4378 (PKC)(RML). See Dkt. Entry No. 57, p. 9. Further, at the charge conference on September 25, 2017, Marinelli seemed largely unaware of what his own purported edits to the charge even were, raising a question as to whether he prepared the charge himself. Notwithstanding, defendants submit that a 50 percent reduction is appropriate and no more than 10.5 hours should be permitted for preparing the charge.

Marinelli billed 67.6 hours for reviewing discovery, deposition transcripts and preparing a deficiency letter to defendants. Marinelli Decl. Ex. 2, at 1-5 (12/10/14, 5/7/15, 6/18/15, 9/30/15, 10/1/15, 1/7/16, 5/2/17, 5/18/17, 9/16/17 - 10/1/17). First, defendants never received a deficiency letter from plaintiff. Garman Decl. at ¶ 5. Second, the discovery in this case consisted of approximately 65 pages of paper discovery and 184 pages of deposition transcripts. To credit Marinelli, one would have to believe that he spent almost twenty minutes reviewing every page of the transcripts and each piece of paper discovery, many of which were simple forms like the OLPA, prisoner movement slip, certificate of disposition, etc. Yet again, this is utterly unreasonable. Even giving Marinelli the benefit of the doubt that he meticulously reviewed these documents, 20 hours would still greatly exceed the time a junior attorney would

need to review these documents.  Therefore Marinelli should be permitted to recover at most 20 hours.

Marinelli billed 7.5 hours preparing Alexander Kosterkin for trial, Marinelli Decl., Ex. 2, at p. 5 (10/1/17) – a witness whose testimony completed contradicted plaintiff's testimony, Garman Decl., ¶¶20.   Either Marinelli actually spent 7.5 hours preparing Mr. Kosterkin for his testimony, and knew that it would not help his client, in which case, one might question the time and level of skill actually brought to such preparation, or he did not actually know what Mr. Kosterkin would say.   Either way, defendant should not have to pay for trial preparation of a witness whose testimony Marinelli himself discounted in summation.

Marinelli billed 29.2 hours for trial preparation (excluding the time spent on Kosterkin and the time spent reviewing transcripts).  Marinelli Decl., Ex. 2, pp. 4-5 (generally 9/8/17-10/5/17).  As he routinely made objections at trial to exhibits and testimony to which he had previously consented, again, a 50 percent reduction is warranted. Defendants submit that only 14.6 hours should be permitted.

Marinelli billed 31.3 hours attending trial and pre-trial conferences and 12.1 hours for speaking to defense counsel through this case, neither of which Defendant disputes.  See, generally, Marinelli Decl., Ex. 2.

Marinelli billed 20.9 hours preparing the fee application.  Marinelli Decl., Ex. 2, p. 5 (12/14/17-12/26/17).  As plaintiff submitted a bill to defendant for more than $200,000.00, refused to remove improper time from her demand, and also refused to negotiate with defendants for a reasonable fee, Marinelli should not be permitted to bill any time spent on this application.

Marinelli also bills 8 hours for travel time.  Marinelli Decl., Ex. 2, pp. 1-5 (5/7/15, 4/26/16, 5/4/17, 9/25/17 and 10/2/17-10/5/17). While defendants do not challenge these hours,

they should be billed at half- rate for a total of 4 hours.  See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 139 (2d Cir. 2008).

Finally, Marinelli billed 6.9 hours on miscellaneous tasks throughout the litigation. See, generally, Marinelli Decl., Ex. 2.  "Courts in this Circuit are permitted to reduce an excessive fee request by making an across-the-board percentage for redundant or otherwise unnecessary hours." Builders Bank v. Rockaway Equities, LLC, 08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409, at *28-29 (E.D.N.Y. Sept. 23, 2011) (citing Kirsch v. Fleet, 148 F.3d 149, 173 (2d Cir. 1998) (court should "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application").  This Court found that "accounting for overstaffing, duplicative work, and excessive time spent on minor tasks, the court will exercise its discretion and reduce the number of overall hours by twenty-five percent. Barkley v. United Homes, LLC, 04-CV-875 (KAM)(RLM) 2012 U.S. Dist. LEXIS 106011 *55 (E.D.N.Y. 2012).  While the Court in Barkley, considered a 25 % reduction reasonable, the billing of Marinelli and the quality of his work suggest a much higher reduction is necessary.  As Marinelli has greatly inflated his hours throughout his bill, a 50 percent reduction in the remaining time is warranted, and 3.5 hours should be permitted.

In total, Marinelli should be compensated at a rate of $300 for 92.9 hours of work for a total of $27,870.

**B.    Munar's Hours Should Be Reduced from 173.5 to 50 Hours:**

Munar bills 173.5 hours.  As set forth above in Point I of this Memorandum, supra, plaintiff's counsel should not recover for her billing related to the opposition to the summary judgment motion, as that motion was unrelated to the sole claim upon which plaintiff prevailed at trial. Munar bills 92.8 hours in connection with such work, Marinelli Decl. Ex. 5, at 1-3 (generally from 6/7/16 -6/19/16), which time should not be allowed.

Munar bills another 12.8 hours researching and reviewing plaintiff's false arrest claim.   Marinelli Decl. Ex. 5, at 3 (generally 9/25/17 - 9/26/17, 10/1/17).   Once again, plaintiff should not be permitted to recover fees in connection with a claim on which plaintiff was unsuccessful.

As set forth above, duplicative time should also not be permitted. Munar billed 7 hours for preparing the JPTO and reviewing the deposition transcripts. Marinelli Decl. Ex. 5, at 3 (generally from 3/31/17 -4/5/17).  Marinelli billed 1.9 hours for reviewing Munar's work on the JPTO, which is redundant. Munar's 7 hours should be reduced by the 1.9 hours that Marinelli billed to review her work.

Munar billed 4 hours for preparing exhibits for trial. Marinelli Decl. Ex. 5, at 3 (10/1/17).  As plaintiff only had 8 exhibits, and also billed 7 hours for the JPTO, which involved identifying the necessary exhibits, this time is duplicative and a 50 percent reduction is warranted.  Only 2 hours should be allowed.

Munar billed 17.2 hours drafting the direct examination of plaintiff and reviewing the relevant deposition transcripts, and an additional 2.4 hours preparing plaintiff.  Marinelli Decl. Ex. 5, at 3-4 (generally from 9/27/17- 10/2/17).  This is plainly excessive, particularly in light of the fact that at trial Marinelli completed Munar's direct examination for her – a direct examination which itself lasted approximately only one hour. Defendants submit that a 50 percent reduction is again warranted and only 9.75 hours should be allowed.

Munar billed 25 hours for the trial, which defendant does not dispute.  Marinelli Decl. Ex. 5, at 3, 4 (generally 10/2/17 - 10/5/17).  Munar also billed four hours travelling to and from the trial.  While Defendant does not dispute these hours, travel time should be billed at half

rate, for a total of two hours. See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 139 (2d Cir. 2008).

Finally, plaintiff seeks 1.3 hours for Munar's time spent drafting her declaration for the instant fee motion. Marinelli Decl. Ex. 5, at 4 (12/23/17).   This time should not be recoverable because Munar did not negotiate her fees in good faith. Specifically, the invoice Munar presented to defendant for payment sought to recover fees in the amount of $70,170; yet from the Court, she seeks $51,540. Even with this reduction, the fact that Munar has still included the time spent on the summary judgment motion shows that she has not negotiate her fees in good faith with Defendant.

Therefore, in total, plaintiff Munar should be compensated for 50 hours at a rate of $170 an hour for a total of $8,500.00.

**C.    Lozar's Hours Should be Reduced to 3.9 Hours:**

Lozar bills a total of 8.7 hours. Marinelli Decl. Ex. 6, at 1 (generally).  Lozar bills 3.9 hours for the deposition of Defendant DiEugenia in December 2015 and the preparation for it.  Marinelli Decl. Ex. 6, at 1 (12/15/15, 12/18/15).  Lozar did not bill for any other work until September of 2017.  Marinelli Decl. Ex. 6, at 1 (generally).

Lozar bills 1.1 for conducting legal research related to plaintiff's false arrest claim.  Marinelli Decl. Ex. 6, at 1 (9/25/17).  As set forth above, as plaintiff did not prevail on this factually and legally distinct claim, this time is not recoverable. See Point I.

Lozar also bills 1.7 hours for researching verdicts, special interrogatories, unanimity, FRCP 49, entry of judgment, and party substitution as well as discussing those topics with co-counsel on October 3, 2017 and October 5, 2017.  Marinelli Decl. Ex. 6, at 1 (10/3/17, 10/5/17).  Notably, on October 3, 2017, although Marinelli billed .6 hours for discussing the jury charge and qualified immunity with Michael Lumer – another solo-practitioner attorney not

involved in litigating this matter -- Marinelli did not mention discussing any legal issues with Lozar. Marinelli Decl. Ex. 2, at 5 (10/3/17). As Lozar bills less than two hours to purportedly not only research nine distinct topics but also discuss them with co-counsel, this time should not be allowed. Furthermore, Marinelli and Munar also billed for similar research, and as such, to the extent the Court believes Lozar did any research, it should be disallowed as duplicative. Marinelli Decl. Ex. 2, at 5 (generally 10/3/17 - 10/5/17); Marinelli Decl. Ex. 5, at 4 (10/4/17).

Finally, Lozar seeks 2 hours for his time spent drafting his declaration for the instant fee motion. Marinelli Decl. Ex. 6, at 1 (undated). These two hours should not be recoverable because Lozar did not negotiate his fees in good faith. Specifically, the invoice Lozar presented to defendants for payment sought to recover fees in the amount of $10,840; yet from the Court, he seeks $2,680. The fact that Lozar sought to recover more than three times as much from defendants than he has the temerity to seek from the Court shows that Lozar did not negotiate his fees in good faith with defendants.[8]

Thus in total, Lozar should be compensated for 3.9 hours at a rate of $200 an hour for a total of $780.00.

---

[8] Further, many of the items on his contemporaneous time records should never have been allowed, thus they are not a "discount" of any sort that he now offers. For example, Lozar billed for preparing for Paskynov's deposition, yet he did not take the deposition. He billed .8 for travelling to and from court to observe the conference on special interrogatories, even though he did not participate in it. He billed 10.4 hours for work on plaintiff's failed false arrest claim. He billed 3.9 hours for attending Paskynov's and plaintiff's depositions, neither of which he took or defended. These are but examples.

## CONCLUSION

Based on the arguments set forth herein, defendants respectfully request that the Court deny plaintiff's motion for attorneys' fees and costs and at most award plaintiff's attorneys' fees in the amount of $37,150.00[9] and her costs in the amount of $1,219.00 for a total of $38,369.00, and for such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 26, 2018

                          ZACHARY W. CARTER
                          Corporation Counsel of the City of New York
                          Attorney for Defendants
                          100 Church Street
                          New York, New York 10007
                          (212) 356-2651

            By:      _____

                          Evan Brustein
                          Ashley R. Garman
                          *Senior Counsel*
                          Special Federal Litigation

cc:      Robert Marinelli, Esq. (by ECF)

---

[9] (92.9 hours x $300 for Marinelli's work) + (50 hours x $170 for Munar's work) + (3.9 hours x $200 for Lozar) = $37,150.00.

14 CV 6136 (PKC) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATIFAH COOPER,

Plaintiff,

-against-

PAUL DiEUGENIA,

Defendants.

## DEFENDANT'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTIONS FOR ATTORNEYS FEES AND COSTS

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*New York, N.Y.  10007*

Of Counsel:
*Evan Brustein*
*Ashley R. Garman*
*Tel:  (212)256-2651/3539*