UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

NATIFAH COOPER,

                         Plaintiff,

    -against-

POLICE OFFICER PAUL DIEUGENIA,

                             14-CV-6136 (PKC)
                   Defendant.

------------------------------------------------------------ x

**DECLARATION OF ROBERT MARINELLI IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

ROBERT MARINELLI declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:[1]

History of Settlement Negotiations In the Underlying Matter

1. This case was filed on October 20, 2014

2. On August 18, 2015 via ECF, defendant filed a status report claiming that defendant had made a counter offer to plaintiff's demand and that the parties were "hopeful the matter would be resolved in a week or two given the parties' small gap."

3. This representation, both to the Court and counsel, was untrue.

4. When plaintiff attempted to accept defendant's offer it was "no longer available."

5. When a new defense counsel was assigned, plaintiff learned that there was never settlement authority.

---

[1] This declaration's numbering begins at 31 to avoid confusion. Marinelli's prior declaration in support of plaintiff's fee motion contains 30 paragraphs.

6. On March 6, 2016 a settlement conference was held before the magistrate judge.

7. The magistrate recommended that this matter settle for an amount that would have netted plaintiff far less than the $30,000 awarded by the jury.

8. Plaintiff formally accepted this recommendation, the defendant declined.

9. Not until the April 17, 2017, did defendant make an offer of settlement, $2500 for plaintiff and $7,500 to settle attorney fees.

10. No Rule 68 Offer has been served.

### Supplemental Background of Marinelli and Munar

11. During the past two years Ms. Munar has participated in over twenty-five depositions encompassing more than ten cases.

12. In addition to the instant matter, Ms. Munar actively participated in the federal civil rights trial Morris v. Gordon, 15-CV-5288 (FB)(RER).

13. Prior to the instant matter, Marinelli has conducted, with co-counsels, federal civil rights jury trials in the following six matters, Jones v. Goord, 98-CV-6022 (SMG) (E.D.N.Y), Grey v. NYSDOC et als., 99-CV-9871, Bonilla v. Brancato, 99-CV-10657 (TPG)(JCF), Figueroa v. City of New York, 11-CV-5384 (JBW)(VMS) (E.D.N.Y), Carmona v. City of New York et als., 11-CV-3486 (JMA) (E.D.N.Y.), Morris v. Gordon, 15-CV-5288 (FB)(RER).

14. The Jones, Grey and Bonilla cases were tried with co-counsel Michael Hueston. For reasons unknown, neither Hueston nor Marinelli are on the docket.

15. As previously declared in Marinelli's Declaration in Support of Attorneys' Fees dated December 26, ¶ 15, between the years 1998 and 2008 I actively participated in scores of civil rights matters.

16. During this period amongst the tasks I regularly performed included, taking and defending depositions, attending initial, status and settlement conferences, negotiating settlements and conducting trials, attended conferences.

17. Marinelli has also tried a Federal Civil Rights claims before a jury in New York State Court in the matter of <u>Grishnayeva v. City of New York</u>, 502869/2013 (Kings County Supreme Court).

Fee Negotiations

18. Shortly after the conclusion of the ACC Ashley Garman requested my time records and expressed an eagerness to settle fee

19. I provided defendants with my contemporaneous time record a few days later, via telephone, Garman expressed that my records contained redundant billing, plaintiff had achieved only limited success and that the requested rates requested were too high.

20. Ms. Garman informed that defendants had gone over plaintiff's time records with a "fine tooth comb".

21. I invited defendants to make a counter-offer, defendants declined

22. On October 18, 2017 I emailed Garman asking defendants to specify their objections, convey the attorney rates defendants believed appropriate and identify instances where defendant believe there was double billing. (See, Exhibit 1).

23. Defendant did not reply.

3

24. October 20, plaintiff again emailed defendants asking for specific objections so that fees could be discussed productively.

25. Plaintiff offered to stay the entry of judgment to extend the negotiation period.

26. Later on October 20, defendants Ms. Garman emailed that instead of going through a "line by line itemization of <your> bill we might as well go the route of motion practice".

27. That evening, plaintiff emailed requesting that the city answer certain general questions, such attorney rates, and any specific entries that were either duplicitous or related to withdrawn or unsuccessful claims.

28. Defendants did not respond.

29. In a phone call on January 22, 2018, Garman offered plaintiff $45,000 to settle her legal fees.

30. Garman threatened that if plaintiff did not accept this offer, defendant's motion response will criticize plaintiff counsel's "performance at trial" and this criticism would reduce the rates that plaintiff will receive on this case and future cases.

31. Only at this point did plaintiff's counsel decline further negotiations.

32. Attached as Exhibit 1 is a defendant's status letter to the Court dated October 18, 2015.

33. Attached as Exhibit 2 is a letter dated October 2, 2017 regarding defendant's special interrogatory request.

34. Attached as Exhibit 3 is a letter dated October 3, 2017 regarding defendant's special interrogatory request.

35. Attached as Exhibit 4 is the declaration of Michael Lumer.

36. Attached as Exhibit 5 is an email exchanges dated between October 18 and October 20 between Marinelli and Garman concerning the settling of attorney's fees.

37. Attached as Exhibit 6 is an email to Pernell Telfort with a deficiency letter attached thereto.

38. Attached as Exhibit 7 are Pacer Records reflecting Drei Munar's experience in Federal Civil Rights cases.

39. Attached as Exhibit 8 are Marinelli's contemporaneous records for the time spent preparing plaintiff's reply.

40. Attached as Exhibit 9 are Lozar's contemporaneous records for the time spent preparing plaintiff's reply.

Dated:  New York, New York
        February 9, 2018

                                          ___/s_____
                                          Robert Marinelli