

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

ZACHARY W. CARTER
*Corporation Counsel*

EVAN BRUSTEIN
*Senior Counsel*
Tel.: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

February 16, 2018

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Natifah Cooper v. P.O. Paul Dieugenia, et al., 14 CV 6136 (PKC) (RLM)

Your Honor:

      Defendant writes to respectfully request permission to file this sur-reply to correct the record and clarify several things raised in plaintiff's Reply Memorandum of Law in Further Support of the Fee Application, dated February 9, 2018 (hereinafter "Plaintiff's Reply"). At the outset, Defendant's counsel notes that they organized plaintiff's bills into categories to better analyze them and explain them to the Court. After a careful review of plaintiff's Reply and Defendant's opposition papers, defense counsel acknowledge that in doing so, two errors were inadvertently made; defendant seeks by this letter to correct those errors.

      First, while defense counsel (who did not handle this case during discovery) thoroughly reviewed their electronic and physical case files searching for a deficiency letter, they were unable to find such a letter, or any record of one ever being received by this Office. Nonetheless, as Mr. Marinelli has produced a copy of the deficiency letter, which was evidently sent to the previous defense counsel, Defendant does not object to crediting Mr. Marinelli with an additional 2 hours for this deficiency letter.

      Second, plaintiff's counsel correctly pointed out that the 49.5 hours Mr. Marinelli billed for reviewing deposition transcripts was already accounted for in defendant's analysis of plaintiff's counsel's billings for discovery (and thus, that defendant inadvertently argued that the Court should discount those same 49.5 hours twice). This was in error; defendant acknowledges that those 49.5 hours should only be discounted once. Therefore, based on the methodology

applied by defendant's counsel and explained in defendant's Opposition,[1] Mr. Marinelli should be permitted to recover fees for an additional 15.75 hours of work.

Accounting for the two errors set forth above would result in a total of 17.75 additional hours for Mr. Marinelli, beyond the number of hours that defendant argued in his Opposition was allowable (from 92.3 hours to 110.05 hours). Increasing Mr. Marinelli's hours by 17.75 hours at an hourly rate of $300 would increase Mr. Marinelli's fees by $5,325. Therefore, Defendant submits that the total amount that plaintiff is entitled to for attorneys' fees and costs should be increased by that amount, to $43,694.00.

Defendant also must clarify several things which were raised in Plaintiff's Reply. First, plaintiff incorrectly stated that Defendant had miscounted the number of hours actually billed by Mr. Marinelli with respect to the joint jury charge. See Plaintiff's Reply, at p. 15. Even though plaintiff admitted that Mr. Marinelli had only spent 9.4 hours on the joint jury charge, Mr. Marinelli nonetheless submitted a bill to Defendant and the Court stating that he spent a total of 21 hours on that task. See Declaration of Robert Marinelli, dated December 26, 2017 (hereinafter Marinelli Decl."), at Exhibit 2, at pp. 4-5.

Below is a list of each of Mr. Marinelli's purported bills for the joint jury charge[2].

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 9/14/17 | Review Defendants' Proposed Jury Charge | 5.1 | 425 | 2,167.50 |
| 9/15/17 | Research Proposed Jury Charge, Research Ds JC | 4.2 | 425 | 1,785.00 |
| 9/15/17 | Prepare Plaintiff's proposed Jury Charge | 5.2 | 425 | 2,210.00 |
| 9/18/17 | Review Joint Proposed Jur Charge | 2.8 | 425 | 1,190.00 |
| 10/3/17 | Research Jury Charge | 3.1 | 425 | 1,317.50 |
| 10/3/17 | Phone with Michael Lumer re: Jury Charge and QI | 0.6 | 425 | 255.00 |

As plaintiff effectively concedes that Defendant's 50% reduction of the 21 hours was more generous than the amount of time Mr. Marinelli actually spent on the jury charge[3], Defendant submits that the Court has even more of a basis for instituting the 50% overall reduction in hours proposed by Defendant in his opposition papers. See Defendant's Memo., at p. 21; see also Plaintiff's Reply, at p. 15.

In spite of plaintiff's claims to the contrary, with respect to the time billed, Defendant has a good faith basis for arguing that time spent communicating between plaintiff

---

[1] Applying a 50% reduction to the miscategorized 49.5 hours, Mr. Marinelli should be entitled to bill for 24.75 hours of work. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, dated January 26, 2018 (hereinafter "Defendant's Memo.", at p. 21. As Defendant already gave Mr. Marinelli credit for 9 of these hours, an increase of only an additional 15.75 hours is warranted. See Defendant's Memo, at p. 18.

[2] The purported jury charge bills are taken from Mr. Marinelli's bill. See Marinelli Decl., at Exhibit 2, at pp. 4-5.

[3] Even though plaintiff conceded that Defendant credited her with an additional 1.1 hours more than Mr. Marinelli actually spent on the joint jury charge, Defendant is not seeking to lower Mr. Marinelli's hourly total by that 1.1 hours.

- 3 -

and Mr. Marinelli, her criminal defense attorney, during the pendency of plaintiff's underlying criminal case, was actually spent in defense of plaintiff's criminal case, rather than in furtherance of her federal lawsuit. Notably, even though the submitted bills reflect that Mr. Marinelli and plaintiff spoke or met ten times during the pendency of plaintiff's criminal case (which was adjourned in contemplation of dismissal on July 2, 2014), Mr. Marinelli waited more than three months after his last communication with plaintiff to begin preparing the underlying Complaint. See Marinelli Decl., at Exhibit 2, at p. 1.

Lastly, while plaintiff took issue with Defendant's statement - made upon information and belief -- Mr. Marinelli had only tried three federal civil rights cases, plaintiff conceded that Mr. Marinelli's name does not appear on the docket for three of the six federal cases Mr. Marinelli purported to try. Furthermore, while plaintiff took exception to Defendant's statement that Mr. Marinelli had only been handling federal civil rights cases for eight years, a review of PACER shows that prior to December 2008, Mr. Marinelli had only appeared on the docket for one case in either the Southern or Eastern Districts of New York, and in that one case Mr. Marinelli appeared as *pro bono* counsel in 2001. See Rosario v. Patterson, et al. 00-CV-6134 (SJ)(ASC).

Based upon the foregoing, Defendant submits that plaintiff should be awarded $43,694.00 in attorneys' fees and costs. Defendant thanks the Court its consideration herein.

Respectfully submitted,

/s

Evan Brustein and Ashley Garman
*Senior Counsels*

cc: **BY ECF**
Robert Marinelli, Esq.