UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NATIFAH COOPER,

                         Plaintiff,

              -against-                        **MEMORANDUM & ORDER**
                                                   14-CV-6136 (PKC)

POLICE OFFICER PAUL DIEUGENIA,

                        Defendant.
-----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        Before the Court is Plaintiff's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988. For the reasons stated herein, it is ordered that Plaintiff be awarded $112,380.00 in attorneys' fees and $1,219.00 in costs.

## BACKGROUND

        The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

        Plaintiff Natifah Cooper ("Plaintiff") brought this action on October 20, 2014 pursuant to 42 U.S.C. § 1983 against Defendant Police Officer Paul Dieugenia ("Dieugenia") and unidentified "Jane Doe Officers 1–10", based on events relating to Plaintiff's arrest on April 17, 2013. (Dkt. 1.) At that time, Plaintiff was solely represented by Robert Marinelli of Wright and Marinelli LLP. (*Id.*)

        On July 16, 2015, Plaintiff amended her complaint to add Police Officer Aleksandr Pasynkov ("Pasynkov") as a defendant. She alleged six causes of action against all Defendants: (1) unlawful stop and search; (2) false arrest; (3) excessive force; (4) denial of the right to a fair trial; (5) First Amendment retaliation; and (6) failure to intervene. (Amended Complaint, Dkt. 12, ¶¶ 36–57.) The parties attended an initial conference on May 7, 2015 and discovery closed on

December 18, 2015 after the parties were admonished by Magistrate Chief Judge Roanne L. Mann "for ignoring the Court's discovery and other deadlines." (Dkts. 9, 18.)

During discovery, three depositions were taken and approximately sixty-five pages of discovery were produced. (Declaration of Ashley Garman ("Garman Decl."), Dkt. 88, ¶ 3.) None of the depositions exceeded two hours in length, and their transcripts did not exceed eighty pages. (*Id.* at ¶¶ 7-12.) The day before discovery initially closed, Ryan Michael Lozar of the Law Offices of Ryan Lozar entered an appearance on behalf of Plaintiff. (Dkt. 20.)[1]

After discovery, Plaintiff withdrew her claims against the Doe Defendants. (4/26/2016 Minute Entry and Transcript; *see also* Dkt. 30.) Plaintiff also withdrew her First Amendment, false arrest, excessive force, and denial of a right to fair trial claims against Pasynkov, as well as her First Amendment retaliation claim against Dieugenia. (Dkts. 30, 31, 39; *see also* Summary Judgment Memorandum and Order, Dkt. 44, at 2 ("In her Amended Complaint, Plaintiff blanketly asserted all six causes of action against all of the Defendants. In rather helter-skelter fashion, Plaintiff thereafter voluntarily withdrew various claims against some of the Defendants.").) On June 7, 2016, Defendants Dieugenia and Pasynkov moved for partial summary judgment. (Dkt. 33.) On June 22, 2016, Plaintiff opposed the motion. (Dkt. 39.) On February 27, 2017, Defendants' motion for partial summary was granted in part and denied it in part. The Court granted summary judgment as to Plaintiff's claims of a denial of the right to a fair trial and failure to intervene against Dieugenia, and her unlawful stop and search claim as against Pasynkov. (*See* Dkt. 44.) The Court denied Defendants' motion for partial judgment as to Plaintiff's false arrest

---

[1] Discovery was briefly reopened between May 4 to July 20, 2017 to allow Plaintiff to produce a copy of her certified medical records. (Dkts. 46, 47, 48, 49.)

and unlawful stop and search claim against Dieugenia, as well as her failure to intervene claim against Pasynkov. (*Id.*)

On April 13, 2017, the parties filed a Joint Proposed Pretrial Order. (Dkt. 45.) On October 1, 2017, Juliene D. Munar of Wright and Marinelli LLP entered an appearance on behalf of Plaintiff. (Dkt. 64.) The jury trial in the matter lasted from October 2 until October 5, 2017. (Garman Decl. ¶ 15.) Before summations, Plaintiff withdrew her remaining claim against Pasynkov, and he was dismissed from the case. (*Id.* at ¶ 24; 10/03/2017 Minute Entry.) Plaintiff's three remaining claims against Dieugenia, for false arrest, unlawful stop and search, and use of excessive force, went to the jury. The jury ultimately awarded $30,000 in compensatory damages, but no punitive damages, to Plaintiff on her excessive force claim and found for Defendant Dieugenia on the other two claims. (Dkt. 71.)

Plaintiff filed the instant motion for fees and costs on December 26, 2017. (Dkt. 81.) Defendant filed his opposition on January 26, 2018. (Dkt. 87.) Plaintiff filed a reply on February 10, 2018. (Dkt. 90.) Plaintiff seeks a total of $206,880.25 in attorneys' fees and costs. (*Id.* at 20.)

## LEGAL STANDARD

In the Second Circuit, a "presumptively reasonable fee" must be calculated using the "lodestar" method, *i.e.*, multiplication of a reasonable hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). Reasonable hourly rates are informed in part by the rates "prevailing in the

3

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  A district court should "bear in mind all of the case-specific variables that [the court] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis omitted).  A "presumptively reasonable [attorneys'] fee boils down to what a reasonable, paying client would be willing to pay given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation and internal marks omitted).

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147−48 (2d Cir. 1983).  The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of New York*, 626 F.3d 130, 133−34 (2d Cir. 2010).  If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  "A district court is not, however, required to set forth item-by-item findings concerning what may be countless objections to individual billing items . . . and may either subtract uncompensable hours or use percentage reductions to eliminate excessive or duplicative hours." *Marshall v. Reisman*, No. 11-CV-5764, 2013 WL 1563335, at *4 (E.D.N.Y. Mar. 25, 2013), *report and recommendation adopted*, No. 11-CV-5764, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013) (internal citations and quotations omitted).

## DISCUSSION

### A. Rates

Plaintiff seeks reimbursement for her counsel at the following hourly rates: $425 per hour for Robert Marinelli ("Marinelli"), a partner who has been admitted to practice for 26 years and has eight years of specialized litigation experience in police misconduct matters; $300 per hour for Juliene Drei Munar ("Munar"), an associate attorney with four years' experience; and $400 per hour for Ryan Lozar ("Lozar"), a solo practitioner who has been admitted to practice for 14 years and has three years' experience focusing on Section 1983 litigation. (*See generally* Dkts. 83, 84, 85.)

The Court finds that the proposed rates for Marinelli and Lozar, $425 and $400 per hour, respectively, are somewhat higher compared to the rates usually approved in this district. *See Gortat v. Capala Bros.*, 07-CV-3629 (ILG), 2014 WL 3818614, at *7 (E.D.N.Y. Aug. 4, 2014), *rev'd in part on other grounds*, 795 F.3d 292 (2d Cir. 2015) ("[R]ates higher than $350 per hour are generally reserved for the unusually expert litigation of civil rights claims or other special circumstances[.]") (citations omitted); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.,* 10-CV-696 (KAM)(SMG), 2013 WL 950573, at *7 (E.D.N.Y. Mar. 12, 2013) (collecting cases) (finding that reasonable hourly rates in this district range from $300 to $400 for partners); *Brown v. Starrett City Assocs.,* 09-CV-3282 (JBW), 2011 WL 5118438, at *5 (E.D.N.Y. 2011); *Manzo v. Sovereign Motor Cars, Ltd.*, 08-CV-1229 (JG)(SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010), *aff'd*, 419 F. App'x 102 (2d Cir. 2011). After reviewing the rates awarded in prior cases and the evidence submitted by the parties, and taking into consideration the simple nature of the case as well as the Court's observations of the performance of counsel, the Court finds that an hourly rate of $325 for Marinelli and an hourly rate of $300 for Lozar are appropriate.

5

Likewise, the requested rate for Munar of $300 per hour is considerably higher than the generally approved rates in this district for attorneys with comparable experience. *See*, *e.g.*, *Lema v. Mugs Ale House Bar*, 12-CV-2182 (PKC)(JO), 2014 WL 1230010, at *5−6 (E.D.N.Y. Mar. 21, 2014) (approving hourly rates of $125 for associate with two years' experience, and $225 for an associate with six years' experience); *Jean v. Auto and Tire Spot Corp.*, 09-CV-5394 (ARR)(RLM), 2013 WL 2322834, at *7 (E.D.N.Y. May 28, 2013) (reducing the hourly rate for an associate with four years' experience from $225 to $200); *First Keystone Consultants*, 2013 WL 950573, at *7 (finding that reasonable hourly rates in this district range from $200 to $300 for senior associates and $100 to $200 for junior associates). Accordingly, the Court finds an hourly rate of $200 is appropriate for Ms. Munar's work.

### B. Hours

Plaintiff's counsel submits a total bill of 548.4 hours over the course of three years of litigation. Marinelli requests fees for 356.8 hours, 8 hours of which were billed for travel. (Dkt. 82, at 18; Dkt. 90, at 19.) Lozar requests fees for a total of 18.1 hours. (Dkt 84-1, ¶¶ 10-11; Dkt. 90, at 19.) Munar submits a bill for 173.5 hours, 4 hours of which was billed for travel. (Dkt. 83-5.)

First, Defendant asserts that Plaintiff should not be awarded fees for any work that did not involve the excessive force claim on which she prevailed at trial. (Dkt. 87.) This includes fees for Plaintiff's opposition to Defendants' summary judgment motion and her motion *in limine* relating to the unlawful stop and false arrest claim. (*Id.*) While the Court in its discretion may reduce Plaintiff's fees to reflect her limited success, Defendant's assertion that the fees spent on claims other than the excessive force claim can be "neatly divided", and should therefore be eliminated, lacks merit. *See Hensley*, 461 U.S. at 440 (1983) ("Where a lawsuit consists of related claims, a

6

plaintiff who has won substantial relief should not have his attorneys' fee reduced simply because the district court did not adopt each contention raised."). Here, Plaintiff's lawsuit "consist[ed] of related claims" concerning her arrest on the evening of April 7, 2013, which emanated from a single sequence of events, and none of the claims were "distinct in all respects" from her successful claim. (*Id.*)  As a result, the Court declines to exclude the hours spent on her unsuccessful claims.

Second, Defendants argue that Plaintiff's attorneys' fees should be discounted to reflect that Plaintiff abandoned many of her claims during the case and abandoned the remaining claim against one officer during trial. The Court rejects this argument. *See Green v. Torres,* 361 F.3d 96, 100 (2d Cir. 2004) (finding that claims raised in good faith but later withdrawn do not justify a fee reduction).  Plaintiff withdrew several of her claims against Pasynkov before trial, but her remaining failure to intervene claim against Pasynkov survived summary judgment, even though she subsequently withdrew the claim at trial. Plaintiff also withdrew only one of her claims against Dieugenia. As a result, the Court finds that Plaintiff did not "ple[ad] 'an overbroad case that [she] had no realistic expectation of ultimately proving.'" *Separ v. Nassau Cty. Dep't of Soc. Servs.*, 327 F. Supp. 2d 187, 191 (E.D.N.Y. 2004) (quoting *Green*, 361 F.3d at 100).

Third, Defendant argues that the 7.1 hours billed by Marinelli before the filing of Plaintiff's complaint related to Plaintiff's criminal case and, therefore, should be excluded. The Court finds that although Marinelli could have been more specific in his time entries from April 2013 to July 2014 (before the filing of Plaintiff's complaint in October 2014), the Court finds that the 7.1 hours that he billed for telephone calls with Plaintiff, meeting with Plaintiff and witnesses, and preparing releases and a retainer, are reasonable.

Nevertheless, the Court does find that counsel's requested fees are excessive. "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the

7

representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). This case, by counsel's own admission, was a simple one, and involved only minimal (and not particularly effective) summary judgment briefing by Plaintiff,[2] three short depositions, fewer than one hundred pages of paper discovery, and a four-day jury trial involving only six witnesses. (Dkt. 87, at 3-5.) Additionally, Marinelli billed a number of hours to legal research and other "numerous entries for tasks more appropriately handled by younger associates", such as drafting motions *in limine*, shepardizing cases, doing PACER searches, and even drafting this motion for attorneys' fees. (Dkt. 83-2); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301-02 (S.D.N.Y. 2001); *see also New Earthshell Corp. v. Jobookit Holdings Ltd.*, 14-CV-3602 (JMF), 2015 WL 2152681, at *2 (S.D.N.Y. May 7, 2015), *vacated and remanded on other grounds*, 634 F. App'x 44 (2d Cir. 2015) ("Legal research and first-draft writing are tasks that can and should be delegated to associates and not conducted by partners at the highest billing rates."). Finally, "many of the entries are vague and do not permit a thorough evaluation." *Shannon*, 156 F. Supp. 2d at 301 ("For example, the time sheets are replete with references to counsel's 'trial preparation', 'witness preparation', 'legal research', and 'office conferences'—most of which do not indicate the nature or subject matter of the work being

---

[2] Munar billed 40.8 hours researching, 18.1 hours drafting, and 29.7 hours revising and proofing a *nine*-page opposition to Defendants' partial summary judgment motion (Dkt. 83-5, at 1-3) and Marinelli billed another 41.4 hours for the same nine-page opposition and the corresponding five-page Rule 56.1 Statement (Dkt. 83-2, at 3). Despite the inordinate amount of time spent on the briefing, the Court noted in its Memorandum & Order that there were a number of arguments in Defendants' motion for summary judgment that Plaintiff "fail[ed] to argue [in response to], or justify." (Dkt. 44, at 19, 21, 22 n.5.) The Court also notes that counsel's initial brief in support of attorneys' fees was more than double the length of their summary judgment brief.

performed. These types of entries do not enable a court to determine whether the hours are duplicative or excessive and should not be allowed.").

Therefore, the Court awards attorneys' fees to Marinelli for 250 hours of work and 8 hours of travel at a rate of $325 per hour, to Lozar for 18.1 hours of work at a rate of $300 per hour, and to Munar for 120 hours of work and 4 hours of travel at a rate of $200. [3]

### C. Costs

Plaintiff is entitled to recover reasonable costs under the provisions of 42 U.S.C. § 1988. Plaintiff paid $400.00 in filing this case with the Court and $819.00 in serving Defendants with process. (Dkt. 83-1.) The Court finds these costs to be both reasonable and properly documented. *See John v. Demaio*, 15-CV-6094 (NCG)(CLP), 2016 WL 7469862, at *11 (E.D.N.Y. Sept. 29, 2016), *report and recommendation adopted*, 15-CV-6094, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016).

### CONCLUSION

For the reasons stated above, it is ordered that Plaintiff be awarded $112,380.00 in attorneys' fees and $1,219.00 in costs, for a total award of $113,599.00. The Clerk of the Court is respectfully requested to enter judgment. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 7, 2018
       Brooklyn, New York

---

[3] Both parties agree that travel time will be compensated at fifty percent of the attorney's hourly rate. (Dkt. 90, at 18.)