Index No. 14 CV 6136 (PKC) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATIFAH COOPER,

                                              Plaintiff,

-against-

PAUL DiEUGENIA,

                                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant DiEugenia*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nicholas Manningham*
*Tel: (212)256-2617*
*Matter No. 2015-002151*

## PRELIMINARY STATEMENT

This motion is limited to one issue: whether this Court should reconsider its stances in its Memorandum and Order ("Memo & Order") (Docket Entry No. 93) which granted plaintiff attorneys' fees for work done opposing defendants' summary judgment motion and motions in limine. Upon reconsideration, this Court should exclude the time spent on these two opposition motions because they dealt exclusively with unsuccessful claims, and, thus, are easily severable from hours spent on the lone successful claim.

## STANDARD OF LAW

Pursuant to Local Rule 6.3, a court may grant a motion for reconsideration where the moving party can point to controlling decisions or facts the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Anwar v. Fairfield Greench Ltd., No. 09 Civ. 118 (VM), 2010 U.S. Dist. LEXIS 123674, at *16-17 (S.D.N.Y. Nov. 16, 2010; SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006). When deciding a motion for reconsideration, "the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

## ARGUMENT

This Court misinterpreted defendant's argument and overlooked the fact that plaintiff's time spent opposing defendant's summary judgment motion and motions in limine—

which both dealt exclusively with unsuccessful claims—is easily severable from the time spent on plaintiff's successful claim for excessive force. This Court believed that defendant argued that "Plaintiff should not be awarded fees for <u>any</u> work that did not involve the excessive force claim on which she prevailed at trial." Memo & Order at p. 6 (emphasis added). However, defendant did not argue that plaintiff should not be awarded fees for any work that did not involve the excessive force claim. Defendant is aware of the fact that it would be extremely difficult, if not impossible, to separate time spent on unsuccessful claims during general litigation tasks such as drafting the pleadings, engaging in paper discovery, and depositions. Thus, defendant is not asking the Court to comb through these tasks and exclude work that did not include the excessive force claim. Rather, defendant argued that the time spent opposing the summary judgment motion and motions in limine should be excluded because those motions dealt exclusively with unsuccessful claims and, therefore, is easily severable from work done pursuing plaintiff's successful excessive force claim. Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees ("Defendant's Opp.") at pp. 8-9.

In calculating an award of attorney's fees under Section 1988, district courts must determine the lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) (quotation omitted). When "determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude . . . hours dedicated to severable unsuccessful claims." <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999). The Supreme Court has noted that this is because "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983) (quotation omitted). Further, the "congressional intent to limit awards

to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." Id.

Here, this Court should exclude the hours spent opposing defendants' summary judgment motion and motions in limine because those hours were not expended on the ultimately successful excessive force claim. Defendants' motion for partial summary judgment sought dismissal of all claims except for excessive force. See Docket Entry. Nos. 33-38. Similarly, plaintiff substantively only opposed defendants' motions in limine that sought reconsideration of the denial of defendants' motion to dismiss the unlawful stop and false arrest claims. See Dkt Entry No. 53. Thus, time devoted to these task is attributable solely to unsuccessful claims and should not be included when calculating the reasonable number of hours required by the case since it has nothing to do with plaintiff's successful excessive force claim.

It is true, however, that attorney's fees may be awarded for unsuccessful claims if "they are inextricably intertwined and involve a common core of facts or are based on related legal theories." Quaratino, 166 F.3d at 425. As the Second Circuit put it:

> [I]f the plaintiff won substantial relief, and all of his claims for relief 'involved a common core of facts' or were 'based on related legal theories,' so that 'much of counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis,' there should be a fee award for all time reasonably expended.

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998) (citing Hensley, 461 U.S. at 435) (emphasis added).

Here, it is not difficult for this Court to divide the hours expended on a claim-by-claim basis with respect to plaintiff's opposition to defendants' summary judgment motion and motions in limine. That entire time was spent on the unsuccessful claims—as opposed to time

3

spent on general litigation tasks which could have been intertwined between successful and unsuccessful claims. Here, it is easy to exclude the hours spent opposing the summary judgment and motions and limine because that work had absolutely no relation to the successful excessive force claim and was not necessary to achieve the ultimate results obtained. See Hensley, 461 U.S. at 440-41 (C.J. Burger, concurring) ("A district judge may not, in my view, authorize the payment of attorney's fees unless the attorney involved has established by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained"). In fact, by this Court's own account, the summary judgment opposition was not particularly effective despite the inordinate amount of time spent on it. Memo & Order at p. 8.

Thus, this Court should exclude the 146.9 hours spent on the summary judgment opposition and the 19.1 hours spent opposing the motions in limine. Based on the reasonable hourly rate awarded by this Court, the fee award should be reduced by $42,657.50.[1] This Court previously awarded plaintiff $112,380.00 in attorneys' fees, Memo & Order at p. 9, so, after subtracting the $42,547.50, plaintiff would still be entitled to an award of $69,722.50 in attorneys' fees.

---

[1] According to plaintiff's application for fees, Marinelli billed 55 hours opposing the summary judgment and 19.7 hours opposing the motions in limine. Dkt Entry No. 83, Ex. 2, at pp.3-4 (generally from 3/15/16 – 9/13/17) (note: this Court, in its Memo & Order, stated that Marinelli billed 41.4 hours for the summary judgment opposition and Rule 56.1 Statement). The Court granted Marinelli a rate of $325 per hour. Memo & Order at p. 9. Thus, this Court should reduce the fee award by **$24,277.50** for Marinelli's work opposing the summary judgment and motions in limine ((19.7 + 55) x 325 = 24,277.50). Further, Munar billed 91.9 hours opposing the summary judgment motion, see Dkt. Entry No. 83, Ex. 4, at pp. 1-3 (generally from 6/7/16 – 6/19/16), and was awarded a rate of $200 per hour. Memo & Order at p. 9. Thus, this Court should reduce the fee award by **$18,380.00** for Munar's work opposing the summary judgment motion (91.9 x 200 = 18,380). In total, then, this Court should reduce the fee award by **$42,657.50** (24,277.50 + 18,300 = 42,657.50).

4

## CONCLUSION

Section 1988 was designed to secure a fee that is "adequate to attract competent counsel, but that does not produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 897 (1984) (quoting S. Rep. No. 94-1011, p. 6 (1976), internal punctuation omitted); Perdue v. Kenny A., 559 U.S. 542, 552 (2010) ("Section 1988's aim is to enforce the covered civil rights statutes, not to provide 'a form of economic relief to improve the financial lot of attorneys.'") (citation omitted).  Here, awarding plaintiff attorneys' fees for work that was performed exclusively on the claims on which plaintiff did not prevail is contrary to Section 1988's goals and is simply a financial windfall for plaintiff's attorney taken from the pockets of the City taxpayers.  The Court should reconsider that portion of its decision awarding plaintiff attorneys' fees for work exclusively done on plaintiff's unsuccessful claims, and upon reconsideration, deny plaintiff attorneys' fees for work opposing the summary judgment motion and the motion in limine since that had nothing to do with the successful excessive force claim.

Dated:      New York, New York
            May 18, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant DiEugenia*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2617

                                  By:   _____
                                        Nicholas Manningham
                                        *Assistant Corporation Counsel*

cc:     VIA ECF
        Robert Marinelli, Esq.
        *Plaintiff's Counsel*